Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 1 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**Restatement (Second) of Torts § 158 (1965)**

Restatement of the Law - Torts | May 2023 Update

**Restatement (Second) of Torts**

**Division One. Intentional Harms to Persons, Land, and Chattels**

**Chapter 7. Invasions of the Interest in the Exclusive Possession of Land and Its Physical Condition (Trespass on Land)**

**Topic 1. Intentional Entries on Land**

## § 158 Liability for Intentional Intrusions on Land

Comment:

Reporter's Notes

Case Citations - by Jurisdiction

---

**One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally**

    **(a) enters land in the possession of the other, or causes a thing or a third person to do so, or**

    **(b) remains on the land, or**

    **(c) fails to remove from the land a thing which he is under a duty to remove.**

---

**See Reporter's Notes.**

**Comment:**

*a*. As to the distinction between trespass and nuisance, see the Scope and Introductory Note to Chapter 40.

*b. Meaning of "enters land."* Unless the context otherwise indicates, the phrase "enters land" is for convenience used throughout the Restatement of this Subject to include, not only coming upon land, but also remaining on it, and, in addition, to include the presence upon the land of a third person or thing which the actor has caused to be or to remain there.

*c. Meaning of "intrusion."* The word "intrusion" is used throughout the Restatement of this Subject to denote the fact that the possessor's interest in the exclusive possession of his land has been invaded by the presence of a person or thing upon it without the possessor's consent. It carries no implication that there is or is not some privilege derived otherwise than from the actor's consent which may prevent the intruder from becoming liable as a trespasser. The word "intrusion," therefore, describes a fact situation only. Whether the intruder is a trespasser and liable as such to the possessor depends upon the existence or

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 2 of 63

non-existence of a law-given, as contrasted with a consensual, privilege. If the possessor of land gives a consent to the actor's presence upon only a particular part of his land, the actor's intentional entry upon any other part of the land is an intrusion, and, if unprivileged, is a trespass.

*d*. The word "harm" is used in the sense in which it is defined in § 7, Comment *a*, and therefore does not include a materially harmless invasion of the interest of the possessor in the exclusive possession of his land. (See § 163.)

*e*. Conduct which would otherwise constitute a trespass is not a trespass if it is privileged. Such a privilege may be derived from the consent of the possessor (see §§ 167- 175), or may be given by law because of the purpose for which the actor acts or refrains from acting (see §§ 176- 211).

*f*. Tort liability is never imposed upon one who has neither done an act nor failed to perform a duty. Therefore, one whose presence on the land is not caused by any act of his own or by a failure on his part to perform a duty is not a trespasser.

---

**Illustrations:**

1. A, against B's will, forcibly carries B upon the land of C. A is a trespasser; B is not.

2. A tornado lifts A's properly constructed house from A's land and deposits it on B's land. This is not a trespass.

---

*g*. A trespass on land may be committed by an intrusion upon the surface of the land or beneath or above the surface. (See § 159.)

**Comment on Clause (a):**

*h*. *Personal entry by the actor.* A trespass by way of an entry by the actor in person may be a mere momentary invasion, as where one walks across another's field or flies in an airplane over another's house close to the roof, or it may be an invasion which continues for a more or less protracted period, as where a camper pitches his tent on another's meadow, or where one occupies a building which is on another's land.

*i*. *Causing entry of a thing.* The actor, without himself entering the land, may invade another's interest in its exclusive possession by throwing, propelling, or placing a thing either on or beneath the surface of the land or in the air space above it. Thus, in the absence of the possessor's consent or other privilege to do so, it is an actionable trespass to throw rubbish on another's land, even though he himself uses it as a dump heap, or to fire projectiles or to fly an advertising kite or balloon through the air above it, even though no harm is done to the land or to the possessor's enjoyment of it. In order that there may be a trespass under the rule stated in this Section, it is not necessary that the foreign matter should be thrown directly and immediately upon the other's land. It is enough that an act is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter. Thus one who so piles sand close to his boundary that by force of gravity alone it slides down onto his neighbor's land, or who so builds an embankment that during ordinary rainfalls the dirt from it is washed upon adjacent lands, becomes a trespasser on the other's land.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 3 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

---

**Illustrations:**

3. A intentionally throws a pail of water against a wall of B's house. A is a trespasser.

4. A intentionally drives a stray horse from his pasture into the pasture of his neighbor, B. A is a trespasser.

5. A erects a dam across a stream, thereby intentionally causing the water to back up and flood the land of B, an upper riparian proprietor. A is a trespasser.

6. A, on a public lake, intentionally discharges his shotgun over a point of land in B's possession, near the surface. The shot falls into the water on the other side. A is a trespasser.

---

*j. Causing entry of a third person.* If, by any act of his, the actor intentionally causes a third person to enter land, he is as fully liable as though he himself enters. Thus, if the actor has commanded or requested a third person to enter land in the possession of another, the actor is responsible for the third person's entry if it be a trespass. This is an application of the general principle that one who intentionally causes another to do an act is under the same liability as though he himself does the act in question. So too, one who by physical duress causes a third person to go upon the land of another or who carries the third person there against his will is liable as a trespasser, although the third person may not be liable. (See Comment *e* and Illustration 1.)

*k.* If the actor, entering in person, brings with him third persons or things, the presence of such third persons or things may be treated as an aggravation of the trespass committed by the actor's personal entry.

**Comment on Clause (b):**

*l. Failure to leave land.* A trespass on land may be by a failure of the actor to leave the land of which the other is in possession, or a part of such land. If the possessor of the land has consented to the actor's presence on the land, his failure to leave after the expiration of the license is a trespass (see §§ 171 and 176) unless his continued presence on the land is otherwise privileged, or unless it amounts to a disseisin (see § 162, Comment c). So too, if the actor has intruded in the exercise of a privilege conferred by law irrespective of the possessor's consent, he becomes a trespasser by remaining upon the land after the purpose for which the privilege has been given has been accomplished. Again, one who is forcibly carried onto the land by third persons becomes a trespasser if, after he regains his freedom, he fails to leave the land with reasonable expedition.

If the actor's entry was unprivileged, his remaining on the land may at the option of the possessor be treated as an aggravation of the original trespass of entering the land or, unless it amounts to a disseisin, as a continuing trespass which confers on the possessor a series of rights of action, unless and until the actor by his continued presence on the land disseises its possessor or acquires an easement in it.

*m. Continuing trespass.* An unprivileged remaining on land in another's possession is a continuing trespass for the entire time during which the actor wrongfully remains. Such a continuing trespass is to be distinguished from a series of separate trespasses on land, as where A habitually crosses B's field without a privilege to do so. Although the legal consequences of the two are

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 4 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

much alike, there are certain differences, as where a license is terminated by the death of a licensor without the knowledge of his licensee. (Compare § 160, Comment *f.*)

As to the circumstances under which the rule of continuing trespass is of peculiar importance, see § 160, Comments *h* and *i*, which Comments so far as they are pertinent are applicable here. If one, without a privilege to do so, enters or remains on land and at that time or thereafter disseises the possessor, the actor's conduct in remaining on the land after such disseisin is not a continuing trespass. (See § 162, Comment *c.*)

**Comment on Clause (c):**

*n.* See §§ 160 and 161 and the Comments thereon.

**Reporter's Notes**

This Section has been changed from the first Restatement by condensing it to conform to the shorter style of later Sections. No change in substance is intended.

Illustration 1 is taken from Smith v. Stone, Style 65, 82 Eng.Rep. 533 (1647). Compare Feiges v. Racine Dry Goods Co., 231 Wis. 270, 285 N.W. 799, 122 A.L.R. 272 (1939).

Illustration 2 is based on Livezey v. City of Philadelphia, 64 Pa. 106, 3 Am.Rep. 578 (1870), and Carter v. Thurston, 58 N.H. 104, 42 Am.Rep. 584 (1877). See also Hot Springs Lumber & Mfg. Co. v. Revercomb, 106 Va. 176, 55 S.E. 580, 9 L.R.A.N.S. 894 (1906).

Illustration 3 is taken from Prewitt v. Clayton, 5 T.B. Mon. (Ky.) 4 (1827). Cf. Wheeler v. Norton, 92 App.Div. 368, 86 N.Y.S. 1095 (1904).

Illustration 5 is based on Scheurich v. Empire Dist. Elec. Co., 188 S.W. 114 (Mo.1916); Judd v. Blakeman, 175 Ky. 848, 195 S.W. 119 (1917); Walter v. Wagner, 225 Ky. 255, 8 S.W.2d 421 (1928); Suter v. Wenatchee Water Power Co., 35 Wash. 1, 76 P. 298, 102 Am.St.Rep. 881 (1904); Butala v. Union Elec. Co., 70 Mont. 580, 226 P. 899 (1924); Norwood v. Eastern Oregon Land Co., 139 Ore. 25, 5 P.2d 1057 (1931), modified, 7 P.2d 996 (1932); Fleming v. Lockwood, 36 Mont. 384, 92 P. 962, 14 L.R.A.N.S. 628, 122 Am.St.Rep. 375, 13 Ann.Cas. 263 (1907).

Illustration 6 is based on Whittaker v. Stangvick, 100 Minn. 386, 111 N.W. 295, 10 L.R.A.N.S. 921, 117 Am.St.Rep. 703, 10 Ann.Cas. 528 (1907).

See also the following cases of causing a thing to go upon the surface of another's land: Hendershott v. City of Ottumwa, 46 Iowa 658, 26 Am.Rep. 182 (1877); Harford County v. Wise, 71 Md. 43, 18 A. 31 (1889); Piedmont & C.R. Co. v. McKenzie, 75 Md. 458, 24 A. 157 (1892); Gray v. Tobin, 259 Mass. 133, 156 N.E. 30 (1927); Hennessy v. City of Boston, 265 Mass. 559, 164 N.E. 470, 62 A.L.R. 780 (1929); Clark v. Wiles, 54 Mich. 323, 20 N.W. 63 (1884); Curtis v. Fruin-Colnon Contracting Co., 363 Mo. 676, 253 S.W.2d 158 (1952); Ellis v. Blue Mountain Forest Ass'n., 69 N.H. 385, 41 A. 856, 42 L.R.A. 570 (1898); Hutchinson v. Schimmelfeder, 40 Pa. 396, 80 Am.Dec. 582 (1861); Williams v. Columbus Prod. Co., 80 W.Va. 683, 93 S.E. 809, L.R.A. 1918B, 179 (1917).

*Comment j:* The Comment is supported by Hendrix v. Black, 132 Ark. 473, 201 S.W. 283, L.R.A. 1918D, 217 (1918); Powell v. Harris, 39 Ga.App. 295, 147 S.E. 189 (1929); Murrell v. Goodwill, 159 La. 1057, 106 So. 564 (1925); Sperry v. Hurd, 267 Mo. 628, 185 S.W. 170 (1916); Vandenburgh v. Truax, 4 Denio (N.Y.) 464, 47 Am. Dec. 268 (1847); Wetzel v. Satterwhite, 59 Tex.Civ.App. 1, 125 S.W. 93 (1910).

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 5 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

Compare cases where the actor has induced another to enter by false representations, as for example by a grant of the land or of a right to enter: Donovan v. Consolidated Coal Co., 187 Ill. 28, 58 N.E. 290, 79 Am.St.Rep. 206 (1900); State v. Smith, 78 Me. 260, 4 A. 412, 57 Am.Rep. 802 (1886); Sanborn v. Sturtevant, 17 Minn. 200 (1871); Kirby Lumber Co. v. Karpel, 233 F.2d 373 (5 Cir 1956); Darden v. McMillian, 93 Ga.App. 892, 93 S.E.2d 169 (1956). See also Castleberry v. Mack, 167 S.W.2d 489 (Ark.1943); State v. Lasiter, 352 S.W.2d 915 (Tex.Civ.App.1961), error dismissed.

*Comment l:*Under strict common law pleading redress for a wrongful failure to leave land would probably have been by action on the case. Under modern systems of pleading, where the distinction between trespass and case is largely eliminated, there are a number of cases in which the liability for trespass has been found. See, for example, Snedecor v. Pope, 143 Ala. 275, 39 So. 318 (1904); New Morgan C.B. & L. Ass'n v. Plemmons, 210 Ala. 286, 98 So. 12 (1923); Mackenzie v. Minis, 132 Ga. 323, 63 S.E. 900, 23 L.R.A. N.S. 1003, 16 Ann.Cas. 723 (1909); Ragain v. Stout, 182 Ill. 645, 55 N.E. 529 (1899); Concanan v. Boynton, 76 Iowa 543, 41 N.W. 213 (1889); Davis v. Stone, 120 Mass. 228 (1876); Mitchell v. Mitchell, 54 Minn. 301, 55 N.W. 1134 (1893); Rager v. McCloskey, 305 N.Y. 75, 111 N.E.2d 214 (1953), motion denied, 305 N.Y. 924, 114 N.E.2d 476; Wolf v. Buffalo House Wrecking Co., 10 Pa.D. & C. 350, 9 Erie Co. L.J. 127 (1928); Warner v. Hoisington, 42 Vt. 94 (1869); Case v. Knight, 129 Wash. 570, 225 P. 645 (1924); Brabazon v. Joannes Bros. Co., 231 Wis. 426, 286 N.W. 21 (1939).

**Case Citations - by Jurisdiction**

—

U.S.
C.A.1
C.A.2
C.A.3
C.A.4
C.A.5
C.A.6
C.A.7
C.A.8
C.A.9,
C.A.9
C.A.10,
C.A.11,
Ct.Fed.Cl.
N.D.Ala.
D.Alaska
D.Ariz.
E.D.Ark.
E.D.Ark.Bkrtcy.Ct.
S.D.Cal.
D.Colo.
D.Conn.
D.D.C.
M.D.Fla.
S.D.Fla.
D.Hawaii,
D.Idaho
S.D.Ind.
N.D.Iowa

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 6 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

S.D.Iowa

S.D.Iowa Bkrtcy.Ct.

W.D.Ky.

E.D.La.

W.D.La.

D.Me.

D.Md.

D.Mass.

D.Mass.Bkrtcy.Ct.

E.D.Mich.

D.Nev.

D.N.J.

D.N.M.

S.D.N.Y.

W.D.N.Y.

M.D.N.C.

S.D.Ohio

D.Or.

E.D.Pa.

E.D.Pa.Bkrtcy.Ct.

W.D.Pa.

D.P.R.

D.R.I.

D.R.I.Bkrtcy.Ct.

M.D.Tenn.Bkrtcy.Ct.

W.D.Tenn.

S.D.Tex.

D.Utah

D.Utah Bkrtcy.Ct.

E.D.Va.Bkrtcy.Ct.

W.D.Va.

D.V.I.

E.D.Wash.

W.D.Wash.

Ala.

Ala.App.

Ala.Civ.App.

Alaska,

Alaska

Ariz.

Ariz.App.

Ark.App.

Cal.App.

Colo.

Colo.App.

Conn.

Conn.Super.

Del.Ch.

D.C.App.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 7 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

Fla.App.

Hawaii App.

Ill.

Ill.App.

Ind.

Ind.App.

Iowa

Kan.

La.App.

Me.

Md.

Md.Spec.App.

Mass.App.

Mich.App.

Minn.

Miss.

Mo.App.

Mont.

Neb.

N.H.

N.J.

N.J.Super.

N.M.App.

N.Y.Sup.Ct.App.Div.

N.C.

N.C.App.

N.D.

Ohio

Ohio App.

Ohio Ct.Cl.

Okl.App.

Or.

Or.App.

Pa.

Pa.Super.

Pa.Cmwlth.

R.I.

S.C.App.

S.D.

Tex.

Tex.App.

Tex.Civ.App.

Utah,

Utah

Utah App.

Vt.

Wash.

Wash.App.

Wis.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 8 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

Wis.App.

Wyo.

**U.S.**

**U.S.**2019. Com. (m) quot. in sup. After his prison sentence was increased based on his past violent felonies, arrestee appealed his sentence, alleging that the district court erred in finding that his third-degree home invasion constituted a "burglary" under federal caselaw, because state home-invasion statutes penalized conduct more broadly than federal law by criminalizing the possession of intent to commit a crime while unlawfully remaining within, entering, or exiting a dwelling. The court of appeals affirmed. This court affirmed, holding, inter alia, that, for the purposes of federal statutes, a "burglary" occurred when a person had the intent to commit a crime at any time while unlawfully remaining in a dwelling. The court relied on Restatement Second of Torts § 158, Comment *m*, in defining "remaining" to mean a person continuing to trespass for the entire time during which he or she wrongfully is on the property. Quarles v. United States, 139 S.Ct. 1872, 1877.

**C.A.1**

**C.A.1,** 1998. Com. (c) cit. in disc. Condominium-complex maintenance employee brought personal-injury action against trash hauler to recover for injuries sustained when he fell into a hole while attempting to deposit dirt in a trash container located on complex property and serviced by defendant. The district court entered summary judgment for defendant on the ground that, even though defendant created the hole originally, it had no duty at this point to repair it. Affirming, this court held that any duty defendant owed plaintiff was discharged once defendant informed condominium complex of the damage it had done and paid for it; then, the only remaining duty was on the part of complex to inspect the repair and ensure that the premises were reasonably safe. De-Jesus-Adorno v. Browning Ferris of Puerto Rico, 160 F.3d 839, 843.

**C.A.1,** 1990. Cit. in disc. A city's liability insurers brought a declaratory judgment action that the pollution exclusion clauses in two insurance policies relieved them from defending or indemnifying the city with respect to a lawsuit against it by homeowners for damages from odors, gases, particulates, bright light, and loud noises caused by the city's operation of a sewage treatment plant. The district court entered summary judgment for the insurers. Reversing and remanding, this court held that the claims for bodily injury or property damage were not excluded from coverage by either policy and that the claim of liability for interference with quiet enjoyment and use of their home arising from any means alleged, including pollutants, fell within the personal injury coverage afforded by one of the policies and was not excluded by the pollution exclusion clause. The court, however, rejected the city's characterization of the homeowners' complaint as one for wrongful eviction or trespass, since there was no landlord-tenant relationship between the homeowners and the city and there was no allegation of intentional invasion of their property. Titan Holdings Syndicate v. City of Keene, N.H., 898 F.2d 265, 272.

**C.A.2**

**C.A.2,** 2008. Cit. in sup., com. (m) quot. in disc. and in ftn. Reorganized Chapter 11 debtor moved for an order barring landowner's claim that debtor's prepetition installation of fiber-optic cables along a railroad right-of-way that ran though his land was a trespass. The bankruptcy court granted debtor's motion, and the district court affirmed. Affirming, this court held that, to the extent that plaintiff's claim was viable under Kansas law, it was a prepetition claim that was discharged by confirmation of debtor's plan of reorganization. The court concluded, moreover, that, if Kansas were to recognize plaintiff's claim that each new light pulse transmitted through the cables gave rise to a new trespass action, it would require him to allege that the invasion had caused damage to his land; because he failed to do so, this claim failed irrespective of the bankruptcy discharge. In addition, with respect to the presence of the cables on plaintiff's land, any claim of continuing trespass existed prior to the filing of debtor's bankruptcy petition and was discharged by confirmation of its plan of reorganization. In re Worldcom, Inc., 546 F.3d 211, 217, 220, 221.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 9 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

### C.A.3

**C.A.3,** 2008. Cit. in case cit. in disc. Disabled-rights organization sued public transportation agency under the Americans with Disabilities Act (ADA) and the Rehabilitation Act, seeking to enjoin defendant to construct an elevator at a newly renovated subway entrance that lacked such an elevator. The district court granted summary judgment for defendant on limitations grounds. Reversing and remanding, this court held that the applicable statute of limitations accrued upon completion of the renovations, rather than when plaintiff discovered that the planned alterations would not include elevators. While stating that it would have been better if the parties had sought declaratory or injunctive relief before construction began in order to ensure ADA compliance, the court noted, as an illustration, that, even if a homeowner failed to seek available declaratory and injunctive relief to prevent a right-of-way trespass by a phone company, any trespass claim did not accrue until the moment of entry. Disabled in Action of Pennsylvania v. Southeastern Pennsylvania Transp. Authority, 539 F.3d 199, 216.

### C.A.4

**C.A.4,** 2009. Cit. in disc. Former employee sued former employers, alleging that defendants illegally accessed her personal e-mail account in violation of the Stored Communications Act (SCA). The district court entered judgment on a jury verdict awarding plaintiff statutory and punitive damages, costs, and attorney's fees. Vacating the statutory damages award and remanding, this court held that the district court erred in permitting the jury to award plaintiff statutory damages under the SCA without first requiring her to prove actual damages. The court rejected plaintiff's argument that the SCA was analogous to the common-law tort of trespass to land, which did not require proof of actual damages, explaining that the SCA more closely mirrored trespass to chattel, which did require such proof. Van Alstyne v. Electronic Scriptorium, Ltd., 560 F.3d 199, 207.

### C.A.5

**C.A.5,** 1997. Cit. in ftn. (Erron. cit. as § 258.) Property owners sued the owner of a neighboring tire factory for trespass, nuisance, strict liability, and negligence, alleging that the tire company blew carbon black onto their properties and introduced a plume of petroleum naphtha into the soil and water under their properties. The federal district court granted summary judgment for defendants on all claims except the naphtha trespass count. This court, inter alia, reversed in part and remanded for a trial on the air and particulate trespass and nuisance claims. Notwithstanding plaintiffs' failure to present expert testimony as to the identity of the substance on their properties, there was a jury question sufficient to withstand a summary-judgment motion as to whether the substance actually was carbon black. The court noted that if the particulates were some other substance, but the substance came from the defendants and caused harm, the test for trespass was met, for there was no requirement that the particulates be a regulated substance such as carbon black. Bradley v. Armstrong Rubber Co., 130 F.3d 168, 173.

**C.A.5,** 1992. Cit. in sup. Shipowner sued judgment creditor in trespass when creditor boarded ship to seize goods that it mistakenly believed had belonged to judgment debtor. This court affirmed the district court's judgment for creditor, holding that federal court could adopt common-law principles of trespass where no maritime rules existed. The court reasoned that creditor did not commit trespass because of its privilege for entry under a court order. Marastro Compania Naviera v. Canadian Maritime, 959 F.2d 49, 53, rehearing denied 963 F.2d 754 (5th Cir.1992).

### C.A.6

**C.A.6,** 1997. Subsec. (c) cit. in diss. op. A landowner who alleged that a massive leak of uranium from a nuclear processing facility had damaged and continued to damage his property sued the former operator of the facility for continuing trespass. The district court dismissed on limitations grounds. Affirming in part and reversing in part, this court held, inter alia, that plaintiff stated a claim for continuing trespass, since, under Ohio law, a claim for continuing trespass could be supported by proof of continuing damages and need not be based on allegations of continuing wrongful conduct. The dissent argued that plaintiff's

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 10 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

cause of action alleged a permanent-trespass claim that accrued upon the initial unlawful intrusion on plaintiff's property and thus was barred by the applicable statute of limitations. Nieman v. NLO, Inc., 108 F.3d 1546, 1565.

### C.A.7

**C.A.7,** 2016. Cit. and quot. in sup. Criminal defendant charged with federal armed robbery, inter alia, moved to suppress the firearm that was seized in a warrantless search by police officers of the common space in the basement of his apartment building. The district court denied defendant's motion to suppress. Affirming, this court held that to establish a Fourth Amendment violation requiring suppression there had to be some trespass upon defendant's property, and, here, there was no such trespass because defendant was not in possession of the common space. In the course of its discussion, the court looked to the definition of "trespass" set forth in Restatement Second of Torts § 158. U.S. v. Sweeney, 821 F.3d 893, 899.

**C.A.7,** 1998. Cit. in headnotes, cit. in disc. Landowner who inadvertently paid taxes on adjacent landowner's property sought reimbursement from adjacent landowner. Defendant counterclaimed that plaintiff's construction of a fence 20 feet into defendant's territory constituted a trespass. The district court entered judgment ordering defendant to make restitution, but denied its trespass claim on the ground that defendant was not entitled to damages because it did not notify plaintiff that the fence encroached on its land. Vacating and remanding, this court held, in part, that plaintiff's recovery was limited to the taxes it paid on defendant's behalf within the five years before filing suit; that, because trespass was a strict liability tort, defendant was not required to notify plaintiff of the encroaching fence; and that defendant was entitled to damages if it suffered monetary loss. Burns Philp Food v. Cavalea Continental Freight, 135 F.3d 526, 527, 529, on remand 1999 WL 262131 (N.D.Ill.1999).

**C.A.7,** 1989. Cit. generally in disc., subsec. (a) quot. in disc., com. (i) cit. in disc., com. (j) cit. in sup., illus. cit. generally in disc. A manufacturer of polychlorinated biphenyls (PCBs) sold its product to a city utility company. The manufacturer warned that the chemicals should not be discharged into the environment. When amounts of PCBs were found in the water sewer systems and two waste treatment facilities where the utility dumped its waste, the city sued both the utility company and the manufacturer for damages. After the utility company settled before trial, the city filed an amended complaint against the manufacturer alleging trespass, nuisance, abnormally dangerous activity, willful and wanton misconduct, RICO violations, and negligence. The district court dismissed all but the wanton misconduct and negligence claims, and the jury found in favor of the defendant. Affirming, this court held, inter alia, that the defendant lacked the requisite trespassory intent and was not liable for damages caused by its product once it left its ownership and possession. The defendant neither deposited the PCB wastes into the city property nor instructed the utility company to do so. City of Bloomington, Ind. v. Westinghouse Elec., 891 F.2d 611, 615.

### C.A.8

**C.A.8,** 2009. Cit. in sup. Electrical-power cooperative sued transmission-system operator and resale power group and its members in Iowa state court, raising state-law implied-contract and tort claims based on allegations that defendants had wrongfully used plaintiff's transmission system. Following removal, the federal district court denied plaintiff's motion to remand to state court. Reversing, this court held that adjudication of plaintiff's state-law claims did not necessarily depend on the resolution of a substantial question of federal law. The court concluded that an earlier agreement between plaintiff and one defendant's predecessor, which was on file with the Federal Energy Regulatory Commission, had no bearing on whether any defendant wrongfully dispossessed plaintiff of its property under any of the three state-law tort claims, because none of the defendants were a party to that earlier agreement. Central Iowa Power Co-op v. Midwest Independent Transmission System Operator, Inc., 561 F.3d 904, 914.

**C.A.8,** 1990. Quot. in disc., com. (i) cit. in disc. An owner of farm land, which lay adjacent to land held in trust by the United States for the Sioux Indians, sued the United States for damages after river waters washed out a man-made embankment, cutting a new channel across the plaintiff's property. The plaintiff alleged that the defendant was negligent in its maintenance of the embankment, that the defendant's refusal to repair the embankment constituted purposeful trespass by diverted water, and that the water flowing across his property constituted a nuisance. The district court granted summary judgment for the

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 11 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

defendant. Affirming, this court held, inter alia, that the district court did not err in concluding that there was no basis for holding the defendant liable because the defendant did not engage in affirmative action necessary to constitute a cause of action for trespassing by taking land upon which the embankment already existed and then electing not to repair the embankment after it deteriorated. Kruchten v. U.S., 914 F.2d 1106, 1109.

## C.A.9,

**C.A.9,** 2018. Com. (b) quot. in ftn. to conc. and diss. op. Animal-rights organization sued state attorney general, challenging the constitutionality of legislation that criminalized, among other things, the making of misrepresentations to access an agricultural-production facility and the making of audio or video recordings of such a facility without the owner's consent. The district court granted summary judgment for plaintiff and entered a permanent injunction against enforcement of the statute. This court affirmed in part, holding that the state's criminalization of misrepresentations to enter a facility and its ban on recordings of a facility's operations were unconstitutional. The concurring and dissenting opinion argued that one who intentionally entered land in the possession of another within the meaning of Restatement Second of Torts § 158 was subject to liability to the possessor for a trespass, even if his or her presence on the land caused no harm. Animal Legal Defense Fund v. Wasden, 878 F.3d 1184, 1205.

## C.A.9

**C.A.9,** 2009. Cit. and quot. in sup., quot. and applied in cases cit. in sup. United States, on its own behalf and as trustee on behalf of Native-American tribe, brought a trespass claim, inter alia, against homeowners, alleging that the ambulatory boundary encompassing tribal tideland property had, as a result of shoreline erosion, come to intersect shore-defense structures that homeowners had erected. The district court granted partial summary judgment on the trespass claim for plaintiff. Affirming as to this claim, this court held that plaintiff, not Washington state, held title to the tidelands; defendants did not have the right to permanently fix the property boundary by erecting the structures, absent consent from plaintiff or tribe; and the intent requirement for trespass was satisfied because plaintiff had requested that defendants remove the encroaching parts of the structures, but they had failed to do so. U.S. v. Milner, 583 F.3d 1174, 1182, 1183.

**C.A.9,** 1997. Quot. in case quot. in disc. Federal agents searched a ranch pursuant to a search warrant and a written contract with a television network, authorizing the filming and recording of the search. The network wanted footage of the discovery of evidence showing that the ranch owner was poisoning eagles. After the ranch owner was convicted of one misdemeanor count for using a pesticide in a manner inconsistent with its labeling and acquitted of three felony counts of killing an eagle, the ranch owner and his wife sued the network and the federal agents for violating their constitutional rights. They also asserted several state law claims, including trespass, conversion, and intentional infliction of emotional distress. The district court ruled that the federal agents were entitled to qualified immunity, that plaintiffs were collaterally estopped from litigating the reasonableness of the search, and that plaintiffs had no possessory interest in the ranch at the time of the search, because the government agents had temporary possession and control of the ranch during the search. Affirming in part and reversing in part, this court remanded the trespass claim. It stated that, although the ranch owner consented to the government agent's initial entry into the home, he never consented to the entry of the network-owned microphone that the agent wore. In addition, the network could not have benefited derivatively from the consent extended to the agent, because without a warrant the agent was not in control and possession of the home and therefore had no valid authority to supply the requisite consent. Berger v. Hanlon, 129 F.3d 505, 516, cert. denied 526 U.S. 1154, 119 S.Ct. 2039, 143 L.Ed.2d 1047 (1999).

## C.A.10,

**C.A.10,** 2018. Cit. in ftn. After gas company failed to acquire a renewal for a twenty-year easement for its underground gas pipelines, Native American equitable owners of land brought a lawsuit against gas company, alleging that defendant trespassed on plaintiffs' land by refusing to remove the pipelines. The district court granted plaintiffs' motion for partial summary judgment. This court affirmed in part, holding, inter alia, that defendant trespassed by refusing to remove the pipelines and had a duty to

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 12 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

remove the pipelines. The court noted that Oklahoma law did not analyze trespass torts the same way as Restatement Second of Torts § 158, because § 158, unlike Oklahoma law, classified a trespass as an intentional tort, and concluded that defendant trespass under Oklahoma law. Davilla v. Enable Midstream Partners L.P., 913 F.3d 959, 970.

## C.A.11,

**C.A.11,** 2019. Subsec. (a) quot. in sup. Former client filed a class action against attorney and law firm who sent him an unsolicited multimedia text message in violation of the Telephone Consumer Protection Act. The district court denied defendants' motion to dismiss for lack of standing. On interlocutory appeal, this court reversed and remanded, holding that the receipt of a single unsolicited text message sent in violation of a federal statute was not a concrete injury in fact that established standing to sue in federal court. The court reasoned, in part, that the intangible harm alleged by plaintiff did not have a close relationship to the generally accepted torts of trespass or nuisance under Restatement Second of Torts §§ 158 or 821D, because defendants' text message was not alleged to have infringed upon plaintiff's real property, either directly or indirectly. Salcedo v. Hanna, 936 F.3d 1162, 1171.

## Ct.Fed.Cl.

**Ct.Fed.Cl.**2018. Com. (e) quot. in sup. After the United States issued a notice of interim trail use on a segment of a defunct railroad, owners of land adjacent to the railroad brought a lawsuit against the United States, alleging that defendant effectively committed a taking of their land when it issued the notice, because the notice delayed plaintiffs' reversion of an easement that had been granted to defendant's predecessors. This court entered judgment for plaintiffs, holding that, under federal law, the totality of the circumstances indicated that defendant had taken plaintiffs' land by delaying plaintiffs' reversion of the land by several months. The court noted that plaintiffs also had a claim under Restatement Second of Torts §§ 157(c) and 158, Comment *e*, because, by issuing the notice, defendant remained on the land formerly constituting the easement, which amounted to trespass on the land. Caquelin v. United States, 140 Fed.Cl. 564, 585.

**Ct.Fed.Cl.**2012. Quot. in ftn. Lessee of a rock pit petitioned for a writ of prohibition and injunction to prohibit the federal district court from exercising any further authority over him and to enjoin the prosecutor, the district court, and the Mine Safety and Health Administration from arresting him again for violations of the federal Mine Safety and Health Act. In dismissing plaintiff's petition, this court noted that plaintiff's response to the government's motion to dismiss alleged for the first time that the government trespassed on his rock pit; since trespass was a tort, the court lacked subject-matter jurisdiction over plaintiff's trespass claim under the Tucker Act, which specifically excluded tort claims from the court's jurisdiction. Schrader v. U.S., 103 Fed.Cl. 92, 97.

## N.D.Ala.

**N.D.Ala.**1982. Com. (i) quot. in case quot. in disc. The plaintiffs charged that the defendant allowed DDT to seep from a drainage ditch into a creek, and subsequently, via fish eaten by the plaintiffs, into their bodies, resulting in physical and emotional injury. The complaint also charged injury to the land. The claims were based on nuisance, negligence, and willful and wanton misconduct. The defendant moved for summary judgment, asking that the court dismiss the plaintiffs' claims for damages from injuries suffered prior to the beginning of the applicable statutory limitations. The court held that the claims for negligence and nuisance were undisputably governed by the one-year statute of limitations. The court found that under Alabama law, a material issue of fact existed as to the applicable limitations period for the willful and wanton claims, precluding summary judgment. If the evidence showed that the defendant intentionally did acts which it could have reasonably foreseen would result in the invasion of the plaintiffs' property or person, the six-year statute of a pure trespass claim would likely apply, assuming substantial damage. The court further stated that there was no indication that the Alabama Supreme Court would limit this principle to trespass to land and not to person. Any damages which accrued prior to the beginning of the applicable statute of limitations were barred, and the applicable limitations period would begin to run on the date of exposure which resulted in more

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 13 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

than a de minimus injury, whether known or unknown or discoverable by a plaintiff. Summary judgment was denied. Cloud v. Olin Corp., 552 F.Supp. 528, 530.

### D.Alaska

**D.Alaska,** 2020. Com. (c) cit. in ftn. Insurer of insured property owner who had hired contractor to build a new home on his property sued insured and laborer who worked for contractor, seeking a declaration that it was not required to defend or indemnify insured against an underlying state-court action filed by laborer after he was injured on the job at the property. This court granted summary judgment for insurer, holding that the claims laborer asserted against insured in the underlying action were not covered under insured's policy. The court rejected insured's argument that laborer was a trespasser on his property, noting that, under Restatement Second of Torts §§ 158 and 892A, consent could be granted by either the possessor of the land or a third party acting with the possessor's authority, and contractor had asked laborer to work on the property. Capitol Specialty Insurance Corporation v. Kangas, 484 F.Supp.3d 708, 716.

### D.Ariz.

**D.Ariz.** 2012. Quot. in case quot. in sup. Borrower who had executed a deed of trust on her home to secure payment on a promissory note brought various claims against lender and servicing agent, after defendants initiated nonjudicial foreclosure proceedings and provided plaintiff notice that a trustee sale was scheduled; during the proceedings, plaintiff's temporary restraining order prohibiting defendants from foreclosing on the property lapsed and the home was sold at a trustee sale to a nonparty. Granting defendant's motion to dismiss plaintiff's complaint, this court held, inter alia, that plaintiff failed to state a claim for trespass under Arizona law. The court reasoned that plaintiff did not allege that defendants intentionally and wrongfully entered onto plaintiff's property, or caused a thing or a third person to do so, as required for a trespass claim. Moreover, under Arizona law, plaintiff's trespass claim was also barred by her failure to enjoin the trustee sale, which resulted in a waiver of all claims or objections regarding the sale, including her trespass claim. Snyder v. HSBC Bank, USA, N.A., 913 F.Supp.2d 755, 771.

### E.D.Ark.

**E.D.Ark.** 2005. Quot. in sup., cit. in case cit. in disc. Landlord sued former tenant that had leased landlord's property to operate gas station, alleging various causes of action stemming from release of harmful chemicals into soil and groundwater through underground storage tanks that had leaked. Tenant removed action to federal court and moved for dismissal and partial summary judgment. Dismissing landlord's trespass and nuisance claims, the court declared that tenant could not be held liable for trespass since tenant had landlord's authorization and consent to enter the property when leakage occurred. Furthermore, a person in lawful and exclusive possession of property, even a former long-term tenant, would not be held liable for trespass based on an act of contamination since the contamination, or intrusion, was not to the land of another. Patton v. TPI Petroleum, Inc., 356 F.Supp.2d 921, 930, 931.

### E.D.Ark.Bkrtcy.Ct.

**E.D.Ark.Bkrtcy.Ct.** 2007. Cit. in disc. Judgment creditor filed complaint to determine dischargeability of its state-court judgment awarding it damages against debtor for trespass on creditor's land and conversion of its timber. This court granted summary judgment for plaintiff, ruling that the compensatory, treble, and punitive damages awarded were all nondischargeable under the Bankruptcy Code. The court held that the state-court judgment necessarily determined that debtor willfully and maliciously injured plaintiff such that the doctrine of collateral estoppel precluded the court from finding otherwise. In re Harper, 378 B.R. 836, 843.

### S.D.Cal.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 14 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**S.D.Cal.**2008. Cit. in disc., cit. in ftn. in sup. Indian tribe sued federal government pursuant to the Federal Tort Claims Act for negligence and gross negligence, inter alia, alleging that, in furtherance of a pole-replacement and transmission-line-maintenance project, government contractors knowingly drove vehicles over and permanently scarred numerous cultural sites on plaintiff's reservation. Denying defendant's motion to dismiss these claims, this court held, inter alia, that plaintiff's citation to California law and various provisions from the Restatement Second of Torts was sufficient to indicate the existence of a duty by defendant to refrain from committing the acts alleged here. Quechan Indian Tribe v. U.S., 535 F.Supp.2d 1072, 1108.

**D.Colo.**

**D.Colo.**2003. Cit. in disc. Individuals and businesses who owned land or interests in land near a former nuclear-weapon-manufacturing plant owned by the United States sued the companies that once operated the plant under a government contract, alleging trespass, private nuisance, negligence, strict liability, outrageous conduct, and exemplary damages arising from the release of plutonium and other hazardous substances from the plant. This court entered an order deciding the issues and clarifying the scope of trial, holding, inter alia, that plaintiffs did not have to demonstrate that plutonium and other plant-derived contaminants were present on their properties at levels of toxicological concern or were otherwise causing damage to their properties in order to prevail on their trespass claim. Cook v. Rockwell Intern. Corp., 273 F.Supp.2d 1175, 1200.

**D.Colo.**1981. Cit. in disc. The defendant's residence encroached on land owned by the plaintiff which brought this action against the defendant seeking an order requiring the defendant to vacate the land which belonged to it permission to take possession and title to the improvements which the defendant had made on the land and seeking a judgment against the defendant for any reasonable expenses which may be incurred by the plaintiff in disposing of the improvements. The court stated that the plaintiff had title to the land and held that it was entitled to judgment as a matter of law. The court therefore granted the plaintiff's motion for summary judgment. The court stated that the United States can protect its lands against trespassers and defined trespass as an entry on another's real estate without the permission of or an invitation from the person lawfully entitled to possession. The court found that the defendant was a trespasser and that the defendant had no vested rights against the United States in the lands simply because the defendant occupied and had made improvements on the land. United States v. Osterlund, 505 F.Supp. 165, 167, order affirmed 671 F.2d 1267 (10th Cir.1982).

**D.Conn.**

**D.Conn.**2002. Quot. in case quot. in sup. After discovering a harmful chemical in their water wells, homeowners sued owner of neighboring gas station, alleging trespass, among other claims. Plaintiff argued that defendant's substantial certainty that its activity would result in entry of a foreign matter on plaintiffs' property was a trespass. This court denied in part defendant's motion for summary judgment, holding, inter alia, that there were fact issues as to whether defendant knew or should have known about contamination of plaintiffs' property. The court stated that substantial-certainty alternative under Restatement Second of Torts § 158 provided an inference of intent from what defendant knew or should have known about its activities. Martin v. Shell Oil Co., 180 F.Supp.2d 313, 326.

**D.D.C.**

**D.D.C.**2018. Com. (h) quot. in sup. Providers of campaign-related services sued two corporations and their employees for trespass and other claims, alleging that defendants infiltrated plaintiffs' offices by falsely representing themselves as potential donors or interns, where they stole confidential documents and secretly recorded hours of conversation. This court denied defendants' motions to dismiss, holding that plaintiffs adequately alleged that defendants interfered with plaintiffs' exclusive possession of the property in support of their trespass claim. The court rejected defendants' argument that they did not disrupt plaintiffs' exclusive possession of the property or damage the physical property in any way, noting that, under Restatement Second of Torts § 158, the degree of the alleged intrusion into a plaintiff's possessory interest had no bearing on the validity of a trespass claim. Democracy Partners v. Project Veritas Action Fund, 285 F.Supp.3d 109, 120.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 15 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**D.D.C.**2017. Com. (h) cit. in sup. Former arrestee—a 28-year-old man with intellectual disabilities who lived with his grandmother—and arrestee's grandmother sued arresting officer and others for trespass and other claims in connection with an incident in which officer followed arrestee home without any provocation or justification, entered plaintiffs' home without a warrant or consent, and then beat, kicked, and shocked arrestee with a stun gun before arresting him on a charge that was later nolle prosequied. This court denied defendants' motion to dismiss plaintiffs' trespass claim, holding that plaintiffs adequately alleged that officer intentionally entered plaintiffs' home and thereby interfered with plaintiffs' possessory interests. The court rejected defendants' argument that officer was only inside plaintiffs' home for several minutes, explaining that, under Restatement Second of Torts § 158, the degree of a defendant's alleged intrusion into a plaintiff's possessory interest had no bearing on the validity of a trespass claim. Robinson v. Farley, 264 F.Supp.3d 154, 164.

**D.D.C.**1996. Cit. in disc. as §§ 158-159. After oil company remediated contamination caused by underground gasoline-storage tanks, the gas-station operator sued the company, alleging that the land had become unusable. This court granted in part oil company's motion to dismiss, holding, inter alia, that plaintiff's claim that the release of petroleum products amounted to trespass failed to allege the critical element of intent and ignored the undisputed fact that the tanks were placed on the land by agreement. The court stated that plaintiff's claim that oil company trespassed when it dug wells and placed equipment on plaintiff's property was bare-bones pleading, and it noted that it could be necessary or appropriate for a defendant, pursuant to a privilege, to bring a chattel on the possessor's land or to erect a temporary structure there. Daily v. Exxon Corp., 930 F.Supp. 1, 2.

**D.D.C.**1973. Cit., com. (j) cit. in sup. Native villages, Indians, and Indian groups brought an action against certain federal officials for declaratory and injunctive relief against actions by defendants which allegedly violated plaintiffs' rights in Arctic slope lands and waters by facilitating allegedly unlawful transfers of land to the State of Alaska and by issuing purported authorizations for third-party trespasses on the lands and waters in question. The court granted in part and denied in part defendants' motions for summary judgment, holding, inter alia, that plaintiffs had a possessory interest in the land such as to allow them to maintain actions and recover damages for trespass thereon. Where plaintiffs enjoyed a right of occupancy, subject to extinction by act of Congress, in land owned by the government, which right was safeguarded from intrusion by third parties as an encumbrance on the fee, any third parties coming on to the land without plaintiffs' consent would be mere trespassers, as would be any officers who by purporting to give permission induced the third parties to enter the land. Hence, there accrued a cause of action for trespass against federal officers who authorized any entry onto the land prior to the time plaintiffs' right of occupancy was extinguished by Congressional action. Edwardsen v. Morton, 369 F.Supp. 1359, 1371.

## M.D.Fla.

**M.D.Fla.**2020. Cit. in sup. Recipient of a junk fax advertisement through an online service, which collected faxes on recipient's behalf and emailed them to recipient as attached PDFs, sued original sender of the fax, alleging that the fax violated the Telephone Consumer Protection Act. This court granted in part sender's motion for summary judgment, holding that recipient lacked standing, because its alleged harm—in the form of employee time wasted in reviewing the fax attached to the email, deciding it was junk, and dragging the email to a spam folder—did not constitute an injury in fact. The court reasoned, in part, that the emailed fax did not amount to a trespass or nuisance under Restatement Second of Torts § 158 or Restatement of Torts § 822, because those causes of action protected land, not chattels, and, in any event, the Act only prohibited the sending of unwanted ads to fax machines, not computers or other devices. Daisy, Inc. v. Mobile Mini, Inc., 489 F.Supp.3d 1287, 1294.

## S.D.Fla.

**S.D.Fla.**2018. Quot. in sup., quot. in case cit. in sup. After cruise-ship passengers were refused re-entry onto the cruise ship following a passenger's medical emergency, passengers brought a lawsuit against cruise line, alleging a trespass claim based on crewmembers' entry into plaintiffs' cabin and removal of their belongings. This court granted defendant's motion to dismiss, holding that defendant did not trespass onto plaintiffs' cabin, because plaintiffs never had possession of their cabin. The court cited Restatement Second of Torts §§ 157 and 158 in explaining that the express terms of plaintiffs' cruise ticket prohibited

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 16 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

plaintiffs from having possession of the cabin, because plaintiffs' control of the cabin was non-exclusive and was subordinate to defendant's power to enter the cabin at any time. Negron v. Celebrity Cruises, Inc., 360 F.Supp.3d 1358, 1363.

**D.Hawaii,**

**D.Hawaii,** 2013. Subsecs. (a) and (b) quot. in sup., com. (f) cit. in case cit. in sup. Mortgage borrower brought a claim for trespass, inter alia, against mortgage lender who foreclosed on plaintiff's property. Granting in part defendant's motion to dismiss, this court held that plaintiff insufficiently pled a claim for trespass. The court pointed out that the complaint did not contain allegations specific to plaintiff's trespass claim, but alleged that plaintiff lost title to and possession of his property as a result of defendant's foreclosure sale; accepting those allegations as true, after defendant purchased the property at the foreclosure sale, plaintiff no longer had an interest in the exclusive possession of the property, nor could he claim that defendant's presence on the property was the unauthorized entry onto the land of another. Lowther v. U.S. Bank, N.A., 971 F.Supp.2d 989, 1016.

**D.Idaho**

**D.Idaho,** 1992. Subsec. (a) cit. in sup. Landowners sued neighboring corporate landowner for excessive noise under theories of trespass and nuisance. Defendant moved for partial summary judgment on the trespass claim, which the court granted. The court held that plaintiffs could not prevail under the traditional trespass rule requiring direct and tangible property invasions, nor could they prevail under the modern trend allowing recovery for intangible invasions causing substantial property damage because reduction in property value due to noise was not enough without showing actual property damage. Mock v. Potlatch Corp., 786 F.Supp. 1545, 1548.

**S.D.Ind.**

**S.D.Ind.**1997. Cit. and quot. in disc. Purchasers of real property that was allegedly contaminated by seller's predecessor-in-interest sued seller for, inter alia, nuisance and trespass. Granting in part and denying in part defendant's motion for judgment on the pleadings, the court held that purchasers could not maintain a nuisance action against a prior owner of property based on actions undertaken on and alleged to have harmed the same property, and that there could be no liability for civil trespass based on a prior owner's alleged contamination of land that was in his possession at the time the harm occurred. Lilly Industries, Inc. v. Health-Chem Corp., 974 F.Supp. 702, 708.

**N.D.Iowa**

**N.D.Iowa,** 2011. Cit. in case cit. in disc. Consultant sued livestock businesses that hired it, two agents/owners/employees of businesses, and businesses' computer consulting firm, alleging, among other things, that defendants obtained and stored plaintiffs' personal, private e-mails in violation of the Stored Communications Act. Granting in part defendants' motion to dismiss, this court held that plaintiffs failed to adequately allege that certain defendants' access was unauthorized or intentionally exceeded any authorization. In making its decision, the court noted that plaintiffs' claim under the Act more closely mirrored the common-law claim of a trespass to chattel, within the meaning of Restatement Second of Torts § 218, than it did a common-law claim of trespass on land, within the meaning of Restatement Second of Torts §§ 158 and 163, and thus, statutory minimum damages could not be awarded on such a claim in the absence of proof of actual damages. Cornerstone Consultants, Inc. v. Production Input Solutions, L.L.C., 789 F.Supp.2d 1029, 1043.

**N.D.Iowa,** 2007. Subsecs. (a) and (b) quot. in disc., subsec. (c) quot. in ftn. Competitive local exchange carrier sued local exchange carrier over the parties' interconnection agreements to exchange local telephone calls between their respective networks, and defendant counterclaimed, for, in part, trespass, alleging that plaintiff failed to pay or reimburse defendant for its services. This court denied plaintiff's motion to dismiss the trespass counterclaims, holding, inter alia, that, despite plaintiff's argument that the claims were not based on any duty independent of contract, the claims alleged violation of possessory rights

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 17 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

in property, as required by the tort; additionally, defendant's allegation that plaintiff made unauthorized use of its property suggested not only violation of a contract but also the absence of a contract. McLeodUSA Telecommunications Services, Inc. v. Qwest Corp., 469 F.Supp.2d 677, 703.

### S.D.Iowa

**S.D.Iowa,** 2020. Subsecs. (a) and (b) quot. in case quot. in sup.; subsec. (c) quot. in case quot. in sup. Developer of a residential community on property that was formerly used as a military base filed an action under the Federal Tort Claims Act against the United States, the Department of Defense, and the Air Force, alleging that defendants improperly disposed of contaminants on the property. This court granted defendants' motion to dismiss for lack of subject-matter jurisdiction, holding, among other things, that plaintiff failed to state a plausible claim that defendants were liable for continuous trespass under Iowa law, because plaintiff could not show that it was in possession of the property when defendants allegedly disposed of the contaminants, as required to state a claim for trespass under Restatement Second of Torts § 158. GLJ, Inc. v. United States, 505 F.Supp.3d 863, 876.

**S.D.Iowa,** 2009. Cit. in case cit. in sup. §§ 157-158. Lessors of property on which a grain elevator was located filed a petition against lessee, which purchased the property at a sheriff's foreclosure sale, seeking, among other things, compensation for lessee's occupation and use of the property during the redemption period after the lease expired. This court denied lessee's motion for summary judgment on lessor's claims for rent, holding, inter alia, that lessors did not voluntarily relinquish their right to possess the grain elevator during the redemption period under the terms of the mortgage. The court noted that, under either the tort theory of trespass to land or the doctrine of unjust enrichment, lessors had to establish their possessory right in the property to recover damages resulting from lessee's possession of the property. Holliday v. DeBruce Grain, Inc., 650 F.Supp.2d 877, 882.

### S.D.Iowa Bkrtcy.Ct.

**S.D.Iowa Bkrtcy.Ct.** 2009. Subsec. (c) quot. in case quot. in sup. Executors of landowner's probate estate brought an adversary proceeding against Chapter 7 debtors who encroached on decedent's land when they built a pond and dam on their adjacent property, seeking damages and an exception from discharge for any resulting debt. This court held that Iowa's five-year statute of limitations for trespass claims barred any trespass action for construction of the pond and dam and removal of trees and shrubs; under Iowa law, the construction of this type of earthwork constituted a permanent change to the land that subjected debtors to a claim for damages in a single action. On the other hand, placement of old fence material and other debris on plaintiff's land when the pond was constructed, and placement of concrete and brick behind the dam for erosion control a year or two after the dam's construction constituted acts of continuing trespass, for which plaintiffs held claims for damages that arose within the previous five years. In re Hammen, 399 B.R. 867, 880.

### W.D.Ky.

**W.D.Ky.** 2004. Quot. in disc. Owners of property located within 10 miles of a uranium-enrichment facility sued government contractors pursuant to the Price-Anderson Act to recover damages for the alleged diminution in market value of their properties due to soil and groundwater contamination caused by the facility, asserting, in part, claims for trespass and nuisance. Granting defendants' motion for summary judgment, the court held, inter alia, that plaintiffs' trespass and nuisance claims failed because plaintiffs could not prove contamination at levels that posed a significant health risk. U.S. v. McCarthy, 298 F.Supp.2d 561, 567.

### E.D.La.

**E.D.La.** 2021. Cit. and quot. in sup., cit. in ftn. Barge owner sued lessee of a wind farm off the coast of Maryland, which had time chartered the barge to transport a meteorological mast to the wind farm from Louisiana, after the mast could not be installed, alleging a claim for maritime trespass based on lessee's failure to remove the mast from the barge, and a claim for

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 18 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

unjust enrichment based on owner's payment for storage until the mast could be removed from the barge. This court denied in part lessee's motion to dismiss, holding that barge owner stated a prima facie claim for trespass against lessee under Restatement Second of Torts § 158. The court pointed out that owner alleged that lessee trespassed on its barge by abandoning the mast there and refusing to remove it, despite owner's requests, depriving owner of the commercial use of its barge and causing damages. MARMAC, LLC v. InterMoor, Inc., 566 F.Supp.3d 559, 579.

**W.D.La.**

**W.D.La.**2001. Cit. in sup., quot. in ftn. in sup. Marshland owner sued dredging contractor for trespass, inter alia, alleging that material dredged from river contained toxic substances, and was deposited on its land without consent. Dredging contractor then brought an action seeking contribution or indemnity from the United States for the conduct of the Army Corps of Engineers, which maintained the ship channel, and the two cases were consolidated. Granting dredging contractor's motion for summary judgment against the United States, the court held that contractor was entitled to indemnification based on the general common-law rule that one who acted pursuant to directions of another and reasonably believed the directions to be lawful was entitled to indemnification. Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc., 182 F.Supp.2d 537, 545-548.

**D.Me.**

**D.Me.**2011. Subsec. (a) quot. in case quot. in sup. Homeowners brought a common-law trespass claim, inter alia, against operator of a cement-manufacturing facility near their home, alleging that fugitive dust and vibrations from defendant's facility were invading their property. This court entered judgment for defendant, holding that plaintiffs' common-law trespass claim failed, because plaintiffs did not prove that the dust or vibrations interfered with their possessory interest or caused substantial damage to their property. Darney v. Dragon Products Co., LLC, 771 F.Supp.2d 91, 105.

**D.Me.**2009. Com. (i) quot. in ftn. Homeowners brought common-law and statutory claims for trespass, inter alia, against operator of a cement-manufacturing plant. Denying defendant's motion for partial summary judgment as to the trespass claims, this court held that a genuine issue of material fact existed as to whether defendant acted with substantial certainty that its conduct would result in the presence of dust and vibrations on plaintiffs' property for the purpose of establishing intent under Maine law. The court noted that plaintiffs' filing of a prior suit against defendant in state court informed defendant of the substantial likelihood that its conduct was resulting in physical presence on plaintiffs' property, and thus defendant had knowingly operated with certainty sufficient to establish intent. Darney v. Dragon Products Co., LLC, 640 F.Supp.2d 117, 124.

**D.Md.**

**D.Md.**1982. Cit. in sup. The plaintiff automobile company brought an action against the defendant shipbuilding company to recover for damages allegedly caused to its vehicles by smoke and spray paint emanating from the defendant's property adjacent to the plaintiff's property. The plaintiff's complaint was based on the theories of trespass, nuisance, and negligence. The court first decided that general common law principles, not state law, would apply. The court then held that the plaintiff had failed to prove negligence on the part of the defendant for smoke damage because employees of the defendant were not responsible for the smoke emissions of ships owned by others. The smoke emissions did not amount to trespass, as they were unintentional. The damage caused by smoke was not a nuisance because the plaintiff had not sustained a "significant harm." The court did, however, find that the defendant was liable for the damages caused by spray paint. The painting was done by employees of the defendant in violation of company regulations, and this amounted to negligence. Nissan Motor Corp. v. Maryland Shipbuilding, Etc., 544 F.Supp. 1104, 1116, affirmed 742 F.2d 1449 (4th Cir.1984).

**D.Mass.**

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 19 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**D.Mass.**1995. Cit. in sup. United States sought injunction to prevent the continuing trespass of a property owner who built a tennis court partially on land owned by the federal government and controlled by the Army Corps of Engineers. Granting government's motion for summary judgment and issuing an injunction compelling property owner to remove his creation and restore the marshy land, the court held that property owner's encroachment constituted a trespass; government was not equitably estopped from requesting him to remove the structure; government's decision not to grant property owner an interest in its land was rational; and government did not discriminate against property owner on the basis of his affluence. U.S. v. Grabler, 907 F.Supp. 499, 502, affirmed 79 F.3d 1136 (1st Cir.1996).

**D.Mass.**1994. Cit. in case cit. in disc. Owner of commercial property sued previous owner under, inter alia, Massachusetts statute providing for recovery of diminution in property value caused by toxic waste contamination. Granting in part defendant's motion for summary judgment, the court held, inter alia, that plaintiff was barred from recovery because it failed to bring the action within the relevant statutory limitations period that began to run when plaintiff discovered or should reasonably have discovered that contamination had caused damage to the value of its property and that defendant had caused the damage. The court rejected plaintiff's argument that contamination of the property was analogous to a continuing trespass, stating that defendant's contamination of what at the time was its own property was not, and could not be, a continuing trespass. One Wheeler Road Associates v. Foxboro Co., 843 F.Supp. 792, 798.

**D.Mass.**1990. Cit. in disc. A property owner sued an oil company that had previously owned and operated a gasoline service station on the property, alleging that the company had contaminated the property by releasing hazardous materials. This court granted in part the defendant's motion to dismiss, holding, inter alia, that the plaintiff had alleged sufficient facts to state a claim under the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, but that the plaintiff could not assert claims for continuing nuisance, trespass, negligence, or strict liability. The court stated that the oil company's releases of oil on its land were not unprivileged, as it clearly was not intruding on land in the possession of another; thus, those releases could not constitute a trespass. It rejected the plaintiff's allegation that the oil company tortiously placed the oil on the land and thus committed a trespass within the meaning of Torts 2d § 161(1). The plaintiff failed to state any facts or allege any claims that would subject the oil company to liability under the law of torts. Wellesley Hills Realty Trust v. Mobil Oil Corp., 747 F.Supp. 93, 99.

**D.Mass.**1988. Quot. in ftn. A water company and a drinking water supplier sued a seller of dairy products under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), alleging that chemical discharges from the defendant's ground contaminated their wells. The court entered judgment for the defendant, finding that the plaintiffs failed to meet their burden of showing, by a preponderance of the evidence, that the defendant's ground was the source of the contamination. The court explained that causation was an essential element of the CERCLA claim, and would have been essential even if the plaintiffs had brought a common law claim of private nuisance, trespass, negligence, or ultrahazardous activity. Dedham Water Co. v. Cumberland Farms, Inc., 689 F.Supp. 1223, 1227, reversed 889 F.2d 1146 (1st Cir.1989).

**D.Mass.Bkrtcy.Ct.**

**D.Mass.Bkrtcy.Ct.**2013. Cit. and quot. in sup. Administrator of decedent's estate brought an adversary proceeding against Chapter 7 debtor who was the devisee of a portion of decedent's farm under decedent's will, seeking a determination that debtor's debt owed to the estate, as evidenced by various probate court judgments holding debtor liable for contempt based on her continued use of the farm in excess of the devise, was excepted from discharge on the ground of willful and malicious injury. After a bench trial, this court held that the debt was nondischargeable, because plaintiff had established by a preponderance of the evidence that it was the result of debtor's willful and malicious injury to the estate. The court reasoned, in part, that following the entry of the probate court's first contempt judgment, debtor's actions in repeatedly entering and using portions of the estate's land, storing her animals and equipment there, and failing to remove her property for years constituted intentional and continuous trespass on the estate's property. In re Hughes-Birch, 499 B.R. 134, 151.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 20 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**E.D.Mich.**

**E.D.Mich.**1974. Com. cit. in sup. Plaintiff-trustee brought suit to recover for damages incurred when portions of plaintiff-railroad's tracks were destroyed in a washout at the site of a defendant-owned dam. Both plaintiff's suit and defendant's countersuit were dismissed. Plaintiff failed to prove that the City of Ann Arbor was in any way negligent. Absent an intentional trespass or nuisance, plaintiff must show some negligence or intention to release damaging, impounded waters. There was not a sufficient showing of either an intentional or negligent act or omission, the natural consequence of which was the flooding of plaintiff's property. As to defendant's counterclaim, there was no proof of a causal relationship between the presence of the railroad bridges and the flooding of defendant's property. Additionally, there was no evidence of negligence in the design, construction, inspection, or maintenance of the bridges. Baker v. Ann Arbor, 381 F.Supp. 547, 550.

**D.Nev.**

**D.Nev.**1995. Cit. in sup. United States Forest Service sought to enjoin livestock owners from using federal lands for their unauthorized cattle-grazing activity. Although owners had once held a valid grazing permit, it was revoked for failure to comply with stated terms and conditions. Forest Service moved for summary judgment. Granting the motion and issuing a permanent injunction, the court held that livestock owners were trespassers upon land to which the federal government had title and the right of administration. Furthermore, where owners refused to acknowledge federal ownership, they could not sustain a necessity defense. U.S. v. Gardner, 903 F.Supp. 1394, 1402.

**D.N.J.**

**D.N.J.**2021. Quot. in case quot. in sup. Town residents brought a putative class action against polymer plant operators, alleging, inter alia, that defendants trespassed onto plaintiffs' property when they improperly disposed of industrial chemicals into the municipal water supply. This court denied in part defendants' motion to dismiss, holding that plaintiffs alleged sufficient facts for their trespass claim. The court relied on Restatement Second of Torts § 158 in defining the elements of a trespass claim, and explained that plaintiffs satisfactorily alleged that defendants negligently, recklessly, or intentionally discharged chemicals into their homes through the water supply without their consent and that they were harmed by the contamination. Severa v. Solvay Specialty Polymers USA, LLC, 524 F.Supp.3d 381, 398.

**D.N.M.**

**D.N.M.**2019. Com. (*i*) cit. in disc. Consumer filed, inter alia, claims for trespass to chattels against seller of a discounted medical-benefit plan and insurance broker, alleging that broker, acting on behalf of seller, repeatedly called and texted her cellular telephone number with a pre-recorded message or artificial voice without her consent, even though she did not have a business relationship with seller or broker and had registered her number with the National Do Not Call Registry. This court denied in part seller's motion to dismiss, holding that consumer stated a claim against it for trespass to chattels. The court rejected seller's argument that consumer could not state such a claim under Restatement Second of Torts §§ 158 and 217 because neither seller nor broker physically contacted or interfered with her telephone, predicting that the Supreme Court of New Mexico would adopt an approach permitting more liberal recovery and recognizing a trespass-to-chattels claim based on allegations that a plaintiff received unwanted electronic communications from a defendant. Mohon v. Agentra LLC, 400 F.Supp.3d 1189, 1202.

**D.N.M.**1994. Quot. in part in disc. Owner of land adjoining a railroad-tie treatment site sued the site owner for injunctive and pecuniary relief, alleging that site owner's activities resulted in pollution of landowner's groundwater. Granting in part and denying in part defendant's motion for summary judgment, the court held, inter alia, that, under New Mexico law, a fact issue existed as to whether contamination of the aquifer underlying one of plaintiff's tracts impaired the use and enjoyment of all the tracts. Schwartzman, Inc. v. Atchison, Topeka & Santa Fe Ry. Co., 857 F.Supp. 838, 844.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 21 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**S.D.N.Y.**

**S.D.N.Y.**2014. Cit. in case cit. in ftn. Citizens brought a trespass claim, inter alia, against sewer district, alleging that district polluted a local river and the polluted water encroached on their properties. This court granted summary judgment for defendant, holding that plaintiffs' bald assertion that, because defendant failed to comply with permitting requirements, its spills were necessarily intentional, failed to provide a basis for their trespass claim. In its discussion, the court cited Restatement Second of Torts § 158, pointing out that one was subject to liability for trespass if he intentionally entered land in the possession of another, caused a thing or a third person to do so, remained on the land, or failed to remove from the land a thing which he was under a duty to remove. Borough of Upper Saddle River, N.J. v. Rockland County Sewer Dist. #1, 16 F.Supp.3d 294, 338.

**S.D.N.Y.**2006. Quot. in ftn. Residents brought putative class action against operator of gasoline station and gasoline company, alleging that leakage of gasoline containing the additive MTBE from defendants' underground storage tanks contaminated an aquifer from which plaintiffs drew their drinking-water supply. Denying defendants' motions to dismiss, this court held, inter alia, that plaintiffs could proceed with their trespass claim. The court rejected defendants' argument that plaintiffs failed to state a claim for trespass because, under the "American Rule" of water rights, landowners did not have exclusive possessory interest in the groundwater underneath their lands. The court reasoned that, under the Restatement, a trespass could be committed on or beneath the surface of the earth. In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 457 F.Supp.2d 298, 312.

**S.D.N.Y.**2005. Com. (b) cit. in case quot. in ftn. Well owners sued petroleum companies and gasoline retailer for trespass, among other claims, seeking relief from defendants' alleged contamination of groundwater with the gasoline additive MTBE. Denying defendants' motion to dismiss the trespass claim, this court held that plaintiffs' allegations that defendants negligently, recklessly, and/or intentionally released, spilled, and/or failed to properly control, handle, store, contain, and use gasoline containing MTBE, that defendants entered plaintiffs' land by causing it to be contaminated with gasoline containing MTBE, and that, as a direct and proximate result, plaintiffs were damaged were sufficient to state a claim for intentional trespass as well as a claim for negligent or reckless trespass. In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 415 F.Supp.2d 261, 276.

**S.D.N.Y.**2005. Com. (h) quot. in case quot. in sup. and cit. in ftn., com. (i) cit. in ftn. Several municipalities and water suppliers brought consolidated multidistrict action against gasoline producers, seeking relief from actual or possible groundwater contamination from producers' use of the gasoline additive methyl tertiary butyl ether (MTBE). Denying defendants' motions to dismiss the complaints of plaintiffs in Vermont, Virginia, and West Virginia, as well as New York, this court held, inter alia, that plaintiffs adequately stated a cause of action for trespass, as they showed that defendants knew with substantial certainty that MTBE would enter and pollute plaintiffs' property and underlying groundwater due to the frequent leaks and spills that accompanied refining and distributing gasoline containing MTBE, yet intentionally continued this activity despite this knowledge. In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation, 379 F.Supp.2d 348, 426, 441.

**W.D.N.Y.**

**W.D.N.Y.**1983. Cit. in sup. The plaintiff brought an action against various utilities, the former operator of a nuclear fuels disposal and reprocessing center,a nd the operator's parent, alleging liability for removal of spent nuclear fuel stored at the center with the plaintiff's predecessor. The plaintiff explicitly retained a right to store spent nuclear fuel at the center, to control all conditions of such storage, and to terminate such storage if so desired. The plaintiff contended, inter alia, that it was entitled to a declaratory judgment that, due to the continued presence of their spent fuel at the center, the utilities were trespassers and as such were liable for prompt removal of the fuel and for damages. The utilities argued that the continued presence of their spent fuel could not be a trespass because the fuel was originally placed there pursuant to a bailment, and the plaintiff had become a successor bailee to its predecessor. The court responded that if indeed there was a bailment with the plaintiff's predecessor, it was necessarily terminated either by breach of contract or impossibility of performance when the predecessor relinquished control over the spent fuel. Only if the plaintiff could be held to have assumed the relationship of bailee to the utilities might the

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 22 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

defendants' theory apply to defeat the trespass claim. Alternatively, the utilities argued that the continued presence of the fuel was justified by either public or private necessity and was therefore not a trespass. The court, however, was unconvinced by the defendants' argument, noting that the word "necessary" suggested an emergency situation, which was not the case here. The court concluded that the defendants raised no valid objections to the plaintiff's demand for partial summary judgment declaring the defendants trespassers and liable for the removal of their spent fuel from the center. The court also held the defendants liable for continued storage charges under a theory of unjust enrichment. The court granted the plaintiff's motions for partial summary judgment on the trespass and unjust enrichment claims to the extent that they pertained to the period after the plaintiff's takeover of the center. N.Y. St. Energy R. & D. Auth. v. Nuclear Fuel Serv., 561 F.Supp. 954, 967, 974.

**M.D.N.C.**

**M.D.N.C.**1999. Cit. in disc. Property owners sued quarry operator for, inter alia, trespass, alleging that dust and rock particles generated as a result of defendant's blasting had damaged their homes. Entering partial summary judgment for defendant, the court held, in part, that even if plaintiffs had suffered a physical invasion of their land, they had failed to produce evidence from which a jury could infer that the blasting was a probable cause of any harm. Hoffman v. Vulcan Materials Co., 91 F.Supp.2d 881, 887.

**M.D.N.C.**1996. Cit. in case cit. in disc. Grocery store sued television network and two network employees for, inter alia, fraud and trespass, alleging that employees applied for positions at two of plaintiff's stores for the purpose of gaining access to store areas that were generally off-limits to the public. Once inside, plaintiff contended, employees used hidden cameras to record footage for use in an expose that was later broadcast on one of defendant's prime-time news programs. All parties moved for summary judgment. Denying the motions, the court held that material factual issues existed as to whether plaintiff was injured as a result of the misrepresentations employees made in their employment applications, whether plaintiff's consent to employees' entry on the premises was induced by misrepresentation or mistake and, if so, whether consent was negated or its scope exceeded such that plaintiff could recover under a theory of trespass. Food Lion, Inc. v. Capital Cities/ABC, Inc., 951 F.Supp. 1217, 1221.

**S.D.Ohio**

**S.D.Ohio,** 1990. Quot. in disc. A physician sued a county, a city, and both county and city officials after a county sheriff's deputies forcibly entered and unreasonably searched in violation of the Fourth Amendment the physician's office to serve capiases for arrest on two of his employees. After a series of state and federal proceedings, the district court entered judgment for the plaintiff. The intermediate appellate court vacated the decision and remanded for further findings of fact as to the sources and amounts of the injuries to the plaintiff's financial and emotional conditions. This court determined, inter alia, that the plaintiff's § 1983 action charged the defendant with a Fourth Amendment violation analogous to the common-law tort of trespass, and that damages flowing from the constitutional deprivation must be analyzed according to Ohio common-law principles. The plaintiff could not recover damages for emotional stress or lost business revenue under Ohio law because the plaintiff failed to prove that the emotional stress or lost business revenue complained of was proximately caused by the defendants' trespass and civil rights violation. Pembaur v. City of Cincinnati, 745 F.Supp. 446, 456.

**D.Or.**

**D.Or.**2015. Quot. in sup., cit. in cases cit. in sup. Telecommunications-facility operator that leased property from the U.S. Forest Service brought an action against the Forest Service, alleging that defendant's decision to revoke or decline to renew plaintiff's leases was arbitrary and capricious; defendant filed a counterclaim, alleging, inter alia, that plaintiff was trespassing by continuing its operations on the property without authorization. This court granted defendant's motion for a preliminary injunction, holding that plaintiff was trespassing and was required to remove its equipment and facilities from the site. The court relied on Restatement Second of Torts § 158 in determining that plaintiff was trespassing because, after plaintiff was notified by defendant that its leases had expired, plaintiff remained on the property without authorization, did not remove its

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 23 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

facilities, and allowed a third party to install equipment on the property. Western Radio Services Company, Inc. v. Allen, 147 F.Supp.3d 1132, 1144.

**E.D.Pa.**

**E.D.Pa.**2019. Subsec. (a) quot. in sup. Homeowners who agreed to allow pipeline owner to expand its easement on their property filed trespass and other claims against pipeline owner after its excavation activities in the easement area caused a sinkhole and channeled water from the pipeline into their home. This court denied in part defendant's motion to dismiss, holding that plaintiffs alleged facts that plausibly gave rise to a claim for trespass. The court explained that, under Restatement Second of Torts § 158, civil trespass occurred when a party intentionally entered land in the possession of another, or caused a thing or a third person to do so, and pointed to plaintiffs' allegations that defendant improperly constructed the pipelines, and, in doing so, diverted surface and subsurface waters onto plaintiffs' property and into their home. Marcum v. Columbia Gas Transmission, LLC, 423 F.Supp.3d 115, 126.

**E.D.Pa.**2017. Subsec. (a) quot. in sup.; com. (*i*) quot. in case quot. in sup.; illus. 3 quot. in sup. Owner of a shopping center sued owner of a railroad that was built by defendant's predecessor in a right-of-way adjacent to plaintiff's property more than a century ago, seeking to hold defendant liable for storm water from the right-of-way that began flooding plaintiff's parking lot within the past decade. After a bench trial, this court entered judgment in favor of defendant, holding that plaintiff had not satisfied its burden to prove by a preponderance of the evidence that defendant was liable for the flooding under a continuing-trespass theory. The court reasoned, in part, that, even if defendant's predecessor changed the flow of water on the right-of-way when it built the railroad, plaintiff could not prevail on its continuing-trespass claim, because it did not show that defendant's predecessor acted with the intent to cause water to enter plaintiff's property, as required to state a claim for trespass under Restatement Second of Torts § 158. MD Mall Associates, LLC v. CSX Transportation, Inc., 288 F.Supp.3d 565, 586, 588.

**E.D.Pa.**2012. Sec. and subsec. (a) cit. in sup. Following the warrantless entry and search of their home by federal-law-enforcement agents who were seeking a fugitive, residents brought a state-law claim for trespass, inter alia, against the United States pursuant to the Federal Tort Claims Act (FTCA). Granting the government's motion to dismiss this claim, this court held, among other things, that, to the extent that plaintiffs asserted an intentional trespass under Pennsylvania law, which was a strict-liability claim, their claim failed for lack of subject-matter jurisdiction, because the FTCA had not waived the government's immunity as to strict-liability claims. The court noted that Pennsylvania defined trespass as an unprivileged, intentional intrusion upon land in possession of another. Muhammad v. U.S., 884 F.Supp.2d 306, 316.

**E.D.Pa.**2003. Cit. and quot. in sup., quot. in ftn., com. (f) quot. in sup., com. (j) cit. in case cit. in sup. After United States brought environmental-cleanup and cost-recovery action against potentially responsible parties (PRPs), and sought injunctive relief, remediation, and reimbursement, PRPs filed third-party suit against city and manufacturer of hazardous chemical, seeking contribution and response costs. This court granted in part third-party defendants' motions for summary judgment, holding that third-party plaintiffs' claim for common-law trespass failed, because manufacturer did not deposit or compel another to deposit PCB wastes at the site. Moreover, the court had already found that manufacturer could not reasonably have foreseen that its product would be deposited at the site. U.S. v. Union Corp., 277 F.Supp.2d 478, 495, 496.

**E.D.Pa.**1994. Cit. in sup. A bus company sued its competitor, seeking injunctive relief under theories of trespass and public nuisance to prevent the competitor from driving its buses over the plaintiff's property and to prevent the competitor's "hawkers" from trespassing on the plaintiff's terminal property. This court, granting an injunction based on the trespass claim but not on the public nuisance claim, held, inter alia, that, under Pennsylvania law, driving of buses over plaintiff's property, entering plaintiff's terminal, and standing or marching on the steps of the terminal to lure customers away were intentional activities that threatened irreparable harm, and public safety would be enhanced only by ensuring that only the legal possessors of the property would be traversing it. Greyhound Lines, Inc. v. Peter Pan Bus Lines, Inc., 845 F.Supp. 295, 301.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 24 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**E.D.Pa.Bkrtcy.Ct.**

**E.D.Pa.Bkrtcy.Ct.**2020. Quot. in case quot. in sup. Creditor brought an adversary action against Chapter 7 debtor, seeking to except from discharge a judgment obtained in state court against debtor, alleging that the judgment arose from debtor's willful and malicious actions in contempt of a state-court order when he failed to demolish or remove his mobile home located on creditor's property after he was unable to pay rent to creditor and was ejected from the premises. This court entered judgment for debtor, holding that debtor's conduct did not cause willful and malicious injury to creditor. The court rejected creditor's assertion relying on Restatement Second of Torts §§ 158 and 161(2) that debtor's conduct was willful and malicious because his trespass on plaintiff's property by failing to remove the mobile home was intentional, and explained that the fact that debtor was financially destitute, spoke and read minimal English, and offered to surrender the mobile home to creditor for free upon his ejection indicated that his actions that injured creditor were not deliberate and thus not intentional. In re Tzabari, 622 B.R. 332, 345.

**W.D.Pa.**

**W.D.Pa.**2018. Cit. in sup. (general cite), cit. in case quot. in sup.; subsec. (a) quot. in case quot. in sup. Owner of a new car that was repossessed with no notice or court order after plaintiff requested to defer payments brought an action against, inter alia, repossession company, alleging claims of trespass and trespass to chattels. This court denied defendants' motion to dismiss, holding, inter alia, that plaintiff's allegations that defendants entered her private property, remained there after they were asked to leave, and breached the peace by involving police supported a plausible claim for trespass. The court noted that Pennsylvania followed Restatement Second of Torts § 158 for trespass claims. Hyman v. Capital One Auto Finance, 306 F.Supp.3d 756, 766, 767.

**W.D.Pa.**1982. Quot. in disc. Nonunion companies as neutral or secondary employers filed a civil action against a labor organization for money damages, alleging that the union had violated the National Labor Relations Act and the Labor Management Relations Act in its strike activities against another company with whom the union had a collective bargaining agreement. The plaintiffs also alleged under the Clayton and Sherman Acts that the defendants conspired unreasonably to retrain interstate commerce by violence and intimidation against the nonunion mines. The plaintiffs also filed state tort claims for trespass and for intentional interference with a business relationship. The court held, inter alia, that two district unions had ratified illegal secondary activity in violation of the National Labor Relations Act and the Labor Management Relations Act. The court stated that ratification is the affirmance by a person of a prior act which did not bind him but which was done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him. The court found that after each illegal act by its members, vouchers were collected by the district officers and submitted for payment. The court found that the district officers were active in securing counsel for offenders and in paying the fines and court costs for their members knowing that they had been engaged in illegal conduct aimed at the plaintiffs. As to the state tort claims, the plaintiffs failed to present clear and convincing evidence that the union tortiously interfered with a business relationship or participated in any trespass to the plaintiffs' facilities. C & K Coal Co. v. United Mine Workers of America, 537 F.Supp. 480, 487, judgment affirmed in part, reversed in part 704 F.2d 690 (3d Cir.1983).

**D.P.R.**

**D.P.R.**2001. Quot. in disc. Landlords sued tenants, who were consul and vice consul of the Republic of Costa Rica, alleging, in part, that defendants committed trespass during the entire lease term by using the leased property as a consulate in violation of the lease agreement. Dismissing the trespass claim, the court held, inter alia, that defendants became trespassers when they refused to vacate the premises in response to plaintiffs' termination notice, but that defendants, whose trespass was within the scope of their employment and for the benefit of their principal, were immune from the jurisdiction of the United States courts under the Foreign Sovereign Immunities Act (FSIA) as to the trespass claim, since none of the exceptions to the FSIA's

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 25 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

presumption of sovereign immunity applied. Fagot Rodriguez v. Republic of Costa Rica, 139 F.Supp.2d 173, 180, affirmed 297 F.3d 1 (1st Cir.2002).

**D.R.I.**

**D.R.I.**2018. Cit. in disc. State brought a lawsuit against oil and chemical companies, alleging that plaintiff's waterways became polluted when defendants added a harmful synthetic oxygenate to gasoline they sold, and that defendants had intentionally obfuscated and frustrated government attempts to investigate the impact of the oxygenate on waterways. This court denied in part defendants' motion to dismiss, holding that plaintiff had a claim for defendants' trespass onto waterways owned by private parties within the state, because plaintiff had a possessory interest in the waterways through the doctrine of parens patriae. The court cited Restatement Second of Torts § 158 in explaining that defendants' pollution of plaintiff's waterways constituted trespass onto plaintiff's property. Rhode Island v. Atlantic Richfield Company, 357 F.Supp.3d 129, 143.

**D.R.I.**1991. Cit. in disc., subsec. (c) cit. in disc. A purchaser of land sued the seller's former lessee for trespass, inter alia, alleging that the lessee had chemically contaminated the property through its gas station operation. Denying in part the defendant's motion to dismiss, the court held that, although the presence of contaminants leaked during the defendant's leasehold gave no basis for the plaintiff's trespass claim, the plaintiff alleged sufficient facts to support a claim that the presence of machinery for the defendant's air-stripping operation constituted a continuing trespass. The court stated that issues of fact existed as to whether the air-stripping operation was tortiously placed on the plaintiff's land and whether the defendant had a duty to remove it. Wilson Auto Enterprises, Inc. v. Mobil Oil Corp., 778 F.Supp. 101, 106.

**D.R.I.Bkrtcy.Ct.**

**D.R.I.Bkrtcy.Ct.**2010. Cit. in case cit. in ftn., com. (e) quot. in sup. Chapter 11 debtor objected to proofs of claim filed by condominium associations seeking damages for trespass arising out of debtor's construction of a banquet facility on a specific parcel of condominium property. On remand, this court allowed the objection in part, holding, inter alia, that debtor was not liable for trespass under Rhode Island law for a seven-year term of its management and operation of the banquet facility, because its entry was privileged owing to condominium associations' manifestation of numerous actions and inactions signaling apparent consent to debtor's possession of the property; debtor was not added to or even referenced in any of the litigation concerning ownership of the property over the seven-year period, and the associations and various individual unit owners contracted directly with debtor to host private events on normal business terms. In re IDC Clambakes, Inc., 431 B.R. 51, 59.

**M.D.Tenn.Bkrtcy.Ct.**

**M.D.Tenn.Bkrtcy.Ct.**2022. Quot. in case quot. in sup. In an adversary proceeding, Chapter 13 debtor and spouse sued, among others, attorney who represented holder of a deed of trust securing debtor's property, alleging that defendant trespassed on plaintiffs' property while effectuating eviction processes pursuant to holder's foreclosure on the property. This court granted defendant's motion for summary judgment, holding that plaintiffs failed to submit evidence indicating that defendant trespassed on their property. The court quoted Restatement Second of Torts § 158 in defining the tort of trespass, and explained that plaintiffs set forth no evidence that defendant personally entered onto plaintiffs' property or caused sheriff's department officers to enter onto plaintiffs' property to effectuate the eviction. In re Connor, 641 B.R. 875, 887.

**W.D.Tenn.**

**W.D.Tenn.**1986. Com. (m) cit. in sup. A class action was brought against a chemical corporation that buried toxic waste near the water source of a community, resulting in injury to many people and in damage to their property. This court held that the chemical company was responsible for damages under a strict liability theory because the activity it engaged in was abnormally dangerous and the resulting harm could have been easily foreseen. The court stated that regardless of the amount of care exercised by the

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 26 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

corporation, the inherent danger to the community outweighed all other considerations. The court also held that the chemical company was liable for damages under common law negligence for trespass, reasoning that the dangerous activity caused the toxic substance to enter the plaintiffs' property and harmed both the land and its occupants. Sterling v. Velsicol Chemical Corp., 647 F.Supp. 303, 319, affirmed in part, reversed in part 855 F.2d 1188 (6th Cir. 1988).

### S.D.Tex.

**S.D.Tex.**2015. Com. (j) quot. in sup. As part of an involuntary-bankruptcy action brought by judgment creditors against debtor who unlawfully possessed creditors' land and then leased it to a company that polluted it, creditors sought, inter alia, damages in the amount of company's gross revenue traceable to the lease, alleging that debtor had been a bad-faith trespasser. The trial court denied company's motion for summary judgment. Affirming, this court held that plaintiffs' claim was not barred by collateral estoppel arising out of a prior case between the same parties, in which a jury determined that company had not been a trespasser, because the issue of debtor's liability for trespass was never specifically addressed in that case. The court reasoned that, pursuant to Restatement Second of Torts § 158, Comment *j*, a defendant who intentionally caused a third person to enter land was fully liable as though he himself entered, and thus, regardless of whether company committed a trespass, debtor could still be found liable for trespass by inducing company to enter the land. In re Rodriguez, 524 B.R. 111, 122-123.

### D.Utah

**D.Utah,** 2000. Quot. in case cit. in ftn. United States sued county, alleging that county's road improvements, which county made without the required permission of the National Park Service, exceeded county's right-of-way in national park. This court held, inter alia, that county's unpermitted improvements constituted wrongful entry upon the lands of another and therefore amounted to trespass. U.S. v. Garfield County, 122 F.Supp.2d 1201, 1258.

### D.Utah Bkrtcy.Ct.

**D.Utah Bkrtcy.Ct.**2018. Quot. in case quot. in sup. Debtor that had purchased certain real property brought an adversary proceeding against lessor of railcar and locomotive equipment to the prior owner of the property, alleging that lessor trespassed on the property by failing to remove the equipment. This court granted summary judgment for lessor, which had permission to leave the equipment on the property from the prior owner, holding that, while debtor later withdrew its permission for lessor to enter the property to remove the equipment, it failed to show that it did so based on the lapse of a reasonable period of time to extract the equipment; rather, the evidence indicated that it was acting in retaliation for lessor's filing of a lawsuit against it. The court cited Restatement Second of Torts § 158 in explaining that a trespass could occur if a defendant intentionally caused a thing to remain on land owned by another after the other withdrew his or her consent, and that the defendant did not commit a trespass if it removed the thing within a reasonable manner and with reasonable promptness following the termination or suspension of consent. In re Black Iron, LLC, 594 B.R. 898, 909.

### E.D.Va.Bkrtcy.Ct.

**E.D.Va.Bkrtcy.Ct.**2007. Cit. in sup., quot. in ftn. Property owners brought adversary proceeding against debtors that purported to have acquired the property, Chapter 7 trustee, and others, seeking quiet title to the property and a money judgment against debtors for slander of title and trespass. After determining that the deed by which debtors purportedly took title to the property was a forgery, and quieting title in plaintiffs as the rightful owners, this court, inter alia, granted a default judgment for plaintiffs on their trespass claim. The court found plaintiffs' assertions that debtors intentionally entered upon and remained on the property and took steps to change the property by erecting signage and changing the locks, and that plaintiffs had suffered damages, including the inability to possess the property, sufficiently pled facts to support a default judgment on the claim. In re Hetrick, 379 B.R. 612, 620.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 27 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**W.D.Va.**

**W.D.Va.**2015. Cit. in sup. (erron. cite as § 159). Landowners brought a § 1983 action against natural-gas companies, alleging that a Virginia statute that authorized defendants to enter private property without a landowner's written permission and perform a survey for a proposed natural-gas pipeline was, among other things, facially unconstitutional under the Fifth Amendment because it effected a taking of a landowner's property right to exclude. The trial court granted defendants' motions to dismiss, holding that plaintiffs' facial challenges failed because they did not have a right to exclude defendants, who were permitted to enter plaintiffs' property for survey purposes. Citing Restatement Second of Torts § 158, the court explained that, while the right to exclude was a recognized property right, the common law recognized numerous exceptions to that right. Klemic v. Dominion Transmission, Inc., 138 F.Supp.3d 673, 688.

**D.V.I.**

**D.V.I.**1995. Cit. in headnote, quot. in disc. Landowners sued oil companies, asserting claims for trespass, nuisance, negligence, and strict liability in connection with the contamination of an aquifer. This court denied defendants' motions for summary judgment, holding, inter alia, that although the physical harm argument asserted by one of the defendants strongly undermined plaintiffs' trespass claim, it would have to reject defendants' argument at the summary judgment stage. In re Tutu Wells Contamination Litigation, 909 F.Supp. 991, 991, 995.

**E.D.Wash.**

**E.D.Wash.**2006. Quot. in case quot. in sup. City brought various claims against aircraft and missile manufacturers for contaminating its drinking-water wells. This court granted, inter alia, defendants' motions for partial summary judgment as to city's claim for continuing trespass, holding that there was no continuing injury to property arising from an actual existing danger, because city had permanently abated the contamination in the wells to below federal maximum contaminant levels for over ten years and continued to use the wells to supply drinking water. The court additionally pointed out that city was not in exclusive possession of the aquifer supplying the wells. City of Moses Lake v. U.S., 430 F.Supp.2d 1164, 1183.

**E.D.Wash.**1991. Com. (m) quot. in case quot. in disc. The past and present residents of and/or owners of property in the area surrounding a nuclear reservation sued the facility's past and present operators to recover for present and threatened future injuries resulting from the defendants' wrongdoing in the generation, storage, and use of vast quantities of hazardous substances at the facility and the release of those substances into the environment. Granting in part and denying in part the defendants' motions to dismiss, this court denied the defendants' motion to dismiss the plaintiffs' trespass and nuisance claims due to expiration of the statute of limitations, holding, inter alia, that the discovery rule should apply to these claims. The court reasoned that the plaintiffs were completely oblivious to any hazardous material releases until 1990, that the injuries alleged were not inconsequential, and that, given the short half-lives of the released radionuclides, the trespasses alleged could not fairly be termed as continuing. In re Hanford Nuclear Reservation Litigation, 780 F.Supp. 1551, 1575.

**W.D.Wash.**

**W.D.Wash.**1998. Subsec. (a) cit. in case cit. in disc. Landowners sued the owner of an adjacent quarry, alleging that defendant trespassed on their property by polluting their pond. This court granted plaintiffs' motions for summary judgment, holding, inter alia, that defendants were liable for trespass, because defendants clearly intended to engage in quarrying activity and plaintiffs provided evidence of tangible invasions of their property, including silt plumes in their pond and rocks deposited on their lawn. Gill v. LDI, 19 F.Supp.2d 1188, 1198.

**Ala.**

Case 2:23-cv-00164-cr Document 53-2 Filed 10/06/23 Page 28 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**Ala.**2015. Subsec. (a) and com. (*i*) quot. in case quot. in diss. op. Property owners brought a trespass claim against owner of a pipeline that was constructed on plaintiffs' property without permission and owner of methane that was transported through the pipeline. The trial court granted summary judgment for methane owner. This court affirmed in a per curiam decision. The dissent argued that methane owner was potentially liable for trespassing under Restatement Second of Torts § 158, because questions of fact remained as to whether it was acting as pipeline owner's agent, whether it knew of pipeline owner's plan to build on plaintiffs' property and participated in the trespass by funding the project, and whether it ratified the trespass by failing to make any effort to stop pipeline owner from pumping methane over plaintiffs' property once it learned of the trespass. Burchfield v. Jim Walter Resources, Inc., 175 So.3d 618, 619.

**Ala.**2010. Com. (i) quot. in case quot. in disc. Over 160 residents of county brought nuisance and trespass claims against operator of steel-manufacturing plant, alleging that the plant made excessive noise and produced fumes that left a residue on their properties. The trial court entered judgment on a jury verdict for defendant and this court affirmed. The court held, inter alia, that, while plaintiffs had asked the trial court to include instructions to the jury based on an Alabama Supreme Court case quoting Restatement Second of Torts § 158—to the effect that it was not necessary for the tort of trespass involving foreign matter that the foreign matter be thrown directly and immediately upon the other's land but was enough that an act was done with knowledge that it would to a substantial certainty result in the entry of the foreign matter—plaintiffs had not preserved for appeal their arguments regarding the trial court's refusal to give those instructions. Chestang v. IPSCO Steel (Alabama), Inc., 50 So.3d 418, 432.

**Ala.**2003. Quot. in disc. Car owners sued independent contractor that repossessed their car, alleging wrongful repossession and trespass. Trial court entered judgment as a matter of law in favor of defendant. Affirming on the trespass claim, this court held, inter alia, that because plaintiffs defaulted on their car payments, their secured creditor had a legal right to repossess their car and to have defendant enter plaintiffs' property on its behalf for the purpose of repossession. Therefore, defendant did not trespass, because he had a legal right to be on plaintiffs' property. Callaway v. Whittenton, 892 So.2d 852, 857.

**Ala.**2001. Com. (i) quot. in case quot. in conc. and diss. op. Lakefront property owners sued textile companies, city, and lake owner for trespass and nuisance arising out of discharge of chemicals from city wastewater-treatment plant into lake. Trial court entered judgment on jury verdicts for plaintiffs. This court reversed, holding that trespass claim failed, because plaintiffs did not show an actionable invasion of their properties and substantial actual damage caused by presence of any chemical. Opinion concurring and dissenting in part argued that companies indirectly trespassed upon plaintiffs' properties by discharging wastewater with knowledge that it would, to a substantial certainty, result in entry of obnoxious dyes and fecal coliforms upon plaintiffs' property. Russell Corp. v. Sullivan, 790 So.2d 940, 954.

**Ala.**1992. Quot. in case quot. in disc. Owner of pond and land adjacent to a fertilizer plant sued the company that maintained the fertilizer plant. The pond owner alleged trespass to his property, claiming that fertilizer drained into the pond and killed all the fish. The trial court entered a judgment for the fertilizer company. Affirming, this court held that the trial judge's conclusions were not against the great weight of the evidence, since the evidence of a real and substantial intrusion was disputed and there was evidence of other possible reasons for the kill. Faulk v. Gold Kist, Inc., 599 So.2d 23, 23-24.

**Ala.**1981. Com. (i) cit. in sup. A landowner filed an action against a corporation seeking damages for injury to real property caused by sand and gravel which flowed from the defendant's property to the plaintiff's property whenever it rained. The lower court found that the defendant liable for continuing trespass and the defendant appealed. Among its contentions,t he defendant argued that the action was an action in trespass on the case, as distinguished from trespass, and was therefore barred by the shorter statute of limitations. The court acknowledged that the historical distinction between trespass and case was that an action in case arose form an indirect wrongful act; however, the court also noted that the common law distinction had ben modified. Relying on the Restatement, the court held that the action was in trespass because the defendant could reasonably foresee the invasion on the plaintiff's land, the act resulting in the invasion was intentional, and the invasion substantially damaged the plaintiff's land. Accordingly, judgment was affirmed in favor of the plaintiff. W.T. Ratliff v. Henley, 405 So.2d 141, 145.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 29 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**Ala.**1980. Quot. in part in sup. The plaintiff owned property adjacent to that of the defendant, an oil company. The plaintiff filed suit to recover damages, alleging that odor and light from the oil company's operation of a treatment facility interfered with her property. The lower court granted the defendant's motion for summary judgment, stating that the action was barred by the statute of limitations. On appeal, the plaintiff argued that her action was in trespass and, therefore, the statute of limitations relied upon by the lower court was inapplicable. The court held that because the only interferences complained of were those of light and odor, it was not unreasonable for the trial court to conclude, that there was no evidence of an intentional entry of any substance onto the land of the plaintiff that amounted to a trespass. Born v. Exxon Corp., 388 So.2d 933, 934.

**Ala.**1979. Cit. and quot. in part in sup. The defendant operated a lead smelter on his property which bordered the plaintiffs' property. The defendant operated a filter system to keep lead particulates from being emitted into the atmosphere but on several occasions the filter system broke down and the plaintiffs claimed that damage occurred to their farm land as a result of the lead particulates having been deposited thereon. The plaintiffs sued the defendant alleging trespass and attempted to recover damages for the pollution of their property. The lower court found in favor of the defendant. This court reversed on the trespass issue and remanded the case for a determination of the damages. The court held that an action for trespass would lie even though an indirect rather than a direct invasion of one's property had occurred and thereby rejected the earlier view which did not recognize that a trespass had occurred when no visible thing had entered the land of another. The court stated that an actionable trespass, based upon an indirect intrusion, was an intrusion which interfered with the exclusive possession of the property of another by visible or invisible pieces of matter whereas an actionable nuisance was an interference with the use and enjoyment of the property of another. In this case the defendant had committed a trespass because he had indirectly invaded the plaintiffs' exclusive right to posses their property by an act which foreseeably could have resulted in an invasion and thereby damage the res. Borland v. Sanders Lead Co., Inc., 369 So.2d 523, 527.

**Ala.**1974. Sec. and com. (i) quot. in sup. In an action for trespass, plaintiff alleged that on seven occasions the defendant emptied asphalt or asphalt-type materials so that they ran downhill into a stream which carried them to the pond plaintiff leased, with the result that the pond was polluted and fish were killed, or otherwise rendered unmerchantable. The lower court held for the defendant, reasoning that plaintiff should have pled trespass on the case, not trespass. The State Supreme Court reversed. It was not necessary that the asphalt or foreign matter be thrown or dumped directly and immediately upon the plaintiff's land, but it is sufficient if the act were done so that it would to a substantial certainty result in the entry of the asphalt or foreign matter onto the real property that the plaintiff possessed. The jury should have the right to determine the issue of an intentional intrusion. Further in the event that the jury felt that the plaintiff should recover nominal damages, then punitive damages would be allowed. The court went on to hold that the fish in the pond were personal property. Rushing v. Hooper-McDonald, Inc., 293 Ala. 56, 300 So.2d 94, 96, 97.

**Ala.App.**

**Ala.App.**2011. Com. (i) quot. in case quot. but dist. Building owners brought an indirect-trespass claim, inter alia, against bank, alleging that, when defendant demolished the wall of its building, which abutted plaintiffs' building, it exposed plaintiffs' wall to rainwater, and that rainwater intruded through plaintiffs' wall and damaged their building. The trial court granted defendant judgment as a matter of law. Affirming, this court held that plaintiffs' claim failed because the rainwater that plaintiffs claimed entered their property as a result of defendant's demolition of its wall had never entered onto defendants' property, and defendant had not in any way changed the natural course of the rainwater or channeled the rainwater onto plaintiffs' property. Colbert v. First Nat. Bank of Atmore, 75 So.3d 145, 150.

**Ala.Civ.App.**

**Ala.Civ.App.**1979. Cit. but dist. Plaintiff lower property owner brought this action against defendant upper property owner, who possessed an easement for drainage across plaintiff's land, for interfering with and channeling the natural drainage of water. The lower court found for the defendant on theories of negligence and trespass. Plaintiff then brought this appeal asserting that the trial court had misapplied the law to the facts. This court agreed with plaintiff's assertion and, in reversing and remanding with

Case 2:23-cv-00164-cr    Document 53-2    Filed 10/06/23    Page 30 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

direction to enter judgment for the plaintiff, held that, regardless of the fact that plaintiff had used them in his claim for relief, the terms negligence and trespass were not the tests for right of recovery. The court stated that the proper test was whether by reason of defendant's construction the surface water was changed from its natural flow and caused to be deposited on the complainant's property to his damage, with the basis for liability being the wrong committed in casting surface water in unnatural quantities on the servient property. Sargent v. Lambert Construction Company, 378 So.2d 1153, 1155.

**Alaska,**

**Alaska,** 2014. Cit. in ftn. After property owners brought an action to quiet title against neighbor, neighbor counterclaimed, alleging that the encroachment of plaintiff's excavated dirt-and-gravel fill material onto her property constituted a trespass. After a bench trial, the trial court ordered plaintiffs to remove the encroaching fill material. Reversing in part and remanding, this court held that, while the trial court correctly found that the encroachment of fill material after defendant purchased the property was a trespass, it erred by ordering plaintiffs to remove fill material that encroached before defendant purchased the property, because that fill material did not create a trespass as to defendant. The court explained that defendant's predecessor had impliedly consented to the encroachment of the fill material and thus no trespass occurred while she owned the property; however, after defendant purchased the property and came into possession of it, the consent given by her predecessor ceased to be effective as conferring a privilege to enter or remain under Restatement Second of Torts §§ 158 and 163. Lee v. Konrad, 337 P.3d 510, 522.

**Alaska,** 2013. Cit. and quot. but dist., subsec (a) quot. in ftn., com. (j) quot. but dist. and cit. in ftn. Landowner brought a timber-trespass action against neighbors, seeking restoration damages after defendants cleared trees from his property without his permission; neighbors brought a third-party complaint against landowner's sister, who lived next to landowner, seeking to apportion fault to her on the theory that she was negligent in misrepresenting her ownership of landowner's property when she gave neighbors permission to cut down trees on her adjacent property. The trial court granted summary judgment for sister. Affirming, this court held that sister owed no duty to inform neighbors of landowner's property lines when they asked to cut trees on her property. The court reasoned, in part, that neighbors could not establish a duty under a general negligence theory pursuant to Restatement Second of Torts § 158, because there was no evidence in the record that sister commanded or requested that neighbors enter landowner's property and remove his trees. Wiersum v. Harder, 316 P.3d 557, 564.

**Alaska**

**Alaska,** 2006. Cit. in ftn. After regional conference of worldwide religious denomination discontinued church as a local affiliate, conference sued church for possession of two parcels of property to which church held title, and brought claims of trespass and conversion against individual members of church. The trial court held that denomination was entitled to possession of the disputed properties, and found the individual members liable for trespass and conversion. Affirming, this court held, inter alia, that the trial court did not err in finding the individual members liable, since they admitted removing the locks and entering the property belonging to conference; a claim of right to the property was not a defense to either trespass or conversion. St. Paul Church, Inc. v. Board of Trustees of Alaska Missionary Conference of United Methodist Church, Inc., 145 P.3d 541, 558.

**Alaska,** 2001. Cit. in ftn. Owner of warehouse property sued adjoining landowner for, in part, trespass, after stockpiled snow on defendant's property melted and flowed downhill, damaging areas of plaintiff's warehouse. The trial court found a trespass and awarded compensatory and punitive damages. Affirming in part, this court held, inter alia, that plaintiff's causation theory was supported by the evidence, and therefore the trial court's factual findings accepting the theory were not clearly erroneous. Mapco Exp., Inc. v. Faulk, 24 P.3d 531, 539.

**Alaska,** 2000. Cit. in ftn. Landowner whose groundwater was allegedly contaminated by fuel that leaked from neighboring service station sued station's petroleum supplier under theories including strict liability, trespass, and private nuisance. The trial court entered summary judgment for defendant. Affirming, this court held, in part, that the sale of petroleum products did not constitute an ultrahazardous activity for which defendant could be found strictly liable, and that the trespass and nuisance

Case 2:23-cv-00164-cr  Document 53-2  Filed 10/06/23  Page 31 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

claims failed, since defendant did not maintain ownership or control over the products once they were delivered. Parks Hiway Enterprises v. CEM Leasing, 995 P.2d 657, 664.

**Alaska,** 1986. Com. (m) cit. in ftn. A landowner's activities on his land caused permafrost to melt and flood the adjacent property. The owners of the adjacent property sued to recover for the damage caused by the flooding. The trial court granted the defendant's motion for summary judgment on the ground that the activities by the defendant that caused the permafrost to melt met the reasonable use standard. Reversing, this court held that there was an issue of material fact as to whether the activity was a reasonable use of the land. The court noted that the statute of limitations had not expired and therefore the plaintiff could still sue for damages that continued to occur on his land. Braham v. Fuller, 728 P.2d 641, 644.

**Alaska,** 1976. Cit. and quot. in part in ftn. and com. (l) quot. in part in ftn. in disc. Alaska Placer had granted the Lees a lease with an option to buy mining claims. Alaska Placer sent a notice of forfeiture of the mining claims due to nonperformance of minimum production requirements. The Lees failed to vacate the claims. The present appeal was commenced by the Lees to recover the sum Alaska Placer received from another corporation for tin mined by the Lees. Alaska Placer counterclaimed, and the court entered judgment awarding the original royalty rate to Alaska Placer. The court noted that the measure of recovery against the Lees for removal of the tin was determined by whether they were good faith or willful trespassers. The nonwillful trespasser may receive credit for mining expenses, while willful trespassers may not receive any recovery. The court found that the lower court's finding that the Lees were good faith trespassers was not clearly erroneous, and the trial court's error in not placing the burden on the Lees to prove the good faith of their trespass was harmless. The court found no abuse of discretion in awarding Alaska Placer the royalty rate for its damages. The court found that the award of attorney's fees to the Lees was not unreasonable. Alaska Placer Co. v. Lee, 553 P.2d 54, 56.

**Alaska,** 1969. Quot. in part in ftn. and com. (l) quot. in part in ftn. Under the terms of the contract between lessee and lessor the lessee was to work a tin mine and pay the purchase price of $400,000, less the $2,500 down payment, in annual payments equal to a certain percentage of mineral production. The contract also provided, if defendant failed to produce daily a given amount of tin ore and deliver it to the washing plant, notice of forfeiture of the defendant's interest in the mining property would be given, and proper notice was determined by the court to have been given. The trial court interpreted the rule that impossibility of performance of a contractual obligation included not only strict impossibility but impracticability because of extreme and unreasonable difficulty excusing the performance of the contract by reason of allegedly extremely adverse weather conditions. The court here held there was no evidence as to weather conditions specifically preventing the lessee from complying with the contract provisions, and there was evidence the lessee had insufficient equipment and insufficient laborers to comply with the daily delivery of tin ore requirement. Therefore, lessees were in default under the contract. Held:Judgment of trial court reversed and the case remanded for further proceedings necessary to give proper relief to the lessors, including their right to injunctive relief for lessees failure to vacate the mining claim after they had no further interest in that claim. Alaska Placer Company v. Lee, 455 P.2d 218, 229.

**Ariz.**

**Ariz.**1990. Cit. in disc. A company was sued by a competing company for copyright infringement, misappropriation of trade secrets, interference with prospective contractual relations, and injurious falsehood. The competing company sued its insurer for failure to defend. The trial court granted summary judgment for the insurer holding that the insured's coverage for copyright infringement was limited to infringements that arose in the insured's advertising activity, and that the insured's activity fell within the policy's "intentional acts" exclusion. The intermediate appellate court affirmed. Reversing and remanding, this court held that the last antecedent rule of contract interpretation applied and the company was thereby covered for all forms of copyright infringement. The court also held that whether the insured acted purposely with the intent to injure could not be decided as a matter of law because the insured believed it had the right to compete. It noted that inquiries as to whether the insured was provoked, privileged, or justified in acting are appropriate where the coverage in question is coverage for torts, such as false imprisonment, malicious prosecution, and trespass, which essentially involve intentional acts that may cause injury. Phoenix Control Systems v. Insurance Co., 165 Ariz. 31, 796 P.2d 463, 468.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 32 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**Ariz.App.**

**Ariz.App.**2017. Subsec. (a) quot. in case quot. in ftn. Homeowners and renters in three subdivisions brought claims for damages and injunctive relief against city, state, and state department of transportation, alleging that defendants operated their drainage system to divert and channel storm water into a nearby retention basin that lacked an emergency-overflow system, such that it flooded plaintiffs' properties. The trial court granted defendants' motion to dismiss. Reversing and remanding, this court held, among other things, that plaintiffs sufficiently alleged conduct that could constitute a trespass. The court rejected defendants' argument that plaintiffs did not allege that defendants intended to flood plaintiffs' properties, reasoning, in part, that, under Arizona law and Restatement Second of Torts § 158, an actor was liable for trespass if the actor intentionally entered land in the possession of the other, or caused a thing or third person to do so. Boruch v. State ex rel. Halikowski, 399 P.3d 686, 695.

**Ariz.App.**1991. Quot. in disc. Landowners whose property was flooded during a severe rainstorm sued the builder of a canal project on a theory of trespass, inter alia, for allegedly diverting flood rainwater onto their land. The trial court granted the defendant's motion for summary judgment. Affirming in part, this court held that summary judgment was proper on the issue of trespass because there was no evidence that the defendant intentionally caused the flooding of the plaintiffs' property. Taft v. Ball, Ball & Brosamer, Inc., 169 Ariz. 173, 818 P.2d 158, 161.

**Ariz.App.**1990. Cit. in disc. A public utility obtained approval for the construction of a power line along the side of railroad tracks, over the objections of a Christmas tree wholesaler who owned the adjacent property where he had constructed an airstrip parallel to the tracks. The power line was constructed after the utility obtained an easement from the railroad. The wholesaler sought an injunction against the use of the power line, and the utility counterclaimed for a permanent injunction against the wholesaler's use of his airstrip. The trial court granted summary judgment for the utility and enjoined the use of the airstrip, finding that such use created an unreasonable risk that one of the wholesaler's aircraft would trespass into utility airspace and strike the power line. This court affirmed, noting that the utility, which presented no evidence of actual overflights within its airspace, had failed to establish an essential element of trespass, but concluding that the unreasonable risk of physical trespass and contact with the power line was sufficient grounds for injunctive relief based on nuisance. Brenteson Wholesale v. Public Serv. Co., 166 Ariz. 519, 803 P.2d 930, 934.

**Ariz.App.**1985. Quot. but dist., subsec. (c) cit. in disc. A landowner sued an adjoining landowner for damages and an injunction that the adjoining landowner remove a tree and the roots that had invaded the landowner's property. The trial court denied relief, finding that the roots had not caused any actual damage. Affirming, this court rejected the argument that liability should attach irrespective of whether any actual harm had been done to the land, since the adjoining landowner had had no duty to remove the roots in the first place. The court also stated that a landowner was not liable for a nuisance resulting solely from a natural condition of the land. Cannon v. Dunn, 145 Ariz. 115, 700 P.2d 502, 503.

**Ark.App.**

**Ark.App.**2020. Cit. and quot. in sup. Lessor of real property filed claims for, among other things, trespass against lessee, which had acquired certain equipment on the property that a former tenant used to convert animal waste into fuel before going out of business, after lessee vacated the property and removed the equipment, but left behind approximately 15,000 gallons of animal-waste sludge in holding tanks. The trial court granted lessee's motion to dismiss lessor's trespass claim. Affirming, this court held that the lease agreement did not obligate lessee to remove the sludge in the holding tanks, and lessor did not cite any other authority that would impose such a duty, such that lessee could be liable for trespass under Restatement Second of Torts § 158. Barrows/Thompson, LLC v. HB Ven II, LP, 599 S.W.3d 637, 649.

**Cal.App.**

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 33 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**Cal.App.**1967. Cit. in sup. The plaintiff owned land on which he ran a ranch and a camp and which was bordered on three sides by the defendant's land, which was to be used as a rocket testing site. Fearful of the consequences of such testing nearby, the plaintiff asked the defendant to desist from firing any rockets, but the defendant did fire one rocket under a government contract, creating earth tremors which rendered the plaintiff's wells useless. The plaintiff's action for damages was nonsuited and he appealed. The court held that, since the defendant knew that his land bordered the plaintiff's and was aware of the risk of harm to that realty, he could be held liable for maintaining and operating an ultrahazardous activity. Smith v. Lockheed Propulsion Co., 247 Cal.App.2d 774, 56 Cal.Rptr. 128, 136, 139, 29 A.L.R.3d 538.

**Colo.**

**Colo.**2003. Subsec. (c) quot. in diss. op., coms. (i) and (l) quot. in disc. Homeowner sued United States under Federal Tort Claims Act for trespass and nuisance, alleging that toxic chemicals from Air Force Base contaminated his property. Federal district court dismissed. Answering certified questions from federal court of appeals, this court held that alleged migration and ongoing presence of toxic chemicals on plaintiff's property each constituted continuing trespass and nuisance under Colorado law. The alleged tortious conduct of United States included failure to abate and to remove toxic chemicals it placed beneath plaintiff's property. Dissent argued that neither the continued migration of toxic chemicals nor the ongoing presence of those chemicals was a continuing trespass or nuisance. Hoery v. U.S., 64 P.3d 214, 217, 218, 222, 225.

**Colo.**2001. Cit. in disc., com. (i) quot. in disc. Property owners brought class action against public utility that provided upgrades to electrical-transmission line adjacent to owners' property based on approval of Public Utilities Commission (PUC), asserting, in part, a claim for trespass. Trial court granted defendant's motion to dismiss. Appellate court affirmed in part and reversed in part. Reversing in part the appellate court's ruling that plaintiffs sufficiently stated a claim for trespass, this court held, inter alia, that plaintiffs' assertions of intangible intrusion upon property did not give rise to trespass claim where plaintiffs did not prove physical damage to property. Public Service Co. of Colorado v. Van Wyk, 27 P.3d 377, 389.

**Colo.App.**

**Colo.App.**2007. Cit. in sup., quot. in case cit. in sup. Homeowners filed a class action against owner of factory site and manufacturer that operated at site after owner ceased operations, alleging that defendants released toxic chemicals that migrated onto their properties in a groundwater plume, contaminated the soil, and converted into a gas that invaded their homes. The trial court entered judgment on a jury verdict finding, among other things, that neither defendant was liable for trespass. Affirming that portion of the decision, this court held, inter alia, that the trial court did not err in instructing the jury that trespass included an element of intent; under Colorado law, which did not recognize negligent trespass, trespass was an intentional tort that required intent to cause a thing to enter a plaintiff's property. Antolovich v. Brown Group Retail, Inc., 183 P.3d 582, 602, 603.

**Colo.App.**1990. Cit. in disc. A landowner's improperly installed drainpipe leaked, causing damage to adjoining property. The adjoining landowner and tenants sued their neighbor for negligence and trespass. The trial court refused the defendant's request to instruct the jury on comparative negligence, and proceeded to enter judgment on a jury verdict in favor of the plaintiffs on both trespass and negligence. Affirming the judgment but reversing and remanding as to costs, this court held that comparative negligence was only an affirmative defense to negligence actions where liability was based on fault, and that it was not a proper issue for consideration in a trespass action. The court reasoned that liability for trespass only required an intentional act causing an intrusion onto land in the possession of another, and the fact that the trespass may have been caused by a negligent act was irrelevant. Since the tenants were in possession of the property and therefore were entitled to damages for trespass, the defendant was also liable to the tenants for the damage to their possessory interests, including the loss of value of the leasehold estate and for their annoyance and discomfort. Burt v. Beautiful Savior Luth. Church, 809 P.2d 1064, 1067, 1069.

**Colo.App.**1987. Subsec. (b) cit. in sup. An agent contracted with a principal to operate a catalog sales agency. After the agent refused to pay his remittances to the principal, the principal removed all the goods from the agent's place of business and changed the locks on all the doors. The agent sued the principal for trespass, inter alia. This court affirmed the trial court's verdict in favor

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 34 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

of the agent, holding that, even if the principal had a contractual right to enter the agent's premises, the principal had no right to remain on the premises longer than necessary to repossess its goods or to exercise exclusive possession over the premises thereafter, preventing the agent and his employees from entering. Montgomery Ward & Co., Inc. v. Andrews, 736 P.2d 40, 45.

**Colo.App.**1986. Cit. in disc. Condominium owners sued a condominium association in trespass for relocating a storage locker on the balcony of the unit they owned and obstructing their view. The trial court found for the owners, and the association appealed. This court affirmed, stating that the owners were in constructive possession of the balcony and therefore could sue for trespass. Plotkin v. Club Valencia Condominium Ass'n, Inc., 717 P.2d 1027, 1027.

**Colo.App.**1984. Cit. in disc. Snow accumulating on the roof of a house occasionally slid off the house and struck the roof of an adjacent house, causing damage. The aggrieved homeowner brought an action against his neighbor seeking damages and injunctive relief. The trial court awarded nominal damages and issued a permanent injunction prohibiting the defendants from allowing snow to slide off their roof and strike the plaintiff's house. This court affirmed, holding that the trial court properly found the defendants liable for trespass as a result of their control of an instrumentality on their property which set in motion a force that, int the usual course of events, would damage the plaintiff's property. Cobai v. Young, 679 P.2d 121, 123.

**Colo.App.**1980. Cit. in sup. The defendant city allowed excess drainage water, generated by a subdivision, to be collected in the storm drainage systems and then deposited on the plaintiff's land. The defendant, by contract, had accepted responsibility for maintaining curbs, gutters, sidewalks, pavements and storm drains located in the subdivision. the lower court held that by approving the subdivision and the drainage plans, the city had interfered with natural conditions and had caused surface water to collect on the plaintiff's land. This flow of water was therefore enjoined as a public nuisance because there was no speedy or adequate remedy at law available to otherwise prevent immediate damage and irreparable harm to the plaintiff's property. This court found that the lower court had improperly held that the discharge of water was a public nuisance but held that the defendant's actions were still properly enjoinable. This court stated that a landowner who sets a force in motion which, in the usual course of events would damage the property of another, is guilty of a trespass of such property. The court therefore held that the discharge of drainage water under these circumstances constituted an enjoinable, continuing trespass. Docheff v. City of Broomfield, _Colo.App. ___, 623 P.2d 69, 71.

**Colo.App.**1973. Quot. in part in sup. The plaintiffs, homeowners, brought an action against the owners of a neighboring chicken farm for injunctive relief, compensatory damages, and exemplary damages for defendant's management of a farm, which plaintiffs alleged constituted a nuisance, depriving plaintiffs of the use and enjoyment of their property, and a trespass on their property. On plaintiffs' appeal from a dismissal of their action, the court affirmed in part and reversed in part and remanded with directions, and held, inter alia, that evidence that defendants' conduct resulted in the breeding and multiplication of flies and that the flies intruded upon plaintiff's property was sufficient to establish a prima facie case of trespass. Miller v. Carnation Company, 33 Colo.App. 62, 516 P.2d 661, 664.

**Conn.**

**Conn.**2007. Com. (i) quot. in sup. After city condemned property adjacent to city landfill to remediate potentially contaminated groundwater emanating from the landfill, owner of the adjacent property sued city, alleging, among other things, permanent trespass. After a bench trial, the trial court rendered judgment in favor of plaintiff on its trespass claim. Affirming in part, this court held, inter alia, that the trial court properly determined that defendant was liable for the intrusion of contaminants onto plaintiff's property. The court concluded, among other things, that defendant had the requisite intent to satisfy a claim of trespass, because it had reason to know that the toxic substances it was placing in the landfill, which was not enclosed by a protective barrier and was located uphill from plaintiff's property, might invade the groundwater and migrate downhill. City of Bristol v. Tilcon Minerals, Inc., 284 Conn. 55, 88, 931 A.2d 237, 258.

**Conn.Super.**

Case 2:23-cv-00164-cr  Document 53-2  Filed 10/06/23  Page 35 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**Conn.Super.**1978. Cit. in sup. Defendant was convicted of criminal trespass in the first degree. The conviction arose out of his refusal to leave the premises of an aircraft manufacturer after he had been ordered to leave by the manufacturer's security guards and by police officers. On appeal, defendant challenged the conviction on the ground that the trial court failed to charge that the state must establish ownership of the property in question, i.e., that the word "owner," as used in the state criminal trespass statute, means one who has legal title. The court upheld the conviction, rejecting defendant's interpretation and holding, inter alia, that proof of title is not an essential element for conviction of criminal trespass in the first degree. Trespass involves an intrusion upon another's interest in the exclusive possession of land. Unless the entry is made under a claim of right in the property, the offensive conduct involves an interference with another's possession, not an attack upon his title. State v. Martin, 35 Conn.Sup. 555, 398 A.2d 1197, 1200.

**Del.Ch.**

**Del.Ch.**1985. Cit. in disc. Condominium owners brought an action seeking to enjoin the owners of an adjacent parcel of land from building a motel and restaurant. The condominium owners alleged that the defendants' building plans violated deed restrictions and negative easements prohibiting such uses of the land. The defendants filed a counterclaim, seeking a declaratory judgment stating that they owned the parcel free and clear of the restrictions. Both parties moved for dismissal. The chancery court denied both motions, holding, inter alia, that the defendants' claim involving the scope of their ownership rights was justiciable, and that the equity court had subject matter jurisdiction, since no remedies were available at law. The court noted that the defendants had no action in trespass, as they maintained no allegation that the condominium owners made an unauthorized entry onto their land. Heathergreen Commons Condo. Ass'n v. Paul, 503 A.2d 636, 643.

**D.C.App.**

**D.C.App.**2015. Com. (e) quot. in sup. Defendant who was convicted of assault following a non-jury trial appealed his conviction, alleging that the judge failed to make adequate special findings on all disputed issues of fact and law essential to the resolution of a defense-of-property defense advanced by defendant at trial. This court vacated and remanded, holding that the trial court did not make the findings required to resolve defendant's defense-of-property defense. Quoting Restatement Second of Torts § 158, Comment *e*, the court explained that defendant would not have been privileged to use force to remove his neighbor from his property if, as neighbor claimed, neighbor was privileged to enter or remain on the property to prevent harm to a third person, because neighbor was not a trespasser; however, the trial judge did not make specific findings on those disputed factual and legal issues. Saidi v. U.S., 110 A.3d 606, 611.

**Fla.App.**

**Fla.App.**2015. Cit. in sup.; com. (e) cit. in sup. Owner of limousine company brought an action against bank that held a purchase-money security interest in plaintiff's bus, repossession company hired by bank, and company's employee, alleging that plaintiff was injured when employee attempted to repossessed the bus. The trial court granted summary judgment for defendants. This court reversed and remanded, holding that plaintiff's claims were not precluded by the subsequent-tortfeasor doctrine based on plaintiff's release of claims against bank. The court rejected defendants' argument that the trespass and the injury suffered by plaintiff aggravated a previous trespass that occurred when bank had attempted to repossess the bus, and, citing Restatement Second of Torts § 158, explained that bank's entry onto the property was privileged and did not constitute a trespass. Daniel v. Morris, 181 So.3d 1195, 1199, 1200.

**Hawaii App.**

**Hawaii App.**2019. Quot. in sup. Property owner brought trespass and other claims against neighbors in connection with allegations that branches of trees located on defendants' property hung over plaintiff's property, leaves falling from those trees landed on plaintiff's property, and the roots of those trees had grown into plaintiff's property. The trial court granted summary

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 36 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

judgment for defendants on plaintiff's trespass claim. Affirming, this court held that a property owner whose plant, located on the owner's property, dropped leaves, flowers, or fruit onto a neighboring property, or whose plant's roots interfered only with other plant life on the neighboring property, was not liable to the owner of the neighboring property for trespass under Restatement Second of Torts § 158. Spittler v. Charbonneau, 449 P.3d 1202, 1208.

## Ill.

**Ill.**1980. Cit. and quot. in part in disc., com. (i) cit. and quot. in part in disc., illus. (5) quot. in disc. and illus. cit. generally in disc. Because of backups into homes serviced by a sewage system, the city built an overflow outlet to relieve the pressure in the sewer system. It worked successfully but when it did overflow raw sewage escaped into an open ditch that flowed into a neighboring pond. The city, for ecological purposes, closed the outlet, and sewage backed up into the plaintiff's home causing extensive damage. The city reopened the outlet to avoid the backups that the plaintiff and others had experienced. The plaintiff claimed that the city had caused her $3,500 in damages and a real estate expert testified that the damage decreased the value of her home by 30%. The plaintiff sued the city for trespass, negligence and strict liability. The strict liability count was stricken. The city had liability insurance and was able to settle the negligence count with the plaintiff which included a covenant not to sue. On the remaining trespass count, the trial court entered a judgment for the plaintiff. On appeal, the court noted that the complaint never specified whether the trespass was negligent or intentional. The defendant argued that the claim named an intentional trespass and the court proceeded on that basis. The court stated that one is liable for an intentional trespass if he casts an object upon another's property, and it is done with the knowledge that it will, to a substantial certainty, result in the entry of the foreign object. The court found that the intentional closing of the outlet, coupled with the knowledge that "some" backup would occur, combined to create sufficient evidence. The court held that even though the defendant failed to request a set-off with the settlement and covenant not to sue, the court was compelled to allow the plaintiff only one satisfaction for the injury. The court affirmed the judgment for the plaintiff, but remanded to determine the proper amount of damages to be paid by the defendant. Dial v. City of O'Fallon, 81 Ill.2d 548, 44 Ill.Dec. 248, 411 N.E.2d 217, 220, 221.

## Ill.App.

**Ill.App.**2021. Cit. in case quot. in sup. Home-mortgage borrower filed claims for trespass and assault against lender that had obtained a judgment of foreclosure on her home and against lender's contractors, after contractors entered the home during the statutory redemption period to change the locks and winterize the home under the mistaken belief that borrower no longer lived there. The trial court granted lender and contractors' motion in limine barring borrower from introducing evidence of lender's internal protocols, policies, and procedures, and, after a hearing, dismissed borrower's trespass claims with prejudice, finding that she failed to state a claim for trespass under Restatement Second of Torts § 158. The court pointed out that the mortgage contract gave lender the right to enter the home to make repairs for the preservation of the home, which was not qualified or made subject to compliance with any of its internal protocols, policies, or procedures. Schweihs v. Chase Home Finance LLC, 187 N.E.3d 1196, 1207.

**Ill.App.**2016. Com. (*i*) and illus. 5 quot. in case quot. in sup. (erron. cite as com. (*l*)). Successor trustee brought an action against village, alleging that defendant's renovation of a detention pond caused the pond to overflow during a heavy rain and flood trust's nearby office building, and seeking, inter alia, a writ of mandamus directing defendant to take action to bring its parcel and pond into compliance with an easement agreement and a county watershed ordinance. The trial court granted defendant's motion to dismiss. This court affirmed in part, holding that the trial court did not err in dismissing with prejudice plaintiff's claim for a writ of mandamus, because other relief was available, given that plaintiff's tort claims were not barred by Illinois's Local Governmental and Governmental Employees Tort Immunity Act. Citing Restatement Second of Torts § 158, the court also reasoned that defendant's reconstruction and maintenance of the pond were not part of it official duties as a public officer and it could not be compelled to perform official duties with regard to the pond. Salvi v. Village of Lake Zurich, 66 N.E.3d 894, 914.

**Ill.App.**1987. Com. (i) cit. in case quot. in disc. A group of homeowners sued a township and its land improvement committee for trespass, nuisance, and negligence, alleging that their properties were flooded after the township made improvements to a

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 37 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

drainage system. The trial court found for the plaintiffs on their trespass and nuisance claims. This court affirmed in part and reversed in part, holding, inter alia, that the trial court's instruction to the jury on the issue of intentional trespass requiring it to find that the defendants knew or were substantially certain that the drainage project would result in the invasion of the plaintiffs' property by altering the flow of water, and that such interference was unreasonable, was an adequate and proper instruction. Dovin v. Winfield Tp., 164 Ill.App.3d 326, 115 Ill.Dec. 433, 437, 517 N.E.2d 1119, 1123.

**Ill.App.**1983. Cit. in case cit. in disc. The plaintiff, a downstream landowner, brought this intentional trespass action when the defendant, the upstream owner, installed culverts in a creek, thereby flooding the plaintiff's basement. The trial court granted the plaintiff's motion for summary judgment. This court reversed, holding that material issues of fact precluded summary judgment. The plaintiff failed to prove that the defendant's acts posed a high degree of certainty that intrusion on the plaintiff's property would result, and that the defendant's installation of the culverts caused the harm. This court noted that the claim did not involve riparian rights because the plaintiff's complaint was for harm caused by the water and not for interference with the use of the water. The court concluded that, although an action may be maintained for both trespass and private nuisance, the plaintiff's complaint alleged a trespass since the plaintiff was suing only for a single instance of flooding. Colwell Systems, Inc. v. Henson, 117 Ill.App.3d 113, 72 Ill.Dec. 636, 452 N.E.2d 889, 892.

**Ill.App.**1982. Subsec. (a) cit. in sup. Several members of a farm family brought an action against the owner of an adjoining property, alleging that they had suffered both health and property damage caused by pollution from heavy metal and phenol stored on the defendant's property. The trial court refused the plaintiff's requested instruction defining "trespasser." The jury returned a verdict for the defendant, and the plaintiffs appealed from the denial of their motion for a judgment n.o.v. or a new trial. This court affirmed. The court held that the jury had sufficient evidence from which it could conclude that the plaintiffs' alleged physical ailments were not caused by the defendant. The court further held that it was not error for the trial court to refuse to give the requested instruction. The plaintiffs had argued on appeal that because the court had given the jury instructions on ultrahazardous activity, the application of the doctrine of strict liability under an ultrahazardous activity theory was analogous to a finding of an intentional intrusion onto the land. The court rejected this contention, noting that recovery for trespass could only be sought where the intrusion was intentional. The plaintiffs failed to plead or prove the requisite intent, and were not entitled to recover on a theory of trespass. Johnson v. Tipton, 103 Ill.App.3d 291, 59 Ill.Dec. 179, 186, 431 N.E.2d 464, 471.

**Ind.**

**Ind.**2012. Com. (*i*) quot. in sup. Landowner sued steel-fabrication company and its owner and employees, alleging, among other things, that defendants committed trespass by depositing company's waste on his land. The trial court granted summary judgment for defendants on plaintiff's trespass claims. Reversing as to these claims and remanding, this court held, inter alia, that a genuine issue of material fact existed as to whether plaintiff consented to the dumping of solid waste on his property. The court noted that a defendant did not have to personally enter upon the plaintiff's land for it to constitute trespass, but could trespass by causing a thing to enter the land. Reed v. Reid, 980 N.E.2d 277, 294.

**Ind.App.**

**Ind.App.**1997. Cit. in headnote, cit. in case quot. in sup., com. (b) quot. in case quot. in sup. Property owners who had received notice from an oil company that operated a refinery of the possible underground migration of oil onto their properties sued the oil company for, in part, intentional trespass. The trial court entered judgment on the evidence, finding defendant liable for intentional trespass. Reversing in part and remanding, this court held, inter alia, that plaintiffs failed to fulfill the intent element of intentional trespass, because the evidence did not point unerringly to the conclusion that defendant knew or was substantially certain that oil would migrate onto plaintiffs' property if it operated its refinery. Martin v. Amoco Oil Co., 679 N.E.2d 139, 140, 147.

**Ind.App.**1967. Cit. in sup. The plaintiff brought an action for damages to his real property incurred when the defendants' truck collided with his trees and tore up his grass and soil. The defendants appealed the trial court's refusal to permit an amendment

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 38 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

to the answer to the effect that the entry was unintentional and involuntary, and its denial of a motion for a new trial. Reversing, the appellate court held that the amendment and new trial should be allowed, since no liability will attach if the entry into the plaintiff's land was involuntary, whether intentional or not. Hawke v. Maus, 226 N.E.2d 713, 716.

## Iowa

**Iowa,** 2004. Subsec. (c) quot. in sup. After landowners and city exchanged parcels of land, landowners brought suit for a declaratory judgment that city had no legal right to keep its sewer lines running under landowners' parcel. Trial court rejected plaintiffs' claims for trespass, rent, and declaratory relief, and granted city an easement. This court reversed in part and remanded for a determination of damages based on the diminution in the value of the property due to city's trespass. Because city had no legal right to have its sewer lines on plaintiffs' property and had failed to remove them, it was committing a continuing trespass. Although injunctive relief was not warranted, plaintiffs were entitled to damages. Nichols v. City of Evansdale, 687 N.W.2d 562, 568, 572.

**Iowa**, 1994. Cit. in headnotes, quot. in part in sup. Operator of passenger excursion boats sued city and competitor, alleging trespass, conversion, and other claims. Affirming the trial court's grant of summary judgment for defendants, this court held, inter alia, that plaintiff, which had vacated property leased from city when it removed its riverboat and barges but whose lease with the state department of natural resources of the riverbed adjacent to city's property extended for several more years, did not have actual or constructive possession of the riverbed, as required to maintain its trespass claim against city or competitor, which had begun construction of docking facilities and operation of excursions from the leased area. Robert's River Rides, Inc. v. Steamboat Development Corp., 520 N.W.2d 294, 295, 301.

## Kan.

**Kan.**1993. Cit. in disc. Landowners whose home was damaged when a mine under the property collapsed sued the mining company in trespass. The intermediate appellate court affirmed the trial court's entry of summary judgment against the landowners. Reversing and remanding, this court held that the applicable ten-year statute of repose commenced running when the subsidence occurred, not when mining activities ceased, so that the action was not time-barred. Nida v. American Rock Crusher Co., 253 Kan. 230, 855 P.2d 81, 86.

## La.App.

**La.App.**2001. Quot. in disc. Landowner sued barge owner and others, seeking an injunction compelling removal of a barge that broke from its mooring during hurricane and became stranded on plaintiff's property. Trial court granted plaintiff preliminary injunctive relief and determined that defendants were liable under state trespass law. This court reversed in part, holding, inter alia, that defendants were not liable for trespass, because they took no intentional actions that resulted in the stranding of the barge on plaintiff's land. Furthermore, defendants were not at fault in causing the trespass, since the stranding of the barge was caused solely by an act of God. Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Co., 803 So.2d 86, 94-95, writ denied 811 So.2d 887 (2002).

**La.App.**1974. Cit. in sup. The lessee of a phonograph brought this action against the lessor for tortious trespass allegedly committed by the lessor's agents in the course of repossessing the phonograph. The lessor appealed from an adverse judgment, claiming that the written lease contract authorized the otherwise illegal entry into the lessee's home, and that the evidence did not support the award of damages. This court affirmed. After holding that the contract failed to legitimate the otherwise illegal entry, the court recognized that the common law allowed nominal damages for trespass and punitive damages for trespasses which were intentional, willful, or wanton, but that punitive damages were not allowed in Louisiana. However, the award in this case was within the trial court's discretion because compensatory damages could include awards for mental anguish and

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 39 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

embarrassment, even where the violation of the lessee's property rights caused no pecuniary damage. Fassitt v. United T.V. Rental, Inc., 297 So.2d 283, 287.


**Me.**

**Me.**2008. Subsec. (a) quot. in sup. Landowners brought claim for common-law trespass against resident of, and trust that owned, an abutting parcel, seeking damages and an injunction requiring the removal of defendants' new gravel driveway that allegedly cut across plaintiffs' land. The trial court entered judgment holding that defendants were not liable for common-law trespass, because plaintiffs failed to offer any evidence about the value and location of trees that were removed to accommodate the driveway. This court vacated the judgment as to this claim and remanded, holding that a person was liable for common-law trespass if he intentionally entered land in the possession of another or caused a thing or a third person to do so, irrespective of whether he thereby caused harm to any legally protected interest of the other; thus, the trial court erred in suggesting that plaintiffs would have to prove something more than this in order to prevail on their claim. Medeika v. Watts, 2008 ME 163, 957 A.2d 980, 982.


**Md.**

**Md.**2007. Cit. and quot. in case cit. in disc., cit. and quot. but dist. in case quot. in sup., subsec. (c) cit. in case cit. in disc. Landlord sued tenant corporation's officers and directors, alleging, in part, that defendants committed a trespass by leaving behind hazardous waste on the leased premises after the termination of the lease. The trial court granted summary judgment for defendants, but the court of special appeals reversed as to the trespass claim. Reversing on this portion of the complaint, this court held that no cause of action for trespass lay against defendants under Maryland law; when materials were left on real property at the conclusion of a defendant's lawful possession of the property, there was no cause of action in trespass if the materials entered the land before or during the defendant's lawful possession. Hanna v. ARE Acquisitions, LLC, 400 Md. 650, 929 A.2d 892, 894, 895, 897.

**Md.**1992. Subsec. (b) and com. (k) cit. in case quot. in disc. Radio station owner began negotiations with a prospective purchaser of the station, and prospective purchaser was permitted to take possession of the premises under a sub-sublease and operate the station pending FCC approval of assignment of the broadcast license. When the deal had not closed by the expiration date of the sub-sublease and purchaser refused to vacate, owner filed an action in ejectment against purchaser and its chief executive officer (CEO). The court of special appeals affirmed the trial court's entry of final judgment in favor of the CEO. Reversing and remanding, this court held that purchaser became a trespasser when it refused to vacate the premises after a proper demand had been made, and that the CEO who made the decision not to vacate could be held personally liable for damages. Metromedia v. WCBM Maryland, 327 Md. 514, 610 A.2d 791, 794.

**Md.**1972. Cit. in sup. This was an action by trespassers against the owners of a dog for injuries sustained when they were attacked by the dog on the owners' property. Plaintiffs alleged that the owners of the dog knew of its vicious propensities. The attack occurred in the daytime when plaintiffs docked their boat at defendants' pier and disembarked from the boat onto the pier as "inadvertent trespassers." In affirming a judgment for defendants, the court held that, absent a showing of willful or wanton misconduct on the part of the defendants or that defendants did any more than simply take reasonable precautions against undesired infringement or trespassers, the defendants were not liable for the injuries sustained by the plaintiffs. Bramble v. Thompson, 264 Md. 518, 287 A.2d 265, 267.

**Md.**1968. Cit. but dist. The plaintiff, the owner of a house left vacant on its lot for several years, sued the defendants, two five-year-old boys and their parents, for damages received when the boys entered the house, accidently started a fire therein, and burned it down. Although the Maryland rule would have subjected the defendants, as the boys were trespassers, to liability irrespective of negligence, since the plaintiff permitted the cause to proceed to the jury as a negligence case, a judgment that the defendants were not negligent, and, hence,not liable, was affirmed. Paramount Dev. Corp. v. Hunter, 249 Md. 188, 238 A.2d 869, 870.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 40 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**Md.Spec.App.**

**Md.Spec.App.**1982. Cit. in disc. The plaintiffs, parents of a deceased child, brought suit against a contractor, the developer of a housing development, and others for the wrongful death of their son. The child was fatally injured when he and other children pushed a heavy pipe uphill in order to ride it downhill, and the pipe rolled over him. The lower court granted the defendants' motion for a directed verdict, and the plaintiffs appealed. This court affirmed. The court first discussed the duty of care owed to an individual on another's land based upon the status of the individual. The court then held that even if the decedent were an invitee originally, he was a trespasser with regard to the pipes he played with, because he exceeded the scope of any proffered invitation. Last, the court held that there was no basis for imposing strict liability on the defendants because storing pipe in order to improve a residential water and sewage system was not an abnormally dangerous activity. Kirby v. Hylton, 51 Md.App. 365, 443 A.2d 640, 643.

**Mass.App.**

**Mass.App.**2015. Subsecs. (a) and (b) quot. in sup. Roman Catholic archbishop brought an action for declaratory and injunctive relief against former parishioners who maintained a vigil on the church property since the closure of the church. The trial court entered judgment for plaintiff. This court affirmed, holding that the trial court did not err in enjoining defendants from entering on church property and finding that they were trespassers, because plaintiff was the owner of the property and defendants intentionally entered and stayed on the property without permission, justification, or excuse. In making its decision, the court cited Restatement Second of Torts § 158 for the standard of liability for the tort of trespass. Roman Catholic Archbishop of Boston v. Rogers, 88 Mass.App.Ct. 519, 526, 39 N.E.3d 736, 743.

**Mass.App.**2005. Cit. and quot. in sup. After seller of condominium unit sued the buyers regarding ownership of condominium's parking space, buyers sued their insurance company for breach of contract and declaratory judgment that insurer was required to defend and indemnify them against seller's suit. Trial court granted insurer summary judgment. This court reversed and remanded, holding that, because seller's suit against buyers alleged trespass and stated a claim for wrongful entry, insurer had a duty to defend insureds. The allegations in seller's suit met elements of trespass at common law, because seller alleged she was in possession of parking space at the time plaintiffs entered, that they occupied the space with their car, and that they did not remove car when told to do so. Dilbert v. Hanover Ins. Co., 63 Mass.App. 327, 333, 334, 825 N.E.2d 1071, 1077, 1078.

**Mass.App.**2003. Com. (j) quot. in sup. Defendant was convicted of trespass by agency after crane operator hired by defendant to move cement blocks hoisted blocks in airspace above victims' driveway. Reversing, this court held that defendant was not liable for crane operator's actions, which did not amount to criminal trespass. Com. v. Santos, 58 Mass.App.Ct. 701, 705, 792 N.E.2d 702, 705.

**Mass.App.**1977. Cit. in sup. This was an action for specific performance of a real estate sales contract, brought by the purchaser against the vendor and the adjoining owner whose porch had allegedly encroached on the vendor's property. After the adjoining owner disclaimed any rights in the land on which the porch stood, the trial court dismissed her as a party defendant, from which ruling plaintiff appealed. The court held that, since the alleged encroaching porch no longer existed, and since she had disclaimed any right in the land under the porch, dismissal as to the adjoining landowner was proper, and that the purchaser was not entitled to damages arising out of the adjoining owner's trespass, if any, which caused no injury to the plaintiff's equitable interest. Smith v. MacAlister, 5 Mass.App. 798, 360 N.E.2d 1277, 1278.

**Mich.App.**

**Mich.App.**1999. Com. (i) quot. in disc. Homeowners sued operator of nearby iron mine for trespass and nuisance, alleging that they were harmed by dust, noise, and vibrations emanating from mine. The trial court entered judgment on a jury verdict

Case 2:23-cv-00164-cr  Document 53-2  Filed 10/06/23  Page 41 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

for plaintiffs on the issue of trespass. Reversing and remanding, this court held, inter alia, that noise, vibrations, and even dust particles were all considered intangible objects for purposes of the law of trespass, which required a direct and physical invasion by a tangible object. Adams v. Cleveland-Cliffs Iron, 237 Mich.App. 51, 602 N.W.2d 215, 224.

**Minn.**

**Minn.**2012. Quot. in case quot. in sup. Organic farmers brought trespass and other claims against provider of farm products and services that sprayed pesticides on conventionally farmed fields adjacent to plaintiffs' fields, alleging that the pesticides, as particulate matter, drifted onto and contaminated plaintiffs' fields. The trial court granted summary judgment for defendant. The court of appeals reversed. Reversing in part, this court held, as a matter of first impression, that plaintiffs' trespass claim failed as a matter of law, because particulate matter could not result in a trespass. The court reasoned that trespass claims addressed tangible invasions of the right to exclusive possession of land, and that plaintiffs did not allege that a tangible object invaded their land or that defendant's actions had prevented them from possessing any part of their land. Johnson v. Paynesville Farmers Union Co-op. Oil Co., 817 N.W.2d 693, 701.

**Minn.**1974. Cit., and quot. in ftn., in disc. The plaintiff sued to recover damages for personal injuries sustained when he fell from a ladder, which was leaning against his own house, onto a radiator discarded by his neighbor which was allegedly on the plaintiff's property. In affirming a judgment for the defendant, the court held that the jury charge was sufficient to convey the idea that an intentional placing of the radiator on the plaintiff's property would constitute a trespass and that since the jury found that there was no trespass, the trial court did not commit reversible error in explaining contributory negligence and assumption of risk to the jury, even though these were not defenses to the plaintiff's action. Victor v. Sell, 222 N.W.2d 337, 340.

**Miss.**

**Miss.**1985. Quot. in sup. The Mississippi State Bar Committee on Complaints found an attorney guilty of civil trespass, and held that the attorney should be privately reprimanded for such action, as it violated the Code of Professional Responsibility for attorneys. The attorney, as a representative of a restaurant's insurer, and an arson investigator entered the remains of a burned out restaurant without the owner's permission and without the attorney identifying himself to the owner as the insurer's representative. The attorney appealed the decision to reprimand, and this court affirmed the decision, holding that the evidence was clear and convincing to support the finding that the attorney committed civil trespass without a valid defense. An Attorney v. Mississippi State Bar Ass'n, 481 So.2d 297, 299.

**Mo.App.**

**Mo.App.**2000. Cit. in sup. Landowner sued neighbor for, inter alia, trespass. The trial court dismissed the complaint. Reversing and remanding, this court held, among other things, that defendant's construction of a fill area and a tie wall on land belonging to both parties was sufficient to support a cause of action for trespass. Rosenfeld v. Thoele, 28 S.W.3d 446, 449.

**Mont.**

**Mont.**2022 Cit. in diss. op. Homeowners brought an inverse-condemnation claim against city, alleging that plaintiffs' home was damaged for public use without just compensation when city sewers suffered a grease clog, resulting in a sewer blockage and raw sewage flooding plaintiffs' basement. The trial court granted defendant's motion for summary judgment. This court affirmed, holding that the sewage backup was not a constitutional damaging of plaintiffs' property for public use, because the record did not indicate that defendant deliberately designed the sewage system in a way that made plaintiffs' injury foreseeable. The dissent argued that the majority eroded plaintiffs' constitutional rights against physical invasions of property caused by public-works improvements, and pointed out that state constitutional provisions protecting against government takings and

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 42 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

damage to property included recovery for trespass, as defined by Restatement Second of Torts § 158, caused by foreseeable and temporary invasions of property due to nearby public improvements. Wittman v. City of Billings, 512 P.3d 1209, 1223.

**Mont.**2019. Cit. in sup. Property owner filed a complaint for possession or trespass against daughter, who initially lived on the property with owner's express permission, after daughter began interfering with owner's use and enjoyment of the property by, among other things, moving a manufactured home onto the property. After a jury found that daughter was trespassing, but that the trespass did not cause owner any damages, and that owner had in fact been unjustly enriched at daughter's expense, the trial court entered a judgment awarding daughter damages in the amount of owner's unjust enrichment and awarding owner possession of the property. Affirming, this court held that the trial court did not err by entering a judgment granting owner equitable relief in the form of possession, given the jury's finding of trespass against daughter. The court noted that, under Restatement Second of Torts §§ 158 and 163, a civil trespass encompassed both the initial unauthorized entry upon the property of another and the subsequent failure to cease or abate the intrusion. Renz v. Everett-Martin, 450 P.3d 892, 896.

**Mont.**2017. Cit. in sup. Property owners brought an action against neighbors, seeking an order compelling defendants to remove allegedly trespassing encroachments on plaintiffs' property and to restore the property to its prior condition subject to plaintiffs' right to do so at defendants' expense if they failed to timely act. The trial court entered summary judgment for plaintiffs, finding that defendants' encroachments and tree-felling constituted trespasses, and denied plaintiffs' motion for an order compelling immediate removal of the encroachments and site restoration. This court held that the trial court did not abuse its discretion in denying plaintiffs' motion for an order for immediate removal of defendants' trespassing encroachments and restoration of plaintiffs' land. The court cited Restatement Second of Torts §§ 158 and 163 in setting forth the distinctions between common-law trespass and ejectment claims, and determined that, while, here, plaintiffs successfully obtained a judgment declaring their right to exclusive possession of their property, they were not entitled to any other relief for their common-law ejectment claim prior to final judgment. Davis v. Westphal, 405 P.3d 73, 82.

**Mont.**2015. Com. (m) quot. in case quot. in sup. Property owners filed, inter alia, nuisance and trespass claims against smelting operator's successor in interest, alleging that defendant was liable for failing to remove abatable pollution that the smelter had emitted and that had settled on plaintiffs' properties. The trial court granted defendant's motion for summary judgment, finding that the claims were time barred. This court reversed in part, holding that plaintiffs' claims of continuing nuisance and trespass did not require evidence that the contamination was migrating, and there was a genuine issue of material fact as to whether the contamination was reasonably abatable. The court cited a Supreme Court of Washington decision that relied on Restatement Second of Torts § 158, Comment *m*, for the definition of a "continuing trespass," and determined that, while migration was an important factor, it was not determinative or required to establish a continuing nuisance or trespass. Christian v. Atlantic Richfield Co., 380 Mont. 495, 510, 358 P.3d 131, 143.

**Mont.**2012. Quot. in case quot. in sup. Landowner brought a trespass claim, inter alia, against abutting property owners, alleging that a tree on defendants' land extended over the parties' shared fence and that the tree's roots grew onto plaintiff's property. The trial court dismissed the complaint. Reversing in part and remanding, this court held that plaintiff adequately stated a claim for trespass under Montana law by alleging that the roots of defendants' tree had entered, remained on, and damaged his property. Martin v. Artis, 2012 MT 249, 366 Mont. 513, 290 P.3d 687, 691.

**Mont.**2007. Adopted in case cit. in disc. School district and numerous adjoining private-property owners sued oil company for damages caused by the migration of benzene onto their properties from oil company's neighboring refinery. The trial court entered judgment on a jury verdict awarding plaintiffs damages. Affirming in part, this court held, inter alia, that Montana's Comprehensive Environmental Cleanup and Responsibility Act did not preempt a common-law action of the type pursued by plaintiffs for trespass or wrongful occupation of property that sought restoration damages. The court noted that it had long recognized common-law actions for intentional and negligent trespass. Sunburst School Dist. No. 2 v. Texaco, Inc., 338 Mont. 259, 165 P.3d 1079, 1091.

**Mont.**1994. Quot. in case quot. in sup., subsec. (a) cit. in sup. The owners of downhill property sued the owners of uphill property for trespass, asserting that water diverted by the uphill owners to supply a trout pond was being discharged across their property via a swale. After the trial court declined to grant a permanent injunction, this court reversed and remanded, holding, inter alia, that the uphill owners' actions had "caused a thing," that is, the water, to enter the downhill owners' property, satisfying the elements of intentional trespass to real property, as it was clear that the uphill owners desired the overflow from their trout pond to be dispersed via the swale and to cross the downhill property. Ducham v. Tuma, 265 Mont. 436, 440, 877 P.2d 1002, 1005.

**Mont.**1989. Quot. in disc., cit. in case cit. in disc. Property owners sued their neighbors for trespass and damages, alleging that a dam on defendants' land caused water to back onto plaintiffs' property, causing extensive damage to the land and making their home uninhabitable. The trial court entered judgment on a jury verdict for the defendants. Affirming, this court held that there was substantial credible evidence that supported the jury's finding that there was no intentional, reckless, or negligent trespass, since the flooding could have been caused by a blocked county-owned culvert. Guenther v. Finley, 236 Mont. 422, 769 P.2d 717, 719.

**Mont.**1986. Quot. in sup. Landowners sued an adjacent landowner and developer for damages incurred when the plaintiffs were excavating on their newly purchased land and severed a drain pipe that ran under the plaintiff's property from the defendant adjacent landowner's septic tank. After a series of motions and cross-motions, the trial court awarded damages to the plaintiffs against the developer. This court affirmed the trial court's findings, stating, inter alia, that the trial court was correct in holding that the plaintiffs committed no intentional intrusion on the land of another and that, since the plaintiffs had no notice of the drain line under their property, the adjacent landowner's trespass claim was denied. Branstetter v. Beaumont Supper Club, Inc., 224 Mont. 20, 727 P.2d 933, 935.

**Neb.**

**Neb.**2006. Subsec. (a) quot. in sup., com. (i) quot. and cit. generally in sup. Property owners sued neighbors for trespass after neighbors connected to a public sewer line that ultimately connected to a private sewer line that ran under owners' undeveloped property. The trial court denied plaintiffs' request for injunctive relief. Although this court affirmed, it held, inter alia, that plaintiffs had proven a direct trespass and met the tort's possession requirement. The court reasoned that, while the geographic point at which defendants connected to the sewer was not on plaintiffs' property but under a public street, it was more than a substantial certainty that the connection would cause sewage to enter and pass through plaintiffs' private sewer line running beneath the surface of plaintiffs' property before reaching the city sewer system. Lambert v. Holmberg, 271 Neb. 443, 448, 449, 712 N.W.2d 268, 274, 275.

**N.H.**

**N.H.**2013. Sec. and com. (e) quot. in sup. Tenant of apartment building brought trespass and other claims against bank that held two mortgages on the building, after bank, more than two months before a foreclosure sale of the building was scheduled, changed the locks and boarded up the building's entranceways upon being notified by the city that the building was uninhabitable due to lack of maintenance. The trial court granted summary judgment for bank. Affirming, this court upheld the trial court's determination that bank was privileged to enter the building by virtue of its mortgage agreement with landlord, which expressly allowed it to secure the building. The court rejected tenant's argument that bank could not have been privileged because it was not the "owner" within the meaning of the relevant state statute, explaining that an actor's privilege to trespass could be derived from other sources, including the consent of the possessor, the actor's interest in the property at issue, or the actor's interest in abating a public or private nuisance. Case v. St. Mary's Bank, 63 A.3d 1209, 1216.

**N.H.**1972. Cit. but dist. The plaintiffs landowners brought an action against defendant dam owners for property damage caused by the negligent failure of defendants to properly maintain a dam which resulted in a large discharge of water upon plaintiffs' properties. Defendants' motion to dismiss plaintiffs' counts seeking recovery on the basis of strict liability was granted since the

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 44 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

invasion was not intentional and strict liability would not be imposed on defendants under the theory that the dam constituted an ultrahazardous activity creating undue risk of harm to the community. Defendants' motion to dismiss plaintiffs' petition for assessment of damages under the statute imposing on dam owners the duty to so maintain and repair a dam that it would not fall into disrepair was denied and the issue remanded, the court holding that the statute had been violated and plaintiffs' lands were within the orbit of the risk of danger resulting from such violation. Defendants' motion to dismiss the claim for damages to a parcel of land subject to a reservation in a deed reserving flowing rights to defendants' predecessor in title was denied and remanded to determine extent of reservation. Moulton v. Groveton Papers Company, 289 A.2d 68, 72, 51 A.L.R.3d 957.

## N.J.

**N.J.**2020. Quot. in diss. op.; com. (d) cit. in ftn. to diss. op. Property owners filed a trespass claim against neighbors who hired contractors that removed bamboo from owners' property without permission. The trial court granted summary judgment for neighbors, and the court of appeals affirmed. Affirming, this court held that owners were not entitled to damages, because they failed to show any diminution in property value caused by the loss of the bamboo, and, while owners presented evidence of the cost to restore the bamboo, they failed to show that there was some peculiar value as to the specific type of bamboo that was lost, or that the costs would be reasonable and proportionate, as required to recover restoration damages. The dissent cited Restatement Second of Torts § 158 in arguing that owners presented a claim for which nominal damages were presumed under settled law of trespass, as well as a prima facie claim for reasonable damages for the destruction of the bamboo trees on their property. Kornbleuth v. Westover, 227 A.3d 1209, 1228.

**N.J.**2015. Cit. in sup. Property owners brought private nuisance and trespass claims against neighbor, among others, alleging that their residence was damaged by the migration of home-heating oil from a leaking underground storage tank located on neighbor's property. The trial court granted summary judgment for defendants. The court of appeals affirmed. Affirming, this court held that plaintiffs' allegations did not provide a basis for a claim of trespass under Restatement Second of Torts §§ 158, 161, or 165, because plaintiffs did not contend that their damages derived from negligent, reckless, intentional and unreasonable, or abnormally dangerous conduct by defendants. The court pointed to evidence that neighbor arranged for the tank to be tested before she purchased the property, at which time no leak was detected, and that she arranged for the tank to be tested against when she contracted to sell the property four years later, and that she promptly notified her insurers when the second test revealed the leak. Ross v. Lowitz, 120 A.3d 178, 188, 189.

## N.J.Super.

**N.J.Super.**1990. Cit. in disc. A property owner sued his neighbor when a tree from the neighbor's adjoining land fell onto the property owner's land for no apparent reason. The trial court granted summary judgment in favor of the plaintiff property owner, finding that the fallen tree constituted a nuisance imposing strict liability on the neighbor. This court reversed and remanded, holding that a question of fact was presented as to whether the neighbor was negligent in not making a reasonable use of his property. The court questioned the approach of asking whether the incident lent itself to identification as a trespass or nuisance, and stated that strict liability should not be imposed absent intentional or hazardous activity requiring a higher standard of care or, as a result of a compelling policy reason. It noted that neither the theory of nuisance nor trespass would have resulted in the application of absolute liability in this case, under Restatement principles. Burke v. Briggs, 239 N.J.Super. 269, 571 A.2d 296, 298.

## N.M.App.

**N.M.App.**2016. Cit. in disc. Property owners brought a trespass claim against neighbors who channeled a wash and performed other earthwork on plaintiffs' property without permission; defendants counterclaimed, alleging that plaintiffs were also liable for trespass because they cleared vegetation and built a fence on defendants' property without permission. The trial court granted plaintiffs' motion for a directed verdict on defendants' counterclaim on the basis that defendants failed to prove that plaintiffs'

Case 2:23-cv-00164-cr  Document 53-2  Filed 10/06/23  Page 45 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

alleged trespass caused defendants to suffer any damages. This court affirmed as to the dismissal of defendants' counterclaim, noting that, although proof of damage was not an element of trespass under Restatement Second of Torts § 158, defendants failed to specifically alert the trial court to the availability of nominal damages for their trespass claim, a prerequisite to preserving a question of law for appellate review. Holcomb v. Rodriguez, 387 P.3d 286, 291.

**N.M.App.**1980. Cit. in sup. The plaintiff property owner sued the defendant electric utility company in trespass for compensatory and punitive damages, alleging that the defendant had intentionally or negligently and unlawfully entered onto the plaintiff's property and bulldozed roads along two adjacent sides of and diagonally across the plaintiff's property causing extensive and permanent damages. The trial court granted the defendant's motion to dismiss for failure to state a claim upon which relief could be granted. This court reversed citing several authorities for the proposition that every unauthorized entry upon the land of another is a trespass which entitles the owner to a verdict of some damages so that the plaintiff's petition stated a claim for relief in trespass together with the right to punitive damages. North v. Public Service Company of New Mexico, 94 N.M. 246, 608 P.2d 1128, 1129, appeal after remand 97 N.M. 406, 640 P.2d 512 (1982), certiorari quashed 101 N.M. 11, 677 P.2d 624 (1984).

**N.Y.Sup.Ct.App.Div.**

**N.Y.Sup.Ct.App.Div.**1993. Com. (i) cit. in diss. op. A county sought a declaratory judgment as to rights and obligations under its comprehensive and general liability policies. Affirming a grant of summary judgment for the insurers, this court held that a complaint that leachate from the county's property contaminated the complainant's property was not within a personal injury coverage for "wrongful entry or eviction or other invasion of the right of private occupancy." A dissent argued that the underlying complaint pleaded more than just a cause of action for environmental property damage and set forth sufficient facts to bring the claim of trespass within the scope of the personal injury coverage. County of Columbia v. Continental Ins. Co., 189 A.D.2d 391, 397, 595 N.Y.S.2d 988, 992.

**N.Y.Sup.Ct.App.Div.**1992. Cit. in disc. A buyer of a parcel of property on which a contractor that had been hired by a railroad to remove 12 miles of track had stored approximately 20,000 railroad ties sued the railroad and the contractor for trespass, inter alia. The trial court dismissed the claim and awarded judgment to the defendants. Affirming as modified, this court held that, since the evidence showed that the defendant railroad sold the railroad ties to the defendant contractor before the contractor placed the ties on the property without the railroad's involvement, the railroad could not be held responsible to the plaintiff for trespass. The court held, however, that the plaintiff made out a prima facie case of trespass against the contractor, since the oral license to store the ties by virtue of the previous owner's consent effectively terminated when the plaintiff purchased the property and commenced efforts to notify the defendants that it wanted the ties removed. River Valley Assoc. v. Consolidated Rail, 182 A.D.2d 974, 581 N.Y.S.2d 935, 937.

**N.Y.Sup.Ct.App.Div.**1974. Illus. 5 cit. in sup. Plaintiffs brought suit to recover for damage done to their farms which were flooded due to a surcharge of diffused surface waters into the flow of a creek, which drained the farms. Plaintiffs alleged that the flooding was caused by the state's relocation of a highway. From judgment for plaintiffs the state appealed. The court affirmed and held that an owner of land cannot, by drains or other artificial means, collect the surface water into channels, and discharge it upon the land of his neighbor to his injury. And furthermore, a state has no greater right than an individual to collect the surface water from its lands or streets into an artificial channel and discharge it upon the lands of another. Nor has it any immunity from legal responsibility for creating or maintaining nuisances. Musumeci v. State, 43 App.Div.2d 288, 351 N.Y.S.2d 211, 215.

**N.Y.Sup.Ct.App.Div.**1966. Com. (c) cit. in sup. in conc. op. The plaintiffs, owners of land abutting the highway, sought damages from the defendant State of New York for attempted appropriation of permanent easements in order to prevent erection of billboards and outdoor advertising on the plaintiffs' premises. The court dismissed the plaintiffs' claim, finding no intentional trespass or tort committed in the defendant state's attempted restrictions, but rather only a judgment error in construing the relevant section of the Highway Law. Terrace Hotel Company v. State of New York, 26 N.Y.2d 23, 270N.Y.S.2d 460, 464, reversed 19 N.Y.2d 526, 281 N.Y.S.2d 34, 227 N.E.2d 846.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 46 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

## N.C.

**N.C.**1973. Cit. com. (e) in sup. Plaintiffs were owners of a home and lot. They sued a taxicab driver and his employer to recover for damages to the house caused by the taxi cab rolling into it. They alleged that the driver was an employee of the taxi company and was acting within the scope of his employment at the time of the accident. They also alleged that his entry onto their land was intentional and unauthorized and, therefore, constituted a trespass. The defendants alleged that the damage to the house was proximately caused by the criminal act of a passenger in the taxi cab, who directed the defendant driver to drive to the house and struck the driver in an attempt to rob him, in the course of which attempt the taxi cab moved forward and struck the house. At the close of plaintiffs' evidence, defendants moved for a directed verdict. The lower court granted such motion and the plaintiffs appealed. Held: Judgment affirmed. The question on appeal was whether the evidence in the record, considered in the light most favorable to plaintiffs and giving them the benefit of every reasonable inference therefrom was sufficient to support a verdict in their favor. Plaintiffs did not contend that the driver was negligent. Nor did the evidence show any negligence on his part. Evidence that the driver drove an automobile off the public highway and across private property so that it struck a building is not sufficient to entitle the innocent owner of the building to recover damages. The right of the owner of a building to recover for such damage to his property must rest on proof of some wrongful act or neglect of the defendant, which was the proximate cause of the injury. The court also held that the evidence failed to show a trespass on the driver's part, and was not sufficient to support a judgment against him. Smith v. Voncannon, 283 N.C. 656, 197 S.E.2d 524, 527.

## N.C.App.

**N.C.App.**1977. Cit. in sup. Plaintiffs, tenants of a housing authority, brought an action against a sheriff and his deputies to recover damages arising out of defendants' actions in executing an eviction order after housing authority had requested the sheriff's office not to do so. The court affirmed judgment for defendants, holding, inter alia, that the defendants did not violate plaintiffs' rights within the meaning of the Civil Rights Act since the defendants' violation of an unofficial and informal agreement with the housing authority did not divest the defendants of their authority to execute a valid judicial order, and, therefore, the trial court did not err in refusing to instruct the jury as to this cause of action. McDowell v. Davis, 33 N.C.App. 529, 235 S.E.2d 896, 900, appeal dism'd 293 N.C. 360, 237 S.E.2d 848 (1977).

## N.D.

**N.D.**2020. Cit. and quot. in sup.; subsec. (a) cit. in sup.; com. (*i*) quot. in sup. Property owner brought claims for private nuisance and civil trespass against neighbor, after owner discovered a private water line on its property supplying water to neighbor's residence that had been placed by their common predecessor unbeknownst to either party. The trial court granted summary judgment for neighbor. This court reversed and remanded, holding that, while the mere existence of the private water line outside of an express easement did not necessarily support a claim for trespass, given the lack of tortious intent when the line was placed, neighbor's continued use of the water line, without a corresponding legal right or implied easement, could support a trespass claim. The court noted that, under Restatement Second of Torts § 158, trespass could be committed for failure to remove a thing placed on land that the person was under a duty to remove. G&D Enterprises v. Liebelt, 949 N.W.2d 853, 859.

## Ohio

**Ohio,** 1983. Quot. in part in sup. The defendants dug a trench across the plaintiff's driveway. The plaintiff's husband and one of the defendants began arguing over it, an the plaintiff went to call the police. When she returned, her husband was face-down in a puddle and the defendants were leaving. Her husband died. In an action for wrongful death and intentional trespass, the jury found for the plaintiff on the trespass claim, and awarded only foreseeable damages. The appellate court reversed and this court affirmed that reversal. This court held that the trespass had been intentional by definition, and intentional trespassers were liable

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

for all harm done by their trespass. Therefore, the damage award should have included unforeseeable as well as foreseeable damages. Baker v. Shymkiv, 6 Ohio St.3d 151, 451, N.E.2d 811, 813-814.

**Ohio,** 1968. Cit. but dist. The appellee, a subrogated insurer, had sued to recover an amount paid to its insured as a result of a fire allegedly caused by the two minor defendant appellants, who had been trespassers. The court remanded the case against one of the defendants since it ruled that the issues of proximate cause and damages must be shown to be related to the trespass and the harm. The case against the other defendant was dismissed as there was no evidence of participation by him. Allstate Fire Ins. Co. v. Singler, 14 Ohio St.2d 27, 43 Ohio Ops.2d 43, 236 N.E.2d 79, 80.

### Ohio App.

**Ohio App.**2018. Subsec. (a) quot. in case quot. in sup. Property owner brought claims for negligence and trespass against neighbor, neighbor's tenant, and county that constructed a culvert under a road that separated the two properties, seeking a permanent injunction to stop the flow of water from neighbor's property, through the culvert, and onto owner's property. The trial court granted summary judgment for owner on his claim for trespass against neighbor and tenant. The court reversed and remanded for the trial court to analyze owner's trespass claim under the reasonable-use standard, which applied where, as here, the trespass involved the flow of surface water. The court cited the definition of "trespass" set forth in Restatement Second of Torts § 158 in noting that the water that accumulated on neighbor's property did not lose its character as surface water when it percolated below ground, drained into the culvert, and flowed onto owner's property. Bonkoski v. Lorain County, 115 N.E.3d 859, 865.

**Ohio App.**2017. Cit. in case quot. in sup. Property owner brought trespass and other claims against neighbor, alleging that neighbor applied toxic herbicide to owner's property, killing owner's bamboo and other vegetation; neighbor counterclaimed for trespass, alleging that owner's invasive bamboo roots had been entering her land. After a bench trial, the trial court found that each party had committed a trespass. Reversing in part and remanding, this court held that the trial court erred in finding that the bamboo growth onto neighbor's land constituted a trespass, because neighbor presented insufficient evidence that property owner acted intentionally with regard to the bamboo encroachment. The court explained that, under Restatement Second of Torts § 158, intentional conduct was an essential element of a claim for trespass. Hayes v. Carrigan, 94 N.E.3d 1091, 1095.

**Ohio App.**1995. Quot. in case quot. in disc. Former employer sued former employee and his new employer for, inter alia, trespass after employee, without authorization, entered former employer's offices, viewed and copied files, and erased business records from former employer's data base. The trial court concluded that material factual issues existed as to employee's liability but granted new employer's motion for summary judgment. Affirming, this court held that new employer could not be found liable for trespass where he neither physically entered former employer's premises nor caused employee to do so. Biomedical Innovations v. McLaughlin, 103 Ohio App.3d 122, 658 N.E.2d 1084, 1087.

### Ohio Ct.Cl.

**Ohio Ct.Cl.**1999. Cit. in headnote, quot. in sup., com. (j) cit. in headnote and quot. in sup. A marina owner sued the department of natural resources for trespass, alleging that a dredging contractor hired by other marina owners crossed his property line. This court entered judgment for defendant, holding that defendant's involvement in the events that led to the trespass, if any, was too remote to justify the imposition of liability upon defendant. The evidence did not support the inference that defendant, by helping marina owners to secure a dredging permit, intended or even anticipated that a trespass would occur as a result of the dredging and dike repair. Lamberjack v. Ohio Department of Natural Resources, 99 Ohio Misc.2d 22, 714 N.E.2d 482, 482, 484-485.

### Okl.App.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 48 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**Okl.App.**2013. Quot. in case quot. in sup. After its real property was sold to buyers at a sheriff's sale, limited-liability company filed an action for trespass and to quiet title against buyers, claiming that it was the legal owner of the property. The trial court granted summary judgment for defendants on plaintiff's quiet title claim and dismissed plaintiff's trespass claim, finding that plaintiff lacked standing. Affirming, this court held that the trial court correctly ruled in favor of defendants, because, upon conclusion of the sheriff's sale, defendants were the equitable owners of the property. The court reasoned, in part, that the elements for proving a trespass claim required proof of interference with land "in the possession of" another, and plaintiff was not "in possession" of the property, nor did it have any other legally cognizable claim to the property. Cimarron River Ranch, L.L.C. v. Newman, 2013 OK CIV APP 79, 308 P.3d 1069, 1071.

**Okl.App.**1995. Quot. in sup., com. (c) quot. in sup. Surface owner of land who had granted a right-of-way to permit an exploration company to build a road over her land to drill a well on adjoining property sued the company after it located the road outside of the agreed-upon area, requesting, in part, permanent injunctive relief based on continuing trespass. The trial court denied plaintiff's request for injunctive relief and sustained defendant's demurrer on each of plaintiff's claims except for breach of contract and punitive damages. Reversing in part and remanding, this court held, inter alia, that plaintiff was entitled to a permanent injunction prohibiting defendant's unauthorized use of the wrongfully placed road, since money damages could not compensate plaintiff for the continuing trespass. The court said that defendant's use of the road invaded plaintiff's interest in the exclusive possession of her land. Angier v. Mathews Exploration Corp., 905 P.2d 826, 829, 830.

## Or.

**Or.**1970. Disc. in ftn. The plaintiff's pear trees were destroyed, over a period of years, by water leaking from the defendant's nearby canal. In affirming the verdict for the plaintiff the court held, inter alia, that the trial court properly refused to charge the jury that the greater social value of an undertaking might justify the risk of injury to others; that the jury need not be given elaborate explanations of the meaning of such words as "substantial"; and that while a trespass would create liability even without actual damage, a negligent intrusion would only incur liability for actual harm to property. Furrer v. Talent Irrigation District, 466 P.2d 605, 615.

**Or.**1968. Cit. in sup. This was an action by service station operator against an oil company and its agent, who, without plaintiff's consent, entered the home of plaintiff, who was behind in his account, and removed accounting and business records. The Circuit Court entered judgment allowing compensatory damages for trespass and a judgment n.o.v., allowing only compensatory damages for conversion. On appeal the Supreme Court held that the evidence provided a question for the jury whether the agent in good faith believed the security agreements between the oil company and the service station gave the agent the right to act as he did. Douglas v. Humble Oil & Refining Co., 445 P.2d 590, 591.

## Or.App.

**Or.App.**2020. Quot. in case quot. in sup. After wife discovered husband had an extramarital family, extramarital family members brought, among other things, claims of trespass against wife and marital family members, alleging that defendants entered into plaintiffs' home uninvited on multiple occasions and caused emotional damages when they dragged extramarital partner into a bedroom, struck her repeatedly, and prevented her from calling the police. The trial court dismissed, among other things, plaintiffs' trespass claims and entered judgment on a jury verdict for extramarital partner on her assault claim. This court reversed and remanded, holding that plaintiffs were entitled to damages arising from emotional distress caused by defendants' trespass. The court observed that Oregon followed Restatement Second of Torts § 158 in categorizing trespass as a strict-liability tort, under which defendants were liable for emotional damages resulting from their tortious actions. Chong Ok Chang v. Eun Hee Chun, 470 P.3d 410, 417, 418.

**Or.App.**1989. Cit. in disc. Property owners were convicted of the manufacture and possession of a controlled substance, after a police helicopter made numerous passes over their property without a warrant to determine if marijuana was growing there. Reversing and remanding, this court held that hovering over the defendants' property constituted a warrantless search that

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

violated their privacy rights. Although the court stated that it need not decide whether the defendants' property rights were also violated, it noted that such an intrusion in the airspace above privately owned land has been characterized as either a trespass or a nuisance. State v. Ainsworth, 95 Or.App. 240, 770 P.2d 58, 60.

**Or.App.**1986. Subsec. (a) cit. in sup. A husband sued his wife's attorneys to recover damages for, inter alia, the wrongful appointment of a receiver during the couple's divorce proceedings. The trial court entered summary judgment in favor of the attorneys, finding that the attorneys reasonably believed that the appointment was valid and proper in emergency circumstances. This court reversed in part and remanded the case, stating that the complaint was sufficient to state a claim for the wrongful appointment of a receiver if it could be shown that no emergency existed. Noting that an action for wrongful receivership is a variation of the tort of trespass, the court added that the attorneys need not have taken legal custody of the husband's business personally; they would be guilty of trespass if they caused the receiver to do so. Clausen v. Carstens, 83 Or.App. 112, 730 P.2d 604, 607.

**Or.App.**1982. Cit. in disc. The plaintiff instituted and action against the defendant city for inter alia, trespass to property and false imprisonment. Police officers had entered the property without a warrant on account of a complaint and arrested the plaintiff upon the belief that a burglary was being committed. The trial court entered judgment in favor of the plaintiff on these counts and the defendant appealed. The court defined trespass to real property as an intentional entry upon the land of another by one not privileged to enter. The court held that the police were privileged to enter the plaintiff's residence, as there was probable cause to believe that a burglary was being committed and the perpetrator was still on the premises. As the entry by the police did not constitute a trespass, the judgment, insofar as it awarded damages for trespass to property, was reversed. Collier v. City of Portland, 57 Or.App.341, 644 P.2d 1139, 1141.

**Or.App.**1981. Cit. in disc. Defendant was convicted of keeping a vicious dog in violation of a city ordinance. The trial court ruled that the trespasser exception to the vicious animal ordinance was inapplicable in light of the defendant's lack of control over the dog at the time and the inability of the victim, a child, and the dog to discern property lines. On appeal, the issue was whether the trespasser exception applied to the situation where a five-year-old child entered the defendant's property and was bitten by the defendant's dog. The appellate court noted that the fact that "as long as two years ago" the dog owner had asked the child not to come on her property did not establish that the owner had consented to the child's presence for the purpose of rendering inapplicable the trespasser exception; the owner's statement, no matter when made, could not be interpreted as a willingness to have children come onto the property. The court held that, absent some privilege, the child, who rode his bicycle onto the defendant's driveway, was trespasser and the trespasser exception to the ordinance was applicable notwithstanding that the attack occurred within an area of the defendant's property where the dog was not controlled. The judgment of the trial court was reversed. State v. Johnson, 52 Or.App.651, 628 P.2d 789, 791.

**Pa.**

**Pa.**2020. Cit. in sup., cit. in case cit. in disc. (general cite); com. (*i*) cit. in sup. Landowners brought claims of trespass and conversion against energy company, alleging that defendant improperly drained natural gas from shale formations under plaintiffs' land by performing hydraulic-fracturing operations on its land, during which defendant injected fluids into the shale formations on its land and then drained them. The trial court granted defendant's motion for summary judgment, finding that it was undisputed that defendant never drilled on or under plaintiffs' land, and that the rule of capture—under which defendant could properly obtain fugacious materials such as natural gas under plaintiffs' land solely by drilling on its own land and exploiting the tendency of gas and liquids to naturally flow to areas of lower pressure—applied to natural gas dispersed throughout shale formations. The court of appeals reversed and remanded. This court vacated and remanded, holding, inter alia, that defendant's conduct did not constitute trespass, because there was no reason why the rule of capture should not apply to gas obtained by hydraulic fracturing. The court reasoned that the injection and drainage of fluids into shale formations did not constitute trespass under Restatement Second of Torts § 158, even if those fluids affected minerals under plaintiffs' land, because all drilling for subsurface fugacious minerals involved similar artificial stimulation of the flow of that substance. Briggs v. Southwestern Energy Production Company, 224 A.3d 334, 339, 342.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 50 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**Pa.**2019. Quot. in case cit. in sup., quot. in ftn. Buyer of a residential property at a sheriff's sale commenced an action against former owners of the property who refused to leave, filing a standard landlord/tenant complaint form with a magisterial district judge. The magisterial district judge ruled in favor of buyer and granted buyer possession of the property as well as damages representing "rent in arrears" and filing fees. On appeal, the trial court rejected former owners' argument that there was no landlord-tenant relationship between the parties, finding that the magisterial district judge had jurisdiction over the matter under the Landlord and Tenant Act or as an action in trespass. This court reversed and remanded without prejudice to buyer's right to bring an action in ejectment or another form of action. In making its decision, the court explained that a landowner could bring an action in trespass under Restatement Second of Torts § 158 against one who intentionally remained on its property, but that the magisterial district judge had tried the matter as a landlord-tenant action regarding a putative residential lease. Assouline v. Reynolds, 219 A.3d 1131, 1135, 1141.

**Pa.**2015. Cit. in disc. Individuals who owned or resided on properties adjacent to a farm brought trespass and other claims against farm owner and contractors that applied biosolids to the farm, alleging that brown water and large chunks of biosolids were diverted onto their properties from the farm. The trial court granted summary judgment for defendants, finding that plaintiffs failed to plead a prima facie case of trespass because they did not allege that defendants intentionally caused the biosolids to enter their properties, but only that defendants intentionally stored and used the biosolids. The court of appeals reversed in part as to plaintiffs' trespass claim and remanded. This court affirmed the court of appeals' conclusion that genuine issues of material fact remained as to whether the water and biosolids were diverted onto plaintiffs' properties through defendants' intentional conduct such that defendants were liable for trespass under Restatement Second of Torts § 158. Gilbert v. Synagro Cent., LLC, 131 A.3d 1, 9.

## Pa.Super.

**Pa.Super.**2019. Cit. in sup., quot. in ftn.; subsec. (c) cit. in sup. Owner of property located downhill from a condominium development brought trespass and other claims against condominium developer and condominium association, alleging that stormwater runoff from the development was causing flooding on his property. The trial court initially granted in part defendants' motions for a nonsuit, but later reversed and entered judgment for plaintiff against association on his trespass claim. Affirming in part, this court held that the trial court properly determined that the matter involved a continuing trespass. The court rejected association's argument that it was not responsible for developer's actions in designing and building the development's stormwater-management system, reasoning that, under Restatement Second of Torts § 158, association, as the present owner of the system, was liable for the continuing trespass, since it was aware of the excess runoff from the system onto plaintiff's property, and failed to abate it. Kowalski v. TOA PA V, L.P., 206 A.3d 1148, 1161, 1164.

**Pa.Super.**2018. Cit. and quot. in case quot. in sup. Buyer who purchased a residential property at a sheriff's sale that was held due to former owners' failure to pay real-estate taxes on the property for 14 years filed an eviction action against former owners after they continued to occupy the property after the sale. A magisterial district judge ruled in favor of buyer and entered an order for his possession of the property, as well as a judgment representing rent in arrears and filing fees. The trial court denied former owners' motion to strike the order granting possession of the property to buyer, in which former owners alleged that the magisterial district judge lacked subject-matter jurisdiction to entertain an eviction action because there was no lease agreement or landlord-tenant relationship between the parties. Affirming, this court held that magisterial district judges had subject-matter jurisdiction over all trespass actions in accordance with Restatement Second of Torts § 158, including situations such as this, where defendants remained on land that was held in the possession of another. Assouline v. Reynolds, 184 A.3d 970, 974.

**Pa.Super.**2018. Quot. in sup., cit. in case quot. in sup.; com. (*i*) quot. in sup. Property owners brought claims sounding in, among other things, trespass and continuing trespass against lessee of oil-and-gas rights on land adjoining plaintiffs' property, alleging that defendant, in its operation of drilling units located on the adjoining land, unlawfully extracted natural gas from beneath plaintiffs' property through hydraulic fracturing. The trial court granted summary judgment for defendant. Reversing and remanding, this court held that plaintiffs' allegations were sufficient to raise an issue as to whether defendant's hydraulic-

Case 2:23-cv-00164-cr  Document 53-2  Filed 10/06/23  Page 51 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

fracturing operations—which involved pumping large quantities of fluid down a well at high pressure to enlarge fractures in rock formations and stimulate the flow of natural gas—resulted in a subsurface trespass to plaintiffs' property. The court explained that, under Restatement Second of Torts § 158, an actor, without entering another person's land, could invade the person's interest in his or her exclusive possession by throwing, propelling, or placing a thing beneath the surface of the land. Briggs v. Southwestern Energy Production Company, 184 A.3d 153, 157.

**Pa.Super.**2018. Quot. in disc., quot. in case quot. in disc., quot. in ftn. Medical center that employed plastic surgeon filed a lawsuit against producers of reality television show featuring plastic surgeon's work, alleging that defendants trespassed onto plaintiff's premises and produced video on plastic surgeon's practice that defamed plaintiff. The trial court granted defendants' motion to dismiss. This court affirmed in part and reversed in part, holding, inter alia, that defendants committed trespass because they were not authorized to enter plaintiff's premises to film the video, and that surgeon's apparent authority to permit such entry onto plaintiff's premises was a question of fact. The court cited Restatement Second of Torts § 158 in explaining that defendants committed trespass merely by intentionally entering onto plaintiff's premises uninvited, even if it did not damage any of plaintiff's property or other legally protected interests. Weirton Medical Center, Inc., v. Introublezone, Inc., 193 A.3d 967, 974, 975.

**Pa.Super.**2017. Cit. and quot. in sup., cit. in case quot. in sup. Wife and executor of estranged husband's estate brought an action against husband's sister for, inter alia, trespass and punitive damages arising from the loss of valuable memorabilia removed from the marital home by defendant and husband prior to his death. The trial court nonsuited plaintiffs' claims of trespass and punitive damages, and entered judgment on a jury verdict for defendant on the remaining claims. This court affirmed, holding that husband had possessed the capacity to consent to the entry of his home and to the removal of his personal property, which operated as an absolute bar for the trespass action. The court relied on Restatement Second of Torts § 158 for the criteria by which a person could be subject to liability for trespass on land, noting that a person could not be liable where the owner granted permission to enter the land. Gavin v. Loeffelbein, 161 A.3d 340, 356.

**Pa.Super.**2015. Com. (e) quot. in sup. Owners of oil-and-gas rights in a tract of land sued owner of a coal seam located under the same tract, alleging, among other things, trespass stemming from defendant's alleged intrusion into adjacent strata owned by plaintiffs during its degasification of the coal seam in preparation for mining. The trial court granted summary judgment for defendant on that claim. Affirming, this court held that defendant was privileged to enter the adjacent strata for purposes of mining and ventilating by virtue of a right-of-way conveyed in its deed from plaintiffs' predecessors. The court explained that an intentional entrance upon land in the possession of another did not constitute a trespass if it was privileged under Restatement Second of Torts § 158. Kennedy v. Consol Energy Inc., 116 A.3d 626, 636.

**Pa.Super.**2014. Subsecs. (a), (b), and (c) quot. in sup.; com. (*i*) quot. in sup. Residents of properties adjacent to a farm brought trespass and other claims against, among others, municipal contractor that obtained permits to store biosolids on the farm, alleging that defendants caused those substances to enter onto and contaminate plaintiffs' properties. The trial court granted summary judgment for defendants. Reversing and remanding, this court held that plaintiffs offered sufficient evidence that the alleged contamination was the result of conduct taken by defendants with the knowledge that it would to a substantial certainty result in the entry of the foreign matter onto plaintiffs' properties. The court pointed to evidence of defendants' placement of stone in a stream that diverted contaminated water onto one plaintiff's property, and defendants' placement of biosolids on a severe slope directly across the street from another plaintiff's property. Gilbert v. Synagro Cent., LLC, 90 A.3d 37, 52.

**Pa.Super.**2014. Quot. in sup., cit. in ftn., cit. in case cit. in ftn.; com. (*i*) cit. in sup.; com. (j) and illus. 1 quot. in sup.; Rptr's Note cit. in ftn. Owner/operator of a shopping mall brought trespass and nuisance claims against faith-based organization that conducted near-weekly demonstrations on the public sidewalk outside the mall's main entrance. After a hearing, the trial court found in favor of defendant. Affirming, this court held that plaintiff failed to prove a trespass claim under Restatement Second of Torts § 158, because defendant's members had not themselves entered plaintiff's property, and plaintiff did not provide any evidence that defendant intended to cause onlookers to trespass on plaintiff's property. The court reasoned that plaintiff had to show that defendant intended, or knew with substantial certainty, that onlookers would trespass, because mere knowledge of

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 52 of 63

§ 158 Liability for intentional Intrusions on Land, Restatement (Second) of Torts § 158...

likelihood was legally insufficient proof in the absence of any affirmative direction or coercive action by defendant to cause the onlookers to trespass. Liberty Place Retail Associates, L.P. v. Israelite School of Universal Practical Knowledge, 102 A.3d 501, 506-508.

**Pa.Super.**1992. Cit. in ftn. Condominium unit owner whose unit was flooded with raw sewage sued the condominium association for damages. Affirming the trial court's entry of a compulsory nonsuit against plaintiff, this court held that plaintiff failed to present a prima facie case of negligence against defendant. The court refused to consider plaintiff's argument that a showing of intent on the part of defendant would constitute sufficient fault to impose liability, since the evidence did not suggest that defendant intentionally caused the sewage to flow into plaintiff's unit, nor was this argued at trial or alleged in plaintiff's complaint. Smith v. King's Grant Condominium, 418 Pa.Super. 260, 614 A.2d 261, 267.

**Pa.Cmwlth.**

**Pa.Cmwlth.**2021. Quot. in sup. Commonwealth, acting by and through various governmental agencies, sued manufacturer of polychlorinated biphenyls (PCBs) and its successors, alleging that defendants knew that PCBs were dangerous contaminants but failed to warn and actively deceived regulators and the public concerning their hazards. This court sustained in part defendants' preliminary objections, holding that plaintiffs failed to state a legally sufficient claim for trespass against defendants under Restatement Second of Torts § 158. The court reasoned that Pennsylvania law did not recognize trespass for the manufacture of a product after it had left the manufacturer's control, and plaintiffs failed to plead that defendants intended their PCBs to trespass on Commonwealth lands and waters. Commonwealth v. Monsanto Co., 269 A.3d 623, 654.

**Pa.Cmwlth.**2020. Cit. in disc. Owners of properties located within a protective buffer zone around an underground natural-gas storage facility filed a class action against operator of the facility, alleging that it effected a de facto taking of their subsurface mineral rights by using the facility before acquiring rights to owners' properties. The trial court sustained operator's preliminary objections, finding that a de facto taking could not have occurred, because operator lacked the power of eminent domain. Affirming on other grounds, this court held that, while operator could exercise the power of eminent domain, it had not done so with respect to owners' properties. The court cited Restatement Second of Torts §§ 158, 159, and 164 in noting that, while a condemnation had not occurred here, owners could potentially pursue other remedies in tort, such as a claim for trespass under § 164. Hughes v. UGI Storage Company, 243 A.3d 278, 289.

**Pa.Cmwlth.**1997. Cit. in disc. Landowners brought an ejectment action to remove the county water and sewer authority from the portion of their land that had not been taken in a prior eminent domain proceeding. The trial court dismissed the complaint under the doctrine of res judicata. This court reversed and remanded, holding, inter alia, that because the authority had refused to quit its occupation and had knowingly exploited the benefit of its contractor's error, the authority should be required to take the land formally and pay for it, or be removed. While the original insult to the land may have been caused by the authority's private contractor, the continued occupation of the property by the authority's pumping station was a willful act of continuing trespass entitling plaintiffs to compensation. Rawlings v. Bucks Cty. Water & Sewer Auth., 702 A.2d 583, 586.

**Pa.Cmwlth.**1982. Cit. in ftn. in sup. A property owner brought an action against the township in which the property was located, alleging, inter alia, trespass and breach of contract. The plaintiff's property had been subjected to occasional flooding after heavy rains. As a result, the plaintiff had granted the township an easement for drainage purposes, and the township constructed a storm drainage system. The system subsequently failed to properly direct the storm water, causing serious erosion of parts of the plaintiff's lawn. The trial court ordered a compulsory nonsuit, and the plaintiff appealed. This court reversed the judgment and remanded. The trial court had found the township's discharge of water onto the land to be unintentional and non-negligent, because the water had previously flowed naturally over the property, and the plaintiff himself had requested the township to enter the land to construct the drainage system. This court held that the township's actions which caused the flow of water on the plaintiff's land were clearly intentional and constituted trespass. The construction of the drainage system altered the natural flow of the surface water and caused water to collect in concentrated amounts. One who trespasses will be liable for any harm that results from the trespass. Marlowe v. Lehigh Tp., 64 Pa. Cmwlth. 587, 441 A.2d 497, 501.

Case 2:23-cv-00164-cr  Document 53-2  Filed 10/06/23  Page 53 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**R.I.**

**R.I.**2011. Com. (m) cit. in sup. City sought injunctive relief on the basis of continuing trespass, to enjoin homeless men and women from living in an encampment in a public park. The trial court granted plaintiff's motion for a preliminary injunction. Affirming, this court held that the public park was property in plaintiff's possession, and, as plaintiff did not give defendants authorization to build an encampment there, defendants were continuous trespassers on that property; the court reasoned that injunctive relief was proper, because a continuing trespass wrongfully interfered with the legal rights of the owner, and, in the usual case, those rights could not be adequately protected except by an injunction that would eliminate the trespass. City of Providence v. Doe, 21 A.3d 315, 320.

**R.I.**1986. Cit. in ftn. The plaintiff planned to build low-income housing units on his lots pursuant to zoning laws. However, the city council passed an amendment that effectively blocked this construction. In the first action, the court found that the amendment was void. The plaintiff then sued for damages and was awarded more than $1 million in damages. This court vacated and remanded, holding that, since the action was in tort, damages were limited to the statutory amount. Mesolella v. City of Providence, 508 A.2d 661, 668.

**S.C.App.**

**S.C.App.**2006. Illus. 3 cit. in diss. op. Homeowners association sought a mandatory injunction against residents of subdivision for the removal of a brick patio residents constructed that encroached approximately three feet onto the common area of the subdivision. The trial court granted the mandatory injunction. Reversing, this court held that association's charge of trespass against residents emanated solely from the restrictive covenants governing the common area, and that the association was not entitled to an injunction under the terms of the covenants. The dissent argued, among other things, that, to the extent the patio encroached onto the common area, it constituted a trespass apart from the restrictive covenants, and the assertion that the patio was an enhancement or for the neighborhood's benefit was no defense to the tort of trespass. Cedar Cove Homeowners Ass'n, Inc. v. DiPietro, 368 S.C. 254, 628 S.E.2d 284, 289.

**S.C.App.**1991. Com. (i), illus. 3 cit. in disc. Homeowners sued the city under theories of negligence, strict liability, and trespass for damage to their residence caused by the discharge of water from a water main owned and maintained by the city. The trial court directed a verdict for the city on the negligence claim and directed a verdict for the plaintiffs on the trespass and strict liability claims. This court reversed the judgment and remanded the case solely on the cause of action for negligence, holding, inter alia, that to constitute an actionable trespass, there must be an affirmative act, the invasion of the land must be intentional, and the harm caused must be the direct result of that invasion. The court said that the defendant must intend the act that in law constituted the invasion of the plaintiff's rights. Since the discharge of water onto the plaintiffs' property was not a voluntary act of the city, an action for trespass did not lie; the court said that to hold otherwise would effectively impose strict liability under the guise of trespass to land. Snow v. City of Columbia, 305 S.C. 544, 409 S.E.2d 797, 802.

**S.D.**

**S.D.**2018. Quot. in sup. Uphill property owners who had entered into an agreement with downhill property owner to connect drain-tile systems brought an action against downhill property owner, after defendant blocked the flow of water into the drainage system, which caused water to pool on plaintiffs' land. The trial court entered judgment for plaintiffs and rejected defendant's counterclaims for unlawful discharge of water and trespass. This court affirmed the rejection of defendant's counterclaim for trespass and reversed in part the judgment for plaintiffs on their trespass claim, holding that the trial court erred in finding that a trespass occurred, because defendant did not cause water to enter plaintiffs' land but rather caused water already on the land to back up there. Citing Restatement Second of Torts § 158, the court explained that, while one who caused water to enter land

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 54 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

without permission committed a trespass, one could not be liable for trespass simply for causing water to remain on land. Zwart v. Penning, 912 N.W.2d 833, 839-840.

**S.D.**2010. Cit. and quot. in disc., cit. in cases cit. in ftn. Property owner brought a trespass claim, inter alia, against neighboring landowner and landowner's tenant, alleging that manure from tenant's cattle had entered plaintiff's land by way of runoff and caused a fish kill in his stock dams. Following a defense verdict, the trial court denied plaintiff's post-trial motion for judgment as a matter of law, and entered judgment for defendants. Affirming, this court rejected plaintiff's argument that any factual disputes raised by defendants regarding causally related harm were irrelevant because, under Restatement § 158, a trespass to land occurred by physical intrusion irrespective of harm. The court explained that causally related harm became an element of trespass under the law of this case, because it was given as an element of trespass under the court's jury instructions, and plaintiff did not argue instructional error in his post-trial motions. Alvine Family Ltd. Partnership v. Hagemann, 2010 SD 28, 780 N.W.2d 507, 513.

**S.D.**2006. Cit. in case quot. in sup. Landowners brought action for declaratory and injunctive relief against state, state agency, and state officials, challenging the constitutionality of a state statute that decriminalized the shooting of small game birds from public rights-of-way. The trial court held, inter alia, that the statute constituted a taking of landowners' property under the Fifth Amendment and state constitution. This court reversed on this issue. As a part of its holding that there was no compensable taking, the court rejected landowners' argument that hunters would be able to use the statute as a shield against a claim of civil trespass, concluding that the language used to decriminalize formerly proscribed conduct did not serve to create civil consent, a civil privilege, or a civil defense for game-bird hunters. Benson v. State, 2006 SD 8, 710 N.W.2d 131, 159, cert. denied 548 U.S. 905, 126 S.Ct. 2971, 165 L.Ed.2d 953 (2006).

**S.D.**2005. Cit. in ftn. Parents of deceased infant sued city and others under multiple causes of action, alleging that city's cemetery employees moved burial site of infant several feet from its original position without their consent. The trial court granted city summary judgment on all state claims based on plaintiffs' failure to file the claims within 180 days pursuant to state's notice statute. Affirming in part, reversing in part, and remanding, this court held, inter alia, that while plaintiffs' tort-based claims were properly dismissed pursuant to the notice statute, plaintiffs' state contract claims were not tort-based and were not barred by the statute. The court noted that plaintiffs' trespass claim was commonly recognized as a tort-based claim and was therefore barred. Gakin v. City of Rapid City, 2005 SD 68, 698 N.W.2d 493, 501.

**S.D.**2002. Subsec. (a) and illus. 6 cit. in ftn. in sup. (Erron. cit. as § 159(a), illus. 6.) Hunter appealed his conviction for trespass-hunting without permission. Affirming, supreme court held that hunter who shot from public roadway at pheasant flying over private land was guilty of trespass and thus violated statute prohibiting hunting on private land without permission. State v. Rumpca, 652 N.W.2d 795, 798.

## Tex.

**Tex.**2013. Cit. in case cit. in sup. Landlord that acquired an apartment complex at a foreclosure sale brought claims for, among other things, trespass and trespass to try title against commercial tenant that leased laundry rooms in the complex from the prior owner, alleging that tenant wrongfully remained in possession of the premises after the foreclosure sale terminated its lease. The trial court granted summary judgment for tenant. The court of appeals reversed in part and remanded landlord's claims for trespass and trespass to try title. Affirming that portion of the decision, this court held that tenant, having remained in possession of the premises as a trespasser, was liable for the reasonable rent and for any other damage it may have caused to the premises, and that its liability for any additional damages depended on whether its trespass was willful, intentional, or malicious. Coinmach Corp. v. Aspenwood Apartment Corp., 417 S.W.3d 909, 920.

## Tex.App.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 55 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**Tex.App.**2007. Subsec. (a) and com. (j) cit. in disc. Landowners sued exotic-game ranch that owned adjoining land after an independent contractor hired by defendant to build a fence bulldozed some trees on landowners' property, alleging that defendant breached its duty to ascertain the correct boundary line and that such breach subjected it to liability for trespass. The trial court granted summary judgment for defendant. Affirming, this court held, inter alia, that there were no genuine issues of fact regarding the alleged trespass or the breach of duty; the summary-judgment evidence established that defendant instructed contractor to stay two to three feet inside the old fence line, and that contractor on his own became confused as to where to bulldoze, made a wrong turn, and cut the old fence and entered plaintiffs' property. Schievink v. Wendylou Ranch, Inc., 227 S.W.3d 862, 865.

**Tex.App.**2006. Com. (j) cit. and quot. in sup. Property owner brought a trespass action against his neighbor for causing a tree service to trim owner's tree that was blocking neighbor's view. The trial court entered judgment on a jury verdict awarding plaintiff damages. Affirming, as modified, this court held, inter alia, that plaintiff proved by legally and factually sufficient evidence each element of a trespass claim when he established that defendant directed a tree-trimming service to enter plaintiff's property and trim a tree, all without plaintiff's knowledge or consent and while plaintiff was on vacation. The court stated that a person committed a trespass when he intentionally caused a third person to enter land in the possession of another. Wilen v. Falkenstein, 191 S.W.3d 791, 798.

**Tex.App.**1999. Cit. in disc., subsec. (c) cit. in disc. Property owner sued lessee of former owner for, inter alia, trespass, alleging that defendant's operation of a gas station at the site caused the contamination of ground soil. The jury returned a verdict for plaintiff, but the trial court granted defendant's motion for judgment n.o.v. Affirming, this court held, in part, that whatever contamination existed did not exceed acceptable levels, and that, in the absence of a duty to take corrective action, defendant was not liable for trespass. Taco Cabana, Inc. v. Exxon Corp., 5 S.W.3d 773, 780.

**Tex.App.**1996. Cit. in headnotes, cit. and quot. in disc. Ranch owner who maintained that electricity from a downed power line caused a fire that burned 300 acres of his property sued electric company for nuisance, trespass, negligence, negligence per se, and gross negligence. Because company inspected the utility pole at issue and then destroyed it, ranch owner asked that the jury be instructed on the law of spoliation of evidence. Instead, the trial court charged the jury on negligence only, then entered judgment on its verdict for company. Affirming in part, reversing in part, and remanding, this court held that the jury should have received instructions concerning spoliation of evidence and gross negligence, as well as an instruction on trespass stemming from company's negligence, though not from any intentional act or abnormally dangerous activity. Watson v. Brazos Elec. Power Corp., Inc., 918 S.W.2d 639, 640, 645.

**Tex.App.**1982. Com. (j) cit. and quot. in sup. A lessee of a 377-acre tract used for grazing brought an action against a power company and its subcontractor for trespass. The plaintiff claimed that the defendants entered on the land without his permission and tore down his fencing, thus allowing many of his cattle to escape. The power company admitted not having obtained permission from the record owner or the plaintiff, but asserted that it had secured permission from one who claimed an ownership interest in the land. The jury found that the defendants were liable to the plaintiff for actual and exemplary damages. The trial court entered judgment accordingly and the power company appealed, claiming that it was not liable for trespass because only the subcontractor actually entered on the land. This court stated that, as the subcontractor was on the land at the power company's request, liability was properly imposed on the company. The court affirmed, holding that the record supported the jury's findings, and that the lower court's purported evidentiary errors were without merit. Houston Lighting and Power Co. v. Sue, 644 S.W.2d 835, 842.

**Tex.Civ.App.**

**Tex.Civ.App.**1977. Cit. in sup. A landowner brought an action against a developer and an engineer for damages due to the wrongful diversion of surface waters onto his lands. The lower court entered judgment for the landowner, awarding actual and exemplary damages, and the engineer and the developer appealed. The court held that the trial court had committed reversible error because, while the wrongful diversion of surface waters onto the plaintiff's lands caused temporary, rather than permanent,

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 56 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

damages, the jury was required to express their estimate as to the permanent damage to the plaintiff's lands. The engineer contended that he may not be held liable in the absence of pleading and proof that he was guilty of negligence proximately causing the plaintiff's damages. The court held that the engineer working for the developer could be held strictly liable for the wrongful diversion of surface waters onto the plaintiff's lands. Because of the error mentioned, the lower court's judgment was reversed, and the cause was remanded. Langford v. Kraft, 551 S.W.2d 392, 397, judgment aff'd 565 S.W.2d 223 (1978).

**Tex.Civ.App.**1973. Quot. in sup. The plaintiff landowner brought an action against defendants, real estate developers and their engineer, for damages and for an injunction because of defendants' manipulation of a storm sewer system so as to flood plaintiff's land. On the engineer's appeal from an order overruling his plea of privilege and the developers' appeal from the grant to plaintiff of a temporary mandatory injunction, the court affirmed, and held, inter alia, that the evidence supported the trial court's conclusion that defendants intentionally designed the storm sewer facilities to collect and discharge large quantities of water upon plaintiff's land to his damage, notwithstanding natural conditions which would have diverted at least a portion of said water from plaintiff's land. Langford v. Kraft, 498 S.W.2d 42, 50, refused no reversible error.

**Utah,**

**Utah,** 2015. Quot. in ftn. Former employer filed, among other things, a misappropriation claim against former employee, alleging that defendant misappropriated company trade secrets by forwarding confidential emails to her personal email account, copying a business plan onto a thumb drive, and submitting protected information into the record in an administrative proceeding for unemployment benefits. The trial court granted summary judgment for defendant. This court reversed and remanded, holding that there were genuine issues of material fact. Citing Restatement Second of Torts § 158, the court noted that a trespasser was subject to liability based on a presumption of harm and, similarly, evidence of misappropriation established a presumption of irreparable harm, explaining that plaintiff was not required to quantify the damages suffered to establish a prima facie case, and defendant failed to rebut the presumption of harm. InnoSys, Inc. v. Mercer, 364 P.3d 1013, 1020.

**Utah**

**Utah,** 1998. Cit. in disc. Landowners brought trespass and nuisance action against owners of nearby gasoline stations, alleging that gas migrated underground from defendants' properties and contaminated three of plaintiffs' parcels. The trial court entered summary judgment for defendants, but this court reversed and remanded. On remand, the trial court granted defendants' motion for summary judgment with respect to one of the parcels, directed a verdict for defendants on the issue of stigma damages, and entered judgment on a jury verdict for defendants on the remaining claims. Affirming in part, reversing in part, and remanding, this court held, inter alia, that the lower court did not err in refusing to treat the three parcels as one, that defendants were not liable for trespass to a parcel that gasoline never reached, and that it was error not to admit evidence of plaintiffs' stigma damages. Walker Drug Co., Inc. v. La Sal Oil Co., 972 P.2d 1238, 1243.

**Utah App.**

**Utah App.**2016. Cit. in ftn. Homeowners brought a negligence action against city, after they slipped and fell on gravel that city had placed near their driveway as a part of a road-construction project. The district court granted city's motion for summary judgment. This court reversed and remanded, holding that the trial court erred in finding homeowners' claim was barred by the statute of limitations, because the claim began accruing when homeowners suffered an actual injury as a result of the negligent conduct, rather than the date city completed the project. The court cited Restatement Second of Torts § 158 for the tort of trespass in rejecting city's argument that the claim was essentially a trespass claim, because homeowners alleged the four distinct elements—duty, breach, causation, and damages—of a negligence claim. Earl v. LaVerkin City, 382 P.3d 676, 679.

**Utah App.**2012. Cit. in sup. and quot. in diss. op., subsec. (a) quot. in sup. and cit. in diss. op., subsec. (b) cit. in diss. op., subsec. (c) cit. and quot. in diss. op., com. (b) cit. and quot. in sup., com. (f) quot. in diss. op., coms. (l)-(n) cit. in diss. op. Homeowners

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 57 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

sued neighbors for trespass, alleging that neighbors placed on homeowners' property fill dirt that buried homeowners' retaining wall during construction of neighbors' adjacent property. Following a bench trial, the trial court awarded damages to plaintiffs. Affirming, this court rejected defendants' argument that, because independent contractors hired by defendants placed the dirt without defendants' direction, defendants could not be held liable for trespass. The court explained that, regardless of whether defendants were liable for the initial placement of the dirt, they left the dirt on plaintiffs' property, and their continuing use of the dirt as a lateral support pinned it in place and caused it to remain there, constituting a trespass. The dissent argued that, while a person could be liable in trespass for failing to remove a thing that he was under a duty to remove, plaintiffs did not place the dirt themselves or direct contractors to dump it on plaintiffs' property, and thus they were under no duty to remove it. Carter v. Done, 2012 UT App 72, 276 P.3d 1127, 1132, 1133, 1137, 1138, 1140.

**Utah App.** 2012. Cit. in sup., subsec. (a) and com. (b) quot. in case quot. in sup., com. (c) quot. in sup. Property owner brought trespass and other claims against neighbor, alleging that defendant's fence encroached on her property by up to 14 1/2 feet. After a bench trial, the trial court found in favor of defendant on the ground that there had been no "intentional trespass." Reversing and remanding, this court held that defendant was liable for trespass, regardless of whether he knew the fence was on plaintiff's property when the fence was built or whether plaintiff suffered any harm other than to her legally protected interest. The court explained that a trespasser's wrongful intent became relevant only where a property owner sought punitive damages and, here, plaintiff did not seek damages, punitive or otherwise, but, rather, an order requiring defendant to remove the fence from her property. Purkey v. Roberts, 2012 UT App 241, 285 P.3d 1242, 1247.

**Utah App.** 1999. Cit. in headnote and ftn., subsec. (c) cit. in ftn. The successor of an industrial-park lessor sued advertising company lessee that maintained an outdoor advertising sign on its property, alleging, in part, trespass, after lessee refused to move the sign's foundation. Affirming the trial court's dismissal of the complaint, this court held, inter alia, that because lessee did not have a duty to remove the sign's foundation, it could not be in trespass for refusing to do so. U.P.C., Inc. v. R.O.A. General, Inc., 990 P.2d 945, 955.

**Vt.**

**Vt.** 2021. Cit. in case quot. in sup. Property owner sued neighbor, alleging, among other things, that neighbor was trespassing by storing certain items on property owner's land. The trial court conducted a bench trial and concluded that, while property owner proved that neighbor did not own the disputed area, he failed to prove that he was the owner of the disputed area such that he was entitled to damages from neighbor for trespass. Affirming that portion of the decision, this court held that, although property owner did not need to establish ownership of the disputed area, he was required to prove possession of that area, which he failed to do. The court cited Restatement Second of Torts § 158 in noting that a person who intentionally entered or remained upon land in the possession of another without a privilege to do so was subject to liability for trespass. Moyers v. Poon, 266 A.3d 1253, 1260.

**Vt.** 2017. Illus. 5 cit. in sup. Taxpayer that owned a dam and related flow easements that gave it the right to flood land abutting the river on which the dam was located challenged town's valuation of the flow easements for property-tax purposes. The trial court reached a valuation of the flow easements based largely on evidence submitted by town. Affirming, this court held, among other things, that taxpayer failed to rebut the presumption of the validity of town's appraisal. The court noted that, under Restatement Second of Torts § 158, the construction of a dam on a river that caused intentional flooding of the upstream land abutting the river was a trespass, and that the value of a flow easement rested in the avoidance of liability for continuing trespass attributable to the dam. TransCanada Hydro Northeast, Inc. v. Town of Newbury, 180 A.3d 843, 845.

**Vt.** 2008. Cit. in cases cit. in sup., com. (c) quot. in sup. After developer's proposed project to build a residential development was rejected based in part on neighboring landowner's request for the imposition of a buffer zone restricting residential use of developer's land, developer sued neighbor, alleging that winds carried detectable levels of pesticides from neighbor's apple orchard onto its land. After the parties stipulated to dismissal of plaintiff's nuisance claims, the trial court entered summary judgment for defendant on plaintiff's trespass claim. Affirming, this court held that, whether or not plaintiff's trespass claim

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 58 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

was actually a nuisance claim subject to the state's right-to-farm law, it failed in any event, since plaintiff made no showing whatsoever that the presumed dispersion of pesticides onto its land deprived it of exclusive possession or had any other impact on the land. John Larkin, Inc. v. Marceau, 2008 VT 61, 184 Vt. 207, 959 A.2d 551, 553, 555.

**Vt.**2007. Cit. in sup. Owner of access easement over neighbor's commercial lot brought quiet-title action against neighbor after neighbor removed certain improvements plaintiff made to the easement property, including a gate, a gravel driveway, and a fence. After a bench trial, the trial court ruled in favor of defendant. Affirming, this court held, inter alia, that plaintiff was not entitled to damages for the destroyed improvements, because the improvements were located outside of the easement, and plaintiff made some of the improvements after it became clear that the boundaries of the easement were disputed. The court noted that plaintiff had committed a trespass by making improvements on defendant's land in support of an access right that it did not enjoy. DeGraff v. Burnett, 2007 VT 95, 182 Vt. 314, 939 A.2d 472, 481.

**Vt.**2000. Subsec. (a) cit. in disc. Landowner sued fire district for damages from basement flooding caused by water that flowed out of fire district's quarries. Superior court entered judgment on jury verdict for landowner. Affirming, this court held that the fire district trespassed when it allowed flooding of landowner's property, and that it created a nuisance when it allowed the flooding to continue repeatedly, thereby harming landowner's interest in the use and enjoyment of his property. Canton v. Graniteville Fire District No. 4, 171 Vt. 551, 762 A.2d 808, 810.

**Vt.**1996. Cit. in headnote and disc., com. (e) cit. in headnote and sup. After a deputy sheriff went to a house to serve a court summons and complaint, the homeowners sued the sheriff for trespass, intentional infliction of emotional distress, assault and battery, and negligence. Plaintiffs alleged that defendant entered the house on his own initiative without invitation. Jury entered verdict for defendant, and trial court denied plaintiffs' motion for judgment n.o.v. This court affirmed, holding, inter alia, that the question of whether defendant had implied consent to enter the house was properly left to the jury, as the evidence supported defendant's contention that plaintiff wife gave him implied consent to enter the house. Although the wife denied giving an express or implied invitation to the sheriff to enter, the wife opened the inside door, attempted to open the outside door, and then backed up her wheelchair as he came in. In addition, the wife did not forbid the sheriff to enter or ask him to leave. Harris v. Carbonneau, 165 Vt. 433, 685 A.2d 296, 296, 299.

### Wash.

**Wash.**2019. Cit. in case quot. in sup. Property owners filed claims for waste and timber trespass in violation of a state statute against neighbors and loggers hired by neighbors, alleging that neighbors misrepresented the boundaries of their land to loggers, who harvested owners' trees without permission. After loggers reached a settlement with owners, in which they assigned their indemnity and contribution claims against neighbors to owners, the trial court dismissed owners' claims against neighbors. The court of appeals reversed, finding, among other things, that owners could proceed with the indemnity claims, but not the contribution claims. This court reversed in part and remanded, holding that owners had a statutory right of contribution, and that owners therefore had no common-law right to indemnity as a matter of law. The court noted that, although the tort of timber trespass and trespass were related, the timber-trespass statute went further than the common law intentional tort of trespass under the Restatement Second of Torts, because it imposed liability for non-negligent, involuntary, and accidental acts. Porter v. Kirkendoll, 449 P.3d 627, 635.

**Wash.**2008. Applied in case quot. in sup. Property owner brought a trespass claim, inter alia, against city and county, after a group of local police officers executed a search warrant on his property authorizing seizure of methamphetamines and drug-making equipment, but did not seize any evidence; owner claimed that officers caused unnecessary damage by breaking down doors. The trial court granted summary judgment for defendants. The court of appeals affirmed. Although holding that plaintiff's trespass claim was a proper cause of action, this court affirmed. The court explained that a city could be liable in trespass for unnecessary damage to property caused by its law enforcement officers—even when executing a valid search warrant—on the theory that unreasonable damage to the property exceeded the privilege to be present on the property and search; here, however,

Case 2:23-cv-00164-cr  Document 53-2  Filed 10/06/23  Page 59 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

officers did not engage in unreasonable conduct in exercising the privilege. Brutsche v. City of Kent, 164 Wash.2d 664, 193 P.3d 110, 116.

**Wash.**1985. Quot. in disc., coms. (i) and (m) quot. in disc. A landowner sued a copper smelter for damages in trespass and nuisance, claiming that the gases and airborne particle emissions that blew over the landowner's island diminished his use and enjoyment of the land. This court received the case on certification and considered the question of whether the copper smelter had the requisite intent to commit intentional trespass as a matter of law. The court found that in the absence of the landowner's permission, airborne particles did constitute an actionable trespass on another's land. The copper smelter's actions also satisfied the requirements of intent, the court held, because volition and the appreciation of the law of gravity were enough to impute intent on the part of the copper smelter. The court also held that the two actions for trespass and nuisance were not entirely exclusive or inconsistent and that in the proper circumstances a plaintiff may proceed upon both. Bradley v. American Smelting and Refining, 104 Wash.2d 677, 709 P.2d 782, 785, 791.

### Wash.App.

**Wash.App.**2022. Cit. in sup. (general cite), cit. in diss. op., cit. and quot. in case cit. and quot. in sup. Landowner sued adjacent neighbors, alleging, inter alia, that defendants trespassed when they ordered construction workers to use a driveway on plaintiff's property without plaintiff's permission, causing severe emotional distress in plaintiff. The trial court granted defendants' motion to dismiss. This court reversed in part and remanded, holding that the trial court erred in failing to consider factors set forth in case law prior to imposing discovery sanctions on plaintiff as a result of his refusal to produce medical records evidencing emotional distress. The court explained that the trial court's preclusion of plaintiff's recovery for emotional damages was not harmless, because, under Restatement Second of Torts § 158, the tort of intentional trespass permitted recovery for damages caused to any legally protected interest. The dissent argued that the case law citing § 158 that the majority relied upon was limited to an analysis of intentional conduct in the context of trespass, and the majority failed to cite authority indicating that emotional damages were recoverable in trespass claims. Lavington v. Hillier, 510 P.3d 373, 381, 382, 385.

**Wash.App.**2018. Cit. in sup.; com. (e) cit. in sup. After defendant shot and killed a man and his friend in a private parking lot while allegedly attempting to reclaim his car from the man, and his convictions for murder and related charges were affirmed on direct appeal, defendant filed a petition for relief from personal restraint resulting from the convictions. This court dismissed defendant's petition, rejecting his argument that he received ineffective assistance of counsel when his lawyer on direct appeal failed to assign error to the trial court's refusal to instruct jurors that he had no duty to retreat. Affirming, this court held that a no-duty-to-retreat instruction was not supported by the evidence, because defendant failed to show that he had a right to be in the private parking lot where he shot the victims. The court relied in part on the definition of trespass set forth in Restatement Second of Torts § 158 in pointing out that there was no evidence that anyone with a possessory interest had expressly or impliedly invited defendant into the parking lot for any purpose. Matter of Harvey, 415 P.3d 253, 260.

**Wash.App.**2014. Subsec. (c) quot. in ftn. Homeowners brought negligence, trespass, and other claims against logging companies, alleging that defendants' clearcutting activities and construction of roads on the slopes above plaintiffs' residences precipitated the physical invasion of plaintiffs' properties by landslides, logging debris, boulders, mud, rocks, gravel, and water. The trial court granted summary judgment for defendants. Affirming, this court held, among other things, that the trial court did not err in dismissing plaintiffs' trespass claim as duplicative of their negligence claim. The court rejected plaintiffs' argument that the trespass was the result of defendants' intentional act of cutting down trees, reasoning that, under Restatement Second of Torts § 158, the intent element of trespass was shown where the actor knew that the consequences were certain or substantially certain to result from his or her act, and that there was no evidence in the record that defendants knew or were substantially certain that their logging activities would result in a landslide. Hurley v. Port Blakely Tree Farms L.P., 332 P.3d 469, 479.

**Wash.App.**2009. Com. (i) quot. in case quot. in sup. Owner of coastal property sued neighbors for trespass, inter alia, alleging that the intensity and amount of sea water entering her property increased after neighbors increased the height of their bulkhead. The trial court, relying on negligence principles, found trespass by water and awarded damages. Reversing and remanding, this

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 60 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

court held, inter alia, that the only claim actually asserted by plaintiff was one for intentional trespass, and that claim failed because, while defendants intentionally raised their bulkhead, there was no evidence that defendants knew that raising their bulkhead would to a substantial certainty result in the entry of the sea water on plaintiff's property. Grundy v. Brack Family Trust, 151 Wash.App. 557, 213 P.3d 619, 625.

**Wash.App.**2004. Cit. in case cit. in disc. Pipeline company petitioned for eminent domain to condemn a portion of property owners' land, but owners counterclaimed for breach of contract, trespass, and inverse condemnation. Trial court dismissed property owners' inverse-condemnation and trespass counterclaims. This court affirmed in part, holding, inter alia, that because property owners' trespass claims involved different land and a different time period than that at issue in the condemnation action, dismissal was proper. The court stated, however, that the parties' agreement regarding just compensation did not preclude property owners from bringing their claims for an additional trespass in a separate tort action. Olympic Pipe Line Co. v. Thoeny, 124 Wash.App. 381, 101 P.3d 430, 437.

**Wash.App.**2001. Quot. in case quot. in disc. Dairy farmer sued public-utility district for negligence and trespass, among other things, alleging that stray voltage harmed his dairy cows. After jury awarded damages on negligence claim, trial court granted defendant's motion for a new trial. Reversing and remanding for new trial on damages only, this court held that trial court properly dismissed trespass claim, as plaintiff offered no evidence that defendant intentionally entered or remained on plaintiff's land or that defendant intentionally failed to correct the voltage problem. Kaech v. Lewis County Public Utility Dist. No. 1, 106 Wash.App. 260, 23 P.3d 529, 541.

**Wash.App.**2000. Quot. in disc. Operator of recreational-vehicle park sued county health department and its director for federal statutory violations and common law claims of trespass and invasion of privacy, after county health department agents entered plaintiff's property and videotaped potentially illegal sewer hookups. Trial court granted department summary judgment. This court affirmed, holding, inter alia, that trial court properly dismissed plaintiff's trespass claim, because the agents had a duty to identify failing septic systems. Plaintiff failed to show that department did not strictly comply with a specific legislative enactment by failing to obtain a court order or warrant before inspecting his property. Peters v. Vinatieri, 102 Wash.App. 641, 9 P.3d 909, 916.

**Wash.App.**1999. Cit. in case cit. in ftn., com. (m) quot. in case cit. in ftn. Property owner sued a contractor that, pursuant to an easement, had excavated property for a sanitary sewer line, alleging claims for permissive waste, breach of easement, and continuing trespass. Trial court dismissed plaintiff's claims, holding that plaintiff's continuing-trespass claim was barred by the statute of limitations. This court affirmed in part and reversed in part, holding, inter alia, that there was a fact issue as to whether the contractor committed a trespass and whether the trespass was continuing or permanent. The court stated that a jury could conclude that the property's bog-like condition was reasonably abatable even though the sewer line itself might be viewed as a permanent structure. Fradkin v. Northshore Utility Dist., 96 Wash.App. 118, 977 P.2d 1265, 1269.

**Wash.App.**1997. Cit. in headnote, cit. in case cit. in disc. Property owners sued, among others, a county that had approved and subsequently owned and maintained a surface-water drainage system on adjoining developed land, seeking injunctive relief and damages for flooding caused by surface water runoff. The trial court granted defendant's motion for summary judgment, dismissing the complaint. Reversing in part, this court reinstated the trespass claim against defendant. The court stated that, to the extent that plaintiff might be unable to establish inverse condemnation at trial, he might wish to pursue a trespass claim, since a constitutional taking required a permanent or recurring invasion, whereas a claim of trespass did not. Phillips v. King County, 87 Wash.App. 468, 490, 943 P.2d 306, 309, 319.

**Wash.App.**1994. Cit. in sup. A landowner sued a pipeline company for trespass, alleging that a replacement pipeline was not within the scope of the right-of-way easement that had been granted defendant by plaintiff's predecessor. Reversing the trial court's grant of summary judgment for the pipeline company, this court held that the scope of the easement was a fact issue requiring resolution, particularly as the grant of the easement did not state its width. Mielke v. Yellowstone Pipeline Co., 73 Wash.App. 621, 624, 870 P.2d 1005, 1006.

Case 2:23-cv-00164-cr   Document 53-2   Filed 10/06/23   Page 61 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

**Wash.App.** 1986. Cit. in sup. A landowner sued the county, which had obtained an easement through his property for installation of a storm sewer drainage system, for damages from an infrequent "75-year" storm that caused severe flooding of his property. After the trial court awarded the landowner damages, this court reversed and remanded for the entry of an order of dismissal, holding that the landowner had failed to establish a proper basis for imposing liability on the county. The court reasoned that the floods did not constitute trespass, because liability for trespass existed only when there was an intentional or negligent intrusion or some abnormally dangerous activity on the part of the defendant. In this case, the court said, the plaintiff had failed to establish the elements of trespass. Hughes v. King County, 42 Wash.App. 776, 714 P.2d 316, 318.

**Wash.App.** 1970. Quot. but dist., com. (i) quot. and cit. but dist. The plaintiff landowners brought an action to recover from defendant city for property damage allegedly caused by the installation of a sewage disposal line. Two of the plaintiffs' theories of liability were trespass and negligence. The plaintiffs claimed that the rejection of their trespass instruction was error. Noting that the Restatement abandoned the distinction between trespass and case and designated all intrusions of foreign matter as trespass and then categorized intrusions as to whether they are intentional or not, the court held that the rejection of the plaintiffs' trespass instruction was not error, since the court gave plaintiffs' requested instruction on negligence, which corresponded to the law on unintentional trespass. Songstad v. Municipality of Metropolitan Seattle, 2 Wash.App. 680, 472 P.2d 574, 579, 580.

**Wis.**

**Wis.** 2018. Cit. in disc. Owners of property abutting a man-made lake sued neighbors who owned property that was partially submerged by the lake, seeking a declaration that they had a right to install a pier on their property that extended over submerged portions of defendants' property in order to access the lake under the Wisconsin public-trust doctrine, which granted the public a right to access navigable waters such as the lake. After a trial, the trial court granted judgment for plaintiffs; the court of appeals affirmed. This court reversed in part, holding, inter alia, that any rights plaintiffs enjoyed in regard to the man-made lake under the public-trust doctrine had to be consistent with defendants' property rights, and the pier at issue would be inconsistent with defendants' fee-simple interest in their property. The court cited principles of trespass set forth in Restatement Second of Torts §§ 158 and 160 in noting that it was undisputed that, if the properties at issue were not submerged, any encroachment by one party onto the property of the other would constitute a trespass. Movrich v. Lobermeier, 905 N.W.2d 807, 813.

**Wis.** 2010. Quot. in case quot. in sup., applied in case cit. in sup. Servient-estate owner brought claims for trespass and breach of an easement appurtenant against hunting club, as dominant-estate owner, and one of its members, alleging that member and several of his invitees crossed the easement over plaintiff's land and entered club's land for the purpose of accessing property other than club's property. The trial court denied plaintiff's motion for summary judgment; the court of appeals affirmed. Reversing and remanding, this court held that club member contravened the express terms of club's easement by using the easement to access neighboring property and thus effectively enlarged the dominant estate contrary to established easement law; as a result, he entered plaintiff's property without consent and, in doing so, he unlawfully trespassed on plaintiff's land. Grygiel v. Monches Fish & Game Club, Inc., 2010 WI 93, 328 Wis.2d 436, 787 N.W.2d 6, 18.

**Wis.App.**

**Wis.App.** 1999. Cit. and quot. in sup., cit. in case cit. in sup., subsec. (a) cit. in case cit. in sup., subsec. (c) cit. in sup. and headnote, com. (e) cit. in sup. and quot. in ftn., com. (f) quot. in sup., com. (n) cit. in sup. Restaurant sued an advertising company for trespass and waste as a result of the company's refusal to remove 57 posts on the restaurant's property when the company removed the sign for which those posts were the supporting structure. Trial court granted defendant summary judgment. This court affirmed in part, reversed in part, and remanded, holding, inter alia, that plaintiff was entitled to judgment as a matter of law on the question whether defendant was trespassing, because the consent for the posts to be placed in the ground was conditioned upon their being the supporting structure for the sign, which plaintiff and its predecessor leased from defendant and its predecessor. Upon defendant's removal of the sign, it no longer had plaintiff's consent to leave the posts in the ground,

Case 2:23-cv-00164-cr  Document 53-2  Filed 10/06/23  Page 62 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

and its refusal to remove them constituted a trespass. The Manor Enterprises, Inc. v. Vivid, Inc., 228 Wis.2d 382, 596 N.W.2d 828, 831-833, 835.

**Wis.App.**1991. Cit. in disc. Manufacturers disposed of hazardous waste at a landfill not licensed to receive it. Nearby landowners sued the city, the manufacturers, and their insurers for contaminating residential water wells and causing the landowners personal injury and economic loss through conducting an abnormally dangerous activity, negligence, nuisance, and trespass. The trial court dismissed the plaintiffs' claims against the manufacturers. Affirming in part and reversing in part, this court held, inter alia, that the manufacturers were not entitled to summary judgment dismissing the plaintiffs' claims for trespass, since the plaintiffs claimed that they personally and their lands had been harmed by the unintentional intrusion of chemical compounds seeping into the well water. The court noted that trespass could be either an intentional or unintentional intrusion resulting from reckless or negligent conduct or from an abnormally dangerous activity. Fortier v. Flambeau Plastics Co., 164 Wis.2d 639, 476 N.W.2d 593, 608.

**Wis.App.**1980. Quot. in disc. and com. (e) quot. in disc. The plaintiff, a biochemist and president of a research corporation, owned a residence, laboratory, and foundation offices. The police department received a complaint that shots had been fired at four boys who were bicycling in the area of the plaintiff's property. The police charged the residence, frisked the plaintiff outside his home, and then searched his home and laboratory. They found a .22 caliber rifle and a pellet gun. The plaintiff was not taken into custody. A deputy sheriff told him that he would be charged with the crime of reckless use of a weapon, but, in fact, no charge was ever brought against the plaintiff because of this incident. The defendant newscaster filmed the police squad cars as they charged the plaintiff's driveway, rode to the plaintiff's residence with the defendant officers, went into the building and filmed the officers confiscating the guns. The newscaster did not request or receive the plaintiff's permission to go upon the premises, to enter the building, or take pictures inside the building. The plaintiff and his research foundation brought this action for violation of his civil rights against the newscaster and the police deputies, for defamation against the newscaster and his employer, and for trespass against the newscaster, the deputies, and the police. The trial court dismissed the complaint at the close of the plaintiff's case. The appellate court affirmed the dismissal of the plaintiff's claims that the defendants violated his civil rights, and that he was defamed by the television broadcast. The appellate court reversed the dismissed of the trespass action against the defendant newscaster and those police officers who gave the newscaster permission to enter into the plaintiff's premises, but it dismissed the complaint against the other deputies and police officers who individually investigated the incident, holding that they were privileged to enter the plaintiff's premises under the circumstances. The plaintiff claimed that he was defamed when the defendant newscaster reported in his news broadcast that the plaintiff "will answer charges of reckless use of a fire arm." The appellate court held that these comments were capable of a defamatory meaning. A person's reputation may be lowered by a charge of reckless use of a firearm which involves endangering another's safety. Truth is an absolute defense to a defamation charge; however, regardless of the substantial truth of the balance of the new scripts, the fact remained that the defendant had never been charged with the crime of reckless use of a firearm as a result of the incident at his home. The "substantial truth" test, therefore, cannot be used to sanitize a single, but glaring falsehood in a series of otherwise true statements. The court also concluded that the defendant newscaster and defendant television network could not assert any of the factors described by the Restatement because they did not apply to the network or its employees. The appellate court ultimately held, however, that the trial court correctly dismissed the plaintiff's defamation complaint because he failed to show actual injury. The plaintiff produced only evidence of the damages caused by the incident at his home and its televised coverage. He presented no evidence whatsoever of the effect of the defamatory statement. Although the plaintiff presented evidence that several potential business associates refused to do business with him because they thought he was an irate individual after viewing the report, the plaintiff failed to attribute this loss of business to the newscaster's statement that he would be charged with a crime. Prahl v. Brosamle, 99 Wis.2d 130, 295 N.W.2d 768, 778.

**Wyo.**

**Wyo.**1990. Cit. in trial rec. quot. in diss. op. Several ranchers sued an oil company, alleging that the company's failure to properly plug and abandon an oil test well allowed salty seepage water to escape and damage their lands. The ranchers asserted claims for negligence, trespass, and nuisance, inter alia. The trial court entered judgment on a jury verdict for the defendant. This court

Case 2:23-cv-00164-cr  Document 53-2  Filed 10/06/23  Page 63 of 63

§ 158 Liability for Intentional Intrusions on Land, Restatement (Second) of Torts § 158...

affirmed, holding that the plaintiffs' failure to object to the wording of a special verdict interrogatory constituted a waiver of any error, and that moreover, there was no error in the wording of the interrogatory. The dissent would have reversed for retrial, contending that adequate objection was taken to the wording of the interrogatory, which required a finding that ineffective plugging of the well caused the salty seepage to flow "on to" the plaintiffs' ranches, that the error was not harmless, and that this subsurface bad water intrusion case was thereby converted into a surface flow problem for decision. Davis v. Consolidated Oil & Gas, Inc., 802 P.2d 840, 855.

Restatement of the Law - Torts © 1934-2023 American Law Institute.
Reproduced with permission. Other editorial enhancements © Thomson Reuters.

---

**End of Document**                          © 2023 Thomson Reuters. No claim to original U.S. Government Works.