**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| ADDISON CENTRAL SCHOOL DISTRICT, et al. | ) ) ) CASE NO. 2:23-CV-164-CR ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MONSANTO CO., SOLUTIA, INC., and PHARMACIA LLC, | ) ) ) |
| Defendants. | ) ) ) |

**NONPARTY STATE OF VERMONT'S MOTION TO FILE AMICUS BRIEF IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

The State of Vermont, by and through Attorney General Charity R. Clark ("the State") hereby moves to appear as *amicus curiae* in this matter for the limited purpose of requesting that the Court stay this matter. The State's proposed *amicus* brief is attached hereto as Exhibit A. In support of the motion, the State states as follows:

1. On June 16, 2023, the State filed a statewide lawsuit seeking damages for contamination with polychlorinated biphenyls ("PCBs") in Vermont schools. *State of Vermont v. Monsanto Co. et al.*, 23-CV-02606 (Vt. Super. Ct., Chittenden Unit).

2. On June 29, 2023, this case ("*Addison*") was filed against the same defendants sued in the State's case and for the same tortious conduct.

3. The two cases overlap. *Addison* seeks to litigate on behalf of approximately 90 school districts to recover costs of PCBs remediation. The State's first-filed case was already seeking to recover costs of PCBs testing and/or remediation in all public and independent

Vermont schools, relying in part on its *parens patriae* authority in a statewide matter of public health and welfare.

4. The Court may permit a movant to file an amicus brief. *Allen v. Dairy Farmers of Am., Inc.*, 2015 WL 13979688, at *3 (D. Vt. Sept. 14, 2015) (citation omitted); *see also Given v. Rosette*, 2015 WL 5177820, at *2 (D. Vt. Sept. 4, 2015). The motion to file an amicus brief "must include the person's proposed brief and must explain (1) the [person's] interest in submitting a brief relative to the case or motion before the court and (2) the reason why an amicus memorandum is desirable and why matters asserted are relevant to the disposition of the case or motion before the court." *Allen*, 2015 WL 13979688, at *3 (internal quotation marks omitted).[1]

5. The State meets these requirements. First, the State has a clear interest in this matter. As set forth above there are now two overlapping cases pending in state and federal courts. Litigation of *Addison* while the State litigates its case in state court will result in inefficient, piecemeal litigation, conflicts in approach, potentially conflicting rulings, and severe logistical problems in the resolution of a complex dispute. Logistical problems affecting the State's administration of a statutorily required PCBs testing program already have arisen.

6. Second, the State's proposed *amicus* brief will assist the Court in understanding and anticipating the issues and conflicts that have arisen and may arise in the future in these parallel proceedings, absent a stay of *Addison*. The State's arguments are not duplicative of the parties' arguments; the State raises new arguments regarding whether the Court

---

[1] In the federal courts of appeals, States are authorized by rule to submit amicus briefs. *See* Fed. R. App. P. 29(a)(2) ("a state may file an amicus-curiae brief without the consent of the parties or leave of court").

should issue a stay as a matter of abstention or pursuant to the Court's inherent authority.

*Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, 2011 WL 2173785, at *5 (D. Vt. June

2, 2011) ("An amicus curiae memorandum is of considerable help to the Court if it brings

relevant matters that the parties have not already addressed to the Court's attention.").

7. Yesterday afternoon, the State asked counsel for plaintiffs and defendants to consent to

   the State's filing of an amicus brief. Counsel for defendants stated that defendants take

   no position on this motion. As of 2 p.m. today, counsel for plaintiffs have not responded.

8. The State respectfully requests that the Court permit the State to file the attached

   proposed amicus brief.

Dated: November 3, 2023                          STATE OF VERMONT


                                                 CHARITY R. CLARK
                                                 ATTORNEY GENERAL



                                                 Justin E. Kolber
                                                 David G. Golubock*
                                                 Assistant Attorneys General
                                                 Office of the Attorney General
                                                 109 State Street
                                                 Montpelier, VT 05602
                                                 (802) 828-3186
                                                 Justin.Kolber@vermont.gov
                                                 David.Golubock@vermont.gov
                                                 * *Admission application forthcoming*