**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | | |
|---|---|---|
| ADDISON CENTRAL SCHOOL DISTRICT, *et al.*, | ) | |
| Plaintiffs, | ) | No. 2:23-CV-00164-CR |
| v. | ) | |
| MONSANTO CO., SOLUTIA, INC. and PHARMACIA LLC, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' OPPOSITION TO NONPARTY STATE OF VERMONT'S MOTION TO FILE "AMICUS BRIEF IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS"**

The Court should deny leave for the State of Vermont to file its so-called "*amicus* brief." The proposed document is not an *amicus* brief at all, but instead, an attempt to present a motion seeking drastic relief (a stay of this case / abstention by the Court) while evading both this Court's Local Rules as well as the Federal Rules of Civil Procedure governing how such motions can be presented to the Court, and by whom. This attempt to circumvent the governing rules should be rejected.

At the outset, it should be noted there is no Local Rule authorizing *amicus* briefs at the district court level (although there are certainly rules governing motion practice, to be discussed shortly). *Allen v. Dairy Farmers of America, Inc.*, Case No. 5:09-cv-230, 2015 WL 13979688 (D. Vt. Sept. 14, 2015) at *3. Accordingly, while some such filings have been allowed a handful of times, this Court has never hesitated to deny leave to file purported *amicus* briefing where the procedure or purpose was even slightly dubious. *See e.g. Brod v. Omya, Inc.,* Case No. 2:05-CV-182 (D. Vt. Sept. 9, 2006); *United States v. Hunter,* Case No. 2:978-CR-059, 2006 WL 8426529

(D. Vt. June 10, 1998); *Buckley v. American Int'l Adjustment Co., Inc.*, Civ. A. No. 91-242, 1992 WL 486814 (D. Vt. March 26, 1992).

The State's proposed filing here is dubious. *It is not a proper* amicus *brief at all.*

The State styled its motion as a "Motion to File *Amicus* Brief in Response to Defendants' Motion to Dismiss." Doc. 57 at 1. But the State's proposed filing has nothing whatsoever to do with "Defendants' Motion to Dismiss." Defendants' Motion to Dismiss raised only two issues: (1) whether certain of the Plaintiff School Districts have Article III standing under F. R. Civ. P. 12(b)(1), and (2) whether the School Districts have appropriately stated claims under F. R. Civ. P. 12(b)(6). Doc. 47, *passim.* The State's proposed submission has nothing to do with these issues. The State concedes that the School Districts have standing. The State also concedes that the School Districts have properly stated claims. Any purported relationship between Defendants' motion and the State's own submission is wholly illusory.

As for what the State's so-called "*amicus* brief" truly is: It is a motion masquerading as something else. It raises numerous issues raised by none of the actual parties to this case – either the School Districts or Defendants. This is not proper. "Historically, an amicus could not join issues not joined by the parties in interest . . . ." *United States v. State of Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (citing *National Comm'n on Egg Nutrition v. F.T.C.*, 570 F.2d 157, 160 n.3 (7th Cir. 1977)). "In our adversarial system of adjudication, we follow the principle of party presentation. As this Court stated in *Greenlaw v. United States*, 554 U.S. 237 [] (2008), 'in both civil and criminal cases, in the first instance and on appeal . . . , we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.' *Id.*, at 243 []." *United States v. Sineneng-Smith*, 140 S.Ct. 1575, 1579 (2020). "To the extent that the amicus raises issues or make arguments that exceed those properly raised by the parties, we

may not consider such issues." *Cellnet Commc'ns, Inc. v. FCC* , 149 F.3d 429, 443 (6th Cir. 1988). "While amicus briefs are helpful in assessing litigants' positions, an amicus cannot introduce a new argument into a case. *See Lane v. First Nat'l Bank*, 871 F.2d 166, 175 (1st Cir.1989) (explaining that an amicus may not 'interject into a case issues which the litigants, whatever their reasons might be, have chosen to ignore') . . . ." *United States v. Sturm, Ruger & Co., Inc.*, 84 F.3d 1, 6 (1st Cir. 1996).

The State's proposed "*amicus* brief" also requests the order of the Court granting the State extraordinary relief requested by neither party: a stay of this case and/or abstention by the Court.

But as the Federal Rules of Civil Procedure make clear, such a request cannot be made in a mere brief, whether an *amicus* brief or otherwise. "A request for a court order must be made by motion." F. R. Civ. P. 7(b)(1). The State is requesting the order of the Court and thus must make this request by motion pursuant to the plain language of the governing Rules.

The State is also in blatant contravention of this Court's own Local Rules as well. Local Rule 7(a)(1) – which is unmistakable in its simplicity – provides:

> (1) ***Title.*** The court will not consider any motion unless it contains the word "motion" in the title.

The Court should enforce its rules as written and reject the State's proposing filing on these bases alone.

These are far from the only pernicious things about the State's filing, though. Filing an "*amicus* brief" rather than properly filing a motion is also a clear attempt to circumvent the requirements of Federal Rule of Civil Procedure 24 governing standing.

Not just anyone can walk into Court and meddle with others' cases – for very good and obvious reasons. Federal Rule of Civil Procedure 24, regarding intervention, prescribes when this will be allowed and when it will not.

In effect in one form or another for close to a century, F. R. Civ. P. 24 contains the clear requirements which must be met by anyone wishing to interfere with the instant case. Depending on which approach the stranger chooses to take, that stranger may assert a right to intervention, a request for permissive intervention, or both. But no matter what approach is chosen, Rule 24 contains clear legal standards and clear factual showings which must be made by motion and satisfied by the movant before intervention may be allowed.

"Historically, there has been a bright-line distinction between amicus curiae and named parties/real parties in interest in a case or controversy. Standing to litigate equal to that exercised by named parties/real parties in interest may be acquired or conferred only pursuant to Fed.R.Civ.P. 14 and 17 through 25." *Michigan*, 940 F.2d at 165. "The intent and purpose of the Federal Rules should not be evaded by acts of judicial legerdemain. Amicus curiae may not and, at least traditionally, has never been permitted to rise to the level of a named party/real party in interest nor has an amicus curiae been conferred with the authority of an intervening party of right without complying with the requirements of Fed.R.Civ.P. 24(a), nor accorded permissible intervention without meeting the criteria of Fed.R.Civ.P. 24(b)." *Id.* To permit such a thing "convert[s] the trial court into a free-wheeling forum of competing special interest groups capable of frustrating and undermining the ability of the named parties/real parties in interest to expeditiously resolve their own dispute . . . ." *Id.* at 166.

Nor of course is that the end of the story either. There are a host of various doctrines, considerations, and glosses which have accreted around F. R. Civ. P. 24 during the many years of its existence – enough to fill the substantial portion of a treatise, in fact. *See* 7C CHARLES ALAN WRIGHT & ARTHUR W. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1901 *et seq.* (3rd ed.) ("Rule 24. – Intervention").

The School Districts can scarcely begin to prepare a proper presentation of all these issues when the State itself has not properly placed them before the Court in the first instance. Nor can the State avoid them merely by claiming to be "*amicus*."

For these reasons, too, the State's motion to submit its "*amicus* brief" should be denied. If the State wishes to receive an order of the Court imposing a drastic change to this litigation – if not an outright death-knell for the School District's claims and their right of self-determination over then own lawsuit, then certainly a coma – the State should be required to follow the same rules, procedures, and substantive law as any other person coming before the Court.

Accordingly, the School Districts respectfully request the Court deny the State's motion to accept its "*amicus* brief" and to reject the filing of the same. Should the Court determine to accept it, however, in the alternative, and in light of the unorthodox nature of the State's submission, the School Districts respectfully request up to 30 days and up to 45 pages to respond from the day the Court enters its accepting order.

But this should not take place. The School District cannot properly prepare responses to claims which have not been properly presented in the first instance.

WHEREFORE, Plaintiffs Addison Central School District, *et al.*, respectfully request the Court DENY Nonparty State of Vermont's Motion to File *Amicus* Brief In Response to Defendants' Motion to Dismiss, and for such other and further relief as this Court deems just and proper.

Dated: December 1, 2023

LYNN, LYNN, BLACKMAN &
MANITSKY, P.C.

*/s/ Pietro J. Lynn*
Pietro J. Lynn
plynn@lynnlawvt.com

76 St. Paul Street, Suite 400
Burlington, VT 05401
(802) 860-1500

FRAZER PLC
T. Roe Frazer II (pro hac vice)
roe@frazer.law
Thomas R. Frazer III (pro hac vice)
trey@frazer.law
J. Grant LaBar (pro hac vice)
grant@frazer.law
30 Burton Hills Road, Suite 450
Nashville, TN 37215
(615) 647-6464

ONDERLAW, LLC
William W. Blair (pro hac vice)
blair@onderlaw.com
Gregory J. Pals (pro hac vice)
pals@onderlaw.com
110 East Lockwood
St. Louis, MO 63119
(314) 963-9000

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 1st day of December, 2023 the foregoing was filed electronically via the ECF / CM system with the Clerk of the Court for purposes of serving a Notice of Electronic Filing upon all counsel of record via electronic mail.

/s/ Pietro J. Lynn