UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| ADDISON CENTRAL SCHOOL DISTRICT, et al.<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO CO., SOLUTIA, INC., and PHARMACIA LLC<br><br>Defendants. | No. 2:23-cv-00164 (CR) |

## PHARMACIA'S RESPONSE TO THE STATE OF VERMONT'S MOTION TO FILE AMICUS BRIEF AND REQUEST FOR A STAY

The State of Vermont's proposed amicus curiae brief is improper on multiple levels. Amicus briefs are designed to enable non-parties to weigh in on legal issues presented by parties. The State's proposed amicus brief, by contrast, does not respond to Defendants' Motion to Dismiss, but is a stand-alone motion to stay this case that raises no issue bearing any resemblance to the issues presented by the parties.

A wealth of case law holds that a non-party does not have standing to request substantive relief in a case and that the Court thus has no jurisdiction to consider motions from a non-party. *See, e.g.*, *Calderon v. Clearview AI, Inc.*, No. 20-cv-1296 (CM), 2020 WL 2792979, at *3, 8 (S.D.N.Y. May 29, 2020) ("Before [a non-party] can seek the dismissal, transfer, or stay [he] must prevail on his motion to intervene. . . . [A]bsent intervention, the court need not – indeed, cannot – reach the merits of [a non-party's] motion to dismiss, transfer, or stay."); *Glob. Auto, Inc. v. Hitrinov*, No. 13-cv-2479 (PKC)(RER), 2021 WL 1220712, at *5 n.13 (E.D.N.Y. Mar. 31, 2021) (holding that, once a non-party's motion to intervene was denied, the non-party lacks standing to seek transfer); *Steinmetz v. Danbury Visiting Nurse Ass'n*, No. 3:19-cv-01819

(JCH), 2021 WL 4193070, at *6 (D. Conn. Sept. 15, 2021) ("[T]he court finds that, because [non-party] was never made a party to [this] action, it lacks jurisdiction to rule on [non-party's] Motion."); *Minnesota by Campion v. CMI of Kentucky, Inc.*, No. 08-cv-603 (DWF)(AJB), 2011 WL 13227960, at *5 (D. Minn. Feb. 11, 2011) ("[The non-party] cannot move for relief in the present case. Therefore, the [non-party's] motion is denied for lack of standing."); *cf. In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116 (2d Cir. 1992) ("[N]on-parties usually lack standing to challenge venue dispositions."); *Piambino v. Bailey*, 757 F.2d 1112, 1136 n.62 (11th Cir. 1985) ("[T]he district court, having denied [the non-party's] intervention, had to deny his application [to set aside the fee disbursement and stay the execution of the final judgment]."). Because the State is not a party, it lacks standing to move to stay this action.[1]

Even if the State had standing to file a motion to stay, the State's proposed amicus brief is an improper vehicle to seek substantive relief of any kind. "[A]n amicus curiae is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case." *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007). An amicus is not permitted to "inject[] new issues" into the case—as the State seeks to do here. *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 445 (2d Cir. 2001) ("Although an *amicus* brief can be helpful in

---

[1] The State has not attempted to intervene and claims it is "impossib[le]" for it to do so. (Doc. 57-1, at 12.) But the State cites no authority for the proposition that this Court may entertain a motion filed by a non-party who lacks standing to seek relief in the case, absent intervention. Further, the State has not shown that it would be impossible for it to intervene. The only support the State offers for its purported inability to seek intervention—an argument made in a single sentence in a footnote—is *Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25 (D.D.C. 2009). The State argues, citing *Hood*, that "the State could not intervene in this action because it would destroy the only ground of subject matter jurisdiction, *i.e.*, diversity." (Doc. 57-1, at 13 n.10.) Diversity jurisdiction, however, is *not* destroyed when a non-diverse party intervenes, unless the non-diverse party is an indispensable party. *See, e.g.*, *Brooks v. Sussex Cnty. State Bank*, 167 F.R.D. 347, 352 (N.D.N.Y. 1996) ("[J]urisdiction is not lost by . . . intervention or joinder [which destroys complete diversity] if the new parties are not indispensable but merely conditionally necessary parties to the suit."). The State does not argue it is an indispensable party to this action and, therefore, the State has not explained why subject matter jurisdiction would make it "impossib[le]" to intervene. Indeed, the State is not an indispensable party because the Court can decide this case without the State's presence. *Id.*

elaborating issues properly presented by the parties, it is normally not a method for injecting new issues into an appeal, at least in cases where the parties are competently represented by counsel."); *see also Andersen v. Leavitt,* No. 03-cv-6115 (DRH)(ARL), 2007 WL 2343672, at *2 (E.D.N.Y. Aug 13, 2007) ("[A]n amicus curiae brief should not be used to address 'wholly new issues not raised by the parties.'"). The State characterizes its brief as "rais[ing] new arguments" that are "not duplicative of the parties' arguments," (Doc. 57, at 2), but what the State really seeks to do is insert an entirely new issue into this case—which the Second Circuit has said an amicus brief may not do.[2] While the State claims that "[m]any federal courts faced with similarly duplicative state-federal cases have stayed the federal action," (Doc. 57-1, at 1), the State does not—because it cannot—cite a single example of a court staying an action based on a stand-alone motion offered by a non-party under the guise of an amicus brief.

Accordingly, the State's motion to file should be denied and any request for a stay should be dismissed.[3]

---

[2] The State cites *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, 1:11-cv-99 (JGM), No. 2011 WL 2173785 (D. Vt. June 2, 2011), for the proposition that "[a]n amicus curiae memorandum is of considerable help to the Court if it brings relevant matters that the parties have not already addressed to the Court's attention." *Id.* at *5. *Entergy* was offering prospective guidance to parties who had been given permission to file amicus briefs but had not yet submitted them. So nothing in *Entergy* suggests that the Court meant to encourage an amicus brief to introduce novel issues into a case, which would contravene the Second Circuit's admonition that amicus briefs are meant to "elaborat[e] issues properly presented by the parties" and are not appropriate if they attempt to "inject[] new issues." *Universal City Studios*, 273 F.3d at 445.

[3] While not necessary to defeat the State's efforts, Pharmacia is compelled to note that a number of the State's factual claims are inaccurate. Pharmacia has not insisted on four weeks' notice for testing events—to the contrary, it has often attended testing events with less than *one* weeks' notice, has made every effort to attend with any length of notice, and has routinely attended with less than four weeks. In fact, it is difficult to understand how the State can make representations about Pharmacia's position on notice when it has not even been involved in the communications regarding Pharmacia's attendance at testing events in the first place. As for the State's effort to suggest Pharmacia's third-party discovery inquiries are somehow untoward, Pharmacia has served exactly one request for documents on the State by subpoena under this caption, which yielded only 280 documents, and it is hardly surprising that Pharmacia has subpoenaed the contractors conducting the PCB testing, as those contractors will be key witnesses regardless of whether this case gets stayed.

Dated: December 1, 2023.

          **MONSANTO COMPANY, SOLUTIA INC., PHARMACIA L.L.C.**

By: */s/Ian P. Carleton*
**SHEEHEY FURLONG & BEHM P.C.**
Ian P. Carleton, Esq.
Alexandrea L. Nelson, Esq.
Devin T. McKnight, Esq.
Hannah C. Waite, Esq.
30 Main Street, 6th Floor
PO Box 66
Burlington, VT 05402-0066
icarleton@sheeheyvt.com
anelson@sheeheyvt.com
dmcknight@sheeheyvt.com
hwaite@sheeheyvt.com

**SHOOK, HARDY & BACON L.L.P.**
Thomas M. Goutman (admitted *pro hac vice*)
Richard L. Campbell (admitted *pro hac vice*)
Stephen I. Hansen (admitted *pro hac vice*)
Emyr T. Remy (admitted *pro hac vice*)
One Federal Street, Suite 2540
Boston, MA 02110
(617) 531-1411
tgoutman@shb.com
rcampbell@shb.com
sihansen@shb.com
remy@shb.com