UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| ADDISON CENTRAL SCHOOL DISTRICT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MONSANTO CO., SOLUTIA, INC., and PHARMACIA LLC, <br><br> Defendants. | Case No. 2:23-cv-164 (CR) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO ESTABLISH A BELLWETHER PROCESS**

NOW COME Defendants, Monsanto Company, Solutia Inc., and Pharmacia LLC ("Defendants"), and submit this Opposition to Plaintiffs' Motion to Establish a Bellwether Process.

While Defendants appreciate the importance of orderly management in complex cases such as this, Plaintiffs' request to establish a bellwether process is entirely premature.

First, Defendants' pending Motion to Dismiss (Doc. 47) seeks, among other things, dismissal of the claims brought by 76 of the Plaintiffs for lack of standing. Whether the Court grants all, some, or none of that request, and on what reasoning, could have a sweeping impact on the scope, details, and necessity of any bellwether arrangement.

Second, less than two weeks ago, the State of Vermont filed a Motion to Intervene (Doc. 93) requesting permission to move this Court to either stay or abstain from hearing this case. The implications of the anticipated Motion to Stay/Abstain, which is not fully briefed nor decided, on any bellwether proposals are self-evident.

Finally, it bears noting that in light of Defendants' pending Motion to Dismiss, and in anticipation of the State's Motion to Intervene, one week prior to the latter Defendants filed a

Motion to Stay Case Management Deadlines (Doc. 92), asking the Court to stay discovery until the Motion to Dismiss and the State's expected Motion to Stay/Abstain have been finally decided. Rather than responding to Defendants' Motion to Stay Case Management Deadlines, Plaintiffs filed the instant bellwether proposal.

While Defendants are certainly open to good faith discussions about how best to organize this case, it seems only logical to allow the pending Motion to Intervene and the anticipated Motion to Stay/Abstain play out before any consideration is given to such proposals. To the extent the Court is inclined to entertain a bellwether process sooner rather than later, Defendants request an opportunity to fully brief those logistical issues, as the process set forth in Plaintiffs' Motion is objectionable on numerous levels.

Dated: April 18, 2024

> Respectfully submitted,
> **MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA LLC**
>
> By: */s/ Ian P. Carleton*
> **SHEEHEY FURLONG & BEHM P.C.**
> Ian P. Carleton
> Devin T. McKnight
> Alexandrea L. Nelson
> Hannah C. Waite
> 30 Main Street, 6th Floor, PO Box 66
> Burlington, VT 05402-0066
> (802) 864-9891
> icarleton@sheeheyvt.com
> dmcknight@sheeheyvt.com
> anelson@sheeheyvt.com
> hwaite@sheeheyvt.com

**IRWIN FRITCHIE URQUHART MOORE & DANIELS LLC**
Quentin F. Urquhart, Jr. (admitted *pro hac vice*)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
(504) 310-2107
qurquhart@irwinllc.com

**SHOOK, HARDY & BACON L.L.P.**
Stephen I. Hansen (admitted *pro hac vice*)
Emyr T. Remy (admitted *pro hac vice*)
One Federal Street, Suite 2540
Boston, MA 02110
(617) 531-1411
sihansen@shb.com
remy@shb.com