U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JAN -3 PM 4:47

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ADDISON CENTRAL SCHOOL DISTRICT, *et al.*, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 2:23-cv-00164 |
| MONSANTO CO.; SOLUTIA, INC.; and PHARMACIA LLC, ) ) ) ) | |
| Defendants. ) | |

### ENTRY ORDER DENYING THE STATE OF VERMONT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL
(Doc. 130)

Plaintiffs, a group of ninety-three school districts and one independent school in Vermont, bring this case against Defendants Monsanto Co., Solutia, Inc., and Pharmacia LLC (collectively "Defendants"), arising out of the manufacture and sale of products containing polychlorinated biphenyls ("PCBs") used in the construction of Plaintiffs' school buildings prior to 1980. On September 6, 2024, the court issued an Opinion and Order denying the State of Vermont's ("the State") motion to stay the case. (Doc. 113.) The State filed a motion for reconsideration on September 20, 2024, (Doc. 117), which the court denied in a November 18, 2024 Entry Order. (Doc. 137.) Prior to the issuance of that Order, on October 18, 2024, the State filed the instant motion to certify an interlocutory appeal. (Doc. 130.) Plaintiffs filed their response on November 1, 2024, (Doc. 132), and the State replied on November 15, 2024. (Doc. 134.) On the same date, Plaintiffs filed a surreply, (Doc. 135), at which point the court took the motion under advisement.

Plaintiffs are represented by Gregory J. Pals, Esq.; J. Grant LaBar, Esq.; Pietro J. Lynn, Esq.; R. Prescott Sifton, Jr., Esq.; T. Roe Frazer, II, Esq.; Thomas Roe Frazer, III, Esq.; and William W. Blair, Esq. Defendants are represented by Alexandrea L. Nelson, Esq.; Devin T. McKnight, Esq.; Douglas J. Moore, Esq.; Emyr T. Remy, Esq.; Hannah C. Waite, Esq.; Ian P. Carleton, Esq.; Quentin F. Urquhart, Jr., Esq.; and Stephen I. Hansen, Esq. The State is represented by Assistant Attorneys General Justin E. Kolber and David G. Golubock; Matthew F. Pawa, Esq.; and Wesley Kelman, Esq.

## I.     Factual and Procedural Background.

On March 29, 2024, the State filed a motion to intervene, (Doc. 93), which the court granted, (Doc. 98), "for the limited purpose of seeking a stay of this case under the *Colorado River* doctrine or, alternatively, under the [c]ourt's inherent authority." (Doc. 93-1 at 1.) On May 17, 2024, the State filed its motion to stay the case. (Doc. 99.) The court denied this motion in a September 6, 2024 Opinion and Order (the "September 6 Order"), wherein it found "[*Colorado River* f]actors one, two, four, and six weigh against abstention. Factors three and five weigh in favor of abstention . . . . Although a close call, weighing all six factors, . . . the State has failed to establish 'exceptional circumstances' warranting abstention." (Doc. 113 at 15) (citation omitted).

In its analysis regarding the third *Colorado River* factor,[1] the court found the threat of piecemeal litigation was diminished given the existence of a second federal court case in addition to the pending state court case.[2] This factor, which is designed to prevent "an unseemly and destructive race to the courthouse[,]" *id.* at 13 (citations and internal quotation marks omitted), was less weighty where that race had already taken place. The court further noted that "Defendants, the parties most likely to be prejudiced by allegedly duplicative lawsuits, do not seek abstention or join in the State's motion for a stay." *Id.*

---

[1] The third *Colorado River* factor requires courts to consider "whether staying or dismissing the federal action will avoid piecemeal litigation[.]" *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)).

[2] *Burlington Sch. Dist. v. Monsanto Co.*, No. 2:22-cv-215-WKS (D. Vt.); *State v. Monsanto Co.*, Case No. 23-CV-02606 (Vt. Super. Ct., Chittenden Unit).

2

As a result, the court found the third factor "weigh[ed] only slightly in favor of abstention[.]" *Id.*

Regarding the sixth *Colorado River* factor,[3] the court acknowledged that "Plaintiffs bring state law claims and have identified no federal right that would be imperiled" if the case were decided in state court, *id.* at 15, although on reconsideration the court pointed out Plaintiffs had a right to bring their claims in federal court pursuant to diversity jurisdiction. If Plaintiffs were forced to abandon their claims so the State could litigate its claims in state court, Plaintiffs may not be fully compensated for their damages because the state court litigation will not resolve whether Plaintiffs are entitled to additional damages. Based on this, the court determined the sixth factor "militate[d] against abstention." (Doc. 113 at 15.)

On September 20, 2024, the State filed a motion for reconsideration wherein it argued the court's decision was clearly erroneous and manifestly unjust. (Doc. 117.) The court denied the State's motion, (Doc. 137), finding "the State d[id] no more than reiterate the arguments it previously raised[,]" *id.* at 4, and failed to show clear error or manifest injustice.

On October 18, 2024, the State filed the instant motion to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Therein, the State argues the court's analysis of *Colorado River* factors three and six is ripe for appeal and presents controlling questions of law.

## II. Conclusions of Law and Analysis.

### A. Whether the State Has Standing to Seek an Interlocutory Appeal.

"To maintain standing to appeal, an intervenor must have suffered an injury in fact that is fairly traceable to the challenged action and that is likely to be redressed by the relief requested." *Schulz v. Williams*, 44 F.3d 48, 52 (2d Cir. 1994) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)). "To suffer a judicially cognizable 'injury in fact' an

---

[3] The sixth *Colorado River* factor requires courts to consider "whether the state procedures are adequate to protect the plaintiff's federal rights[.]" (*Woodford*, 239 F.3d at 522 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26-27 (1983)).

3

intervenor must have a 'direct stake in the outcome of a litigation' rather than 'a mere interest in the problem.'" *Id.* (quoting *Diamond v. Charles*, 476 U.S. 54, 66-67 (1986)). "The interest must be 'a legally-protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (alteration in original)).

The State argues that it has a "direct stake" in the outcome of this litigation because "any financial recovery by the school districts of the costs of completing statutorily required remediation work is statutorily owed to the State." (Doc. 134 at 12) (citing Act 78 § C.112(c) (internal quotation marks omitted)). Plaintiffs argue that the State mischaracterizes its ability to recover the claimed remediation fees.

Act 78 § C.112(c) states:

Reimbursement. If a school district in the State recovers money from litigation or other award for work covered *under a grant issued under this section*, the school district shall reimburse the State the amount of the recovery or the amount of the grant awarded to the school district under subsection (b) of this section, whichever amount is less.

(emphasis supplied). Although the State argues that the concurrence of this litigation and the *State Case* "injures the State's ability to recover these costs itself in its parallel case[,]" it does not explain why. (Doc. 134 at 12.)

"[U]nadorned speculation will not suffice to invoke the federal judicial power." *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 44 (1976). The State's claim to reimbursement from Plaintiffs' recovery in this case is speculative. The State's claim that Defendants may be unable to pay an adverse state court judgment is also speculative. *See DIRECTV, LLC v. Nexstar Media Grp. Inc.*, 724 F. Supp. 3d 268, 280 (S.D.N.Y. 2024) (stating a plaintiff lacks standing where there are "too many speculative links in the chain of causation" between defendants' alleged wrongdoing and plaintiff's claimed injuries) (internal quotation marks omitted) (quoting *City of Oakland v. Oakland Raiders*, 20 F.4th 441, 460 (9th Cir. 2021)); *see also Diamond*, 476 U.S. at 66 (finding that the fact that the potential "pool of fee-paying patients would be enlarged" was too speculative because plaintiff's claim, "based on speculation and hoped-for fees[,] is far different from that of"

4

physicians whose "actual fees were limited by the challenged . . . statute[]"). Because the State has suffered no injury in fact in this case, the State's motion to certify an interlocutory appeal is DENIED.

### B. Whether the Court's Denial of the State's Motion to Stay Is Appealable Under 28 U.S.C. § 1292(b).

Even if the State could establish standing, it would still have to establish the court's prior decision denying the State's motion to stay is appealable under 28 U.S.C. § 1292(b). "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States, . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. "The decision *not* to abstain . . . is in no way a final decision, for the purpose of federal litigation, and is consequently not appealable under 28 U.S.C. § 1291." *RRI Realty Corp. v. Inc. Vill. of Southampton*, 766 F.2d 63, 65 (2d Cir. 1985) (emphasis in original).

A district court may, however, certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) when it is "of the opinion that [the relevant] order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). "When a ruling satisfies these criteria and 'involves a new legal question or is of special consequence,' then the district court 'should not hesitate to certify an interlocutory appeal.'" *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)).

The Second Circuit has cautioned that Section 1292(b) provides a "rare exception to the final judgment rule that generally prohibits piecemeal appeals" and "is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996). "[O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21,

25 (2d Cir. 1990) (internal quotation marks and alteration omitted); *see also Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992) (stating that district courts should "exercise great care in making a [Section] 1292(b) certification[]").

### 1. Whether There Is a Controlling Question of Law.

The first element of a Section 1292(b) certification requires there to be a "controlling question of law[.]" 28 U.S.C. § 1292(b). "The 'question of law' certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Est. of Antonio Pedersen v. Pedersen*, 2013 WL 12347194, at *2 (D. Vt. Jan. 25, 2013) (internal quotation marks omitted) (citing *Morris v. Flaig*, 511 F. Supp. 2d 282, 315 (E.D.N.Y. 2007)); *see also Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000) (explaining that "'question of law' [is used] in much the same way a lay person might [use it], as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest").

The State argues the court's prior decision raises four questions of law: (1) "the proper weight to be accorded the possibility that collateral estoppel or res judicata 'may reduce' the risk of inconsistent outcomes[,]" (Doc. 130 at 8), (2) "whether district courts may discount the threat of piecemeal litigation because a decision to abstain would not affect another federal lawsuit . . . that allegedly raises some of the same issues[,]" *id.* at 9, (3) "how to weigh [a defendant's] silence about whether abstention is warranted[,]" *id.* at 10, and (4) "whether factor six can favor retaining jurisdiction where the only rights at stake are state-law rights." *Id.* at 13.

At their core, the questions posed by the State "argue[] the merits—that the . . . court has misapplied the law" of *Colorado River* abstention. *In re Garmong*, 2020 WL 109812, at *2 (D. Nev. Jan. 8, 2020). *See United States v. Soong*, 2014 WL 988632, at *1 (N.D. Cal. Mar. 10, 2014) (finding plaintiffs "ha[d] failed to establish that they [we]re seeking to appeal an order involving a question of law[]" because they "[were] simply arguing that the [c]ourt misapplied the existing law to the facts at hand[]"). They will

6

require the Second Circuit to review the record to make those determinations. Accordingly, this is not a case in which the intervenor raises a pure question of law.

### 2. Whether There Is Substantial Ground for Difference of Opinion.

Certification for appeal also requires "substantial ground for difference of opinion[.]" 28 U.S.C. § 1292(b). The State argues the court's prior decision "appears to be at odds with Second Circuit caselaw" and "applie[s] the *Colorado River* factors in a novel way." (Doc. 134 at 9.) The State thus "assert[s] no more than a disagreement with the . . . court's resolution of its motion to abstain[.]" *Chambers v. First United Bank & Trust Co.*, 2008 WL 5141264, at *2 (E.D. Tex. Dec. 5, 2008). This is "insufficient to 'demonstrate a substantial disagreement.'" *Id.* (quoting *Dupree v. Kaye*, 2008 WL 294532, at *8 (N.D. Tex. Feb. 4, 2008)); *see also In re Garmong*, 2020 WL 109812, at *3 ("[M]ere disagreement with a lower court's decision or another party's legal interpretation does not constitute a 'difference of opinion' under 28 U.S.C. §[] . . . 1292(b).").

### 3. Whether an Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation.

A Section 1292(b) certification is only appropriate if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "A certification pursuant to Section 1292(b) is to be used only in extraordinary cases where a decision might avoid protracted and expensive litigation and should not be used merely to provide review of difficult rulings in hard cases." *Pedersen*, 2013 WL 12347194, at *4 (internal quotation marks omitted) (quoting *McCann v. Commc'ns Design Corp.*, 775 F. Supp. 1506, 1534 (D. Conn. 1991)).

Ordinarily, a stay pursuant to *Colorado River* is "'conclusive' because [it is] the practical equivalent of an order dismissing the case." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713 (1996) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)). Here, a non-party has sought a stay without the parties' consent so that it may pursue its own litigation in state court without the distraction of two federal court cases although it is willing to tolerate one of them. The granting or denial of a stay

would not terminate the litigation. It would only shift some of the litigation to state court. If Plaintiffs were unsatisfied with the recovery there, they could presumably resume litigation here.

Because the State fails to identify "a controlling question of law as to which there is substantial ground for difference of opinion[,]" 28 U.S.C. § 1292(b), and because it would not materially advance the ultimate termination of the litigation, certification under Section 1292(b) to take an interlocutory appeal is not warranted.

## CONCLUSION

For the reasons stated above, the court DENIES the State's motion to certify interlocutory appeal. (Doc. 130.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 3rd day of January, 2025.

Christina Reiss, Chief Judge
United States District Court